Receipt # S16624

10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIA LOTOCZKY

    Plaintiff,

04-74365

-v-

Case No. 04-          CK
Honorable

CONNECTED VENTURES, LLC,
a California corporation,

JOHN CORBETT O'MEARA

    Defendant.

_____

MAGISTRATE JUDGE R. STEVEN WHALEN

SAKIS & SAKIS, PLC
Attorneys for Plaintiff
By:   **Raymond S. Sakis**   (P19843)
        **Dennis J. Grifka**   (P23048)
        **Jason R. Sakis**   (P59525)
Suite 123
3250 West Big Beaver Road
Troy, Michigan 48084
248.649.1160

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THIS COMPLAINT.

**FILED**

NOV - 9 2004

CLERK'S OFFICE DETROIT PSC
U.S. DISTRICT COURT

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the plaintiff, Maria Lotoczky, through her attorneys, Sakis & Sakis, PLC, and for her complaint against the defendant organization, Connected Ventures LLC, states as follows:

### Parties / Jurisdiction / Venue

1.    This lawsuit concerns the defendant organization's invasion of the plaintiff's privacy and the defendant organization's intentional infliction of emotional distress upon her.

2.    The plaintiff, Maria Lotoczky, resides in the City of Waterford, County of Oakland, State of Michigan.

3. Upon information and belief, the defendant organization, Connected Ventures, LLC, was organized under the laws of the State of California, with its principle place of business located at 1568 Oliver Avenue, Suite A, San Diego, California, 92109.

4. The defendant, Connected Ventures, LLC, is engaged in the business of hosting and managing an internet website which is known as CollegeHumor.com.

5. This internet website attracts more than 5 million visitors people worldwide, and displays 100 million pages on its website, each month.

6. The defendant organization derives a substantial profit from various organizations which pay for advertising space on the aforementioned website to advertise their products.

7. This Honorable Court has jurisdiction over the subject matter in dispute because the litigants are of diverse citizenship and jurisdiction is thus proper pursuant to 28 U.S.C. §1332. Furthermore, subject matter jurisdiction is proper because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest, costs, and attorney fees.

8. Venue is appropriate in this Honorable Court inasmuch as the defendant organization harmed and injured the plaintiff within this Honorable Court's jurisdiction, and also because the this is the federal jurisdiction where a substantial part of the events giving rise to the claim occurred. Namely, the plaintiff's privacy was invaded within this jurisdiction and she was also subjected to intentional infliction of emotional distress in this federal district.

9. General personal jurisdiction is proper within this instance because the defendant carries on continuous and systematic business within this federal district by virtue of reaching out to businesses of this state to secure advertising for its website.

10. Limited personal jurisdiction is also proper in this instance because the defendant caused the plaintiff's privacy to be invaded within this jurisdiction and because the plaintiff was subjected to intentional infliction of emotional distress in this jurisdiction.

## General Allegations

11. Plaintiff incorporates paragraphs 1-10 as though fully set forth herein.

12. The internet website, CollegeHumor.com, owned and operated by the defendant, Connected Ventures, LLC, sells advertising space to advertisers around the world.

13. The advertisers pay the defendant organization a fee to place their advertisements on the aforementioned website, which is targeted for the 18-23 age group.

14. Plaintiff, Maria Lotoczky, was employed by GMAC when she received e-mails linked to the website known as CollegeHumor.com. Likewise, other employees of the company apparently received the same type of email, which was subsequent learned by the plaintiff.

15. This link was sent to her company e-mail address, which is monitored for content by supervisory personnel of GMAC.

16. On or about January 14, 2004, supervisory personnel for GMAC approached the plaintiff and asked her not to use the company e-mail system for personal use.

17. Plaintiff was unaware of the origination of the e-mail messages and had not been using the company email system for personal use.

18. The link contained in the emails were connected to the CollegeHumor.com website and directed the viewer to an intimate photograph of the plaintiff, Maria Lotoczky, with a fabricated caption below the photograph.

19. Upon seeing the photograph of herself on the website, the plaintiff discovered that a computer disk containing her private photographs had been unlawfully taken from her home.

20. At no time did the plaintiff provide the defendant, or anyone else with permission for her private and intimate image to be displayed or dispersed in any manner.

21. At no time did the defendant contact the plaintiff for permission for her likeness to be displayed on the internet website.

22. Due to the posting of the plaintiff's personal photograph on the website, the plaintiff was constructively discharged from her position at GMAC.

23. The embarrassment and humiliation the plaintiff suffered from her colleagues' and supervisors' observance of the photograph caused the work environment at GMAC to be intolerable to the plaintiff.

24. The defendant's actions were committed with reckless indifference to the privacy rights of the plaintiff, Maria Lotoczky.

25. As a result of the defendant's reckless failure to receive permission to display and disperse the plaintiff's personal image/photograph over the internet, the plaintiff, Maria Lotoczky, has sustained significant lost wages, severe emotional pain and suffering, shame, humiliation, damage to her reputation amongst professional colleagues and her community, costs, attorney fees, punitive damages, and all other damages available.

### Count I
### Invasion / Intrusion of Privacy

26. Plaintiff incorporates paragraphs 1-25 of her Complaint by reference, as though they were fully stated herein.

27. Plaintiff, Maria Lotoczky, had a right to privacy in connection with her personal and intimate photographs.

28. Notwithstanding the plaintiff's right to privacy, her personal photographs were stolen from her residence and, without her knowledge and/or permission, were placed on the defendant's website accompanying advertisements for which the defendant derived a profit.

29 The invasion of the plaintiff's privacy by the publication of her private photographs on the website was extremely objectionable and injurious to the plaintiff.

30. The publication of the plaintiff's photograph on the defendant's website without her knowledge and permission caused her extreme mental suffering, pain, and humiliation.

31. As a result of the defendant's reckless failure to receive permission to display and disperse the plaintiff's personal image/photograph over the internet, the plaintiff, Maria Lotoczky, has sustained significant lost wages, severe emotional pain and suffering, shame, humiliation, damage to her reputation amongst professional colleagues and her community, costs, attorney fees, punitive damages, and all other damages available.

## Count II
### Invasion of Privacy / Appropriation

32. Plaintiff incorporates paragraphs 1-31 of her Complaint by reference, as though they were fully stated herein.

33. By using the plaintiff's photographs in connection with other paid advertisements to secure the viewer's attention, the defendant secured a pecuniary benefit.

34. The intimate photograph published on the defendant's internet website was that of the plaintiff, which displayed the plaintiff's first name for identification below the photograph.

35. By using the plaintiff's intimate photograph in connection with other advertisements, thereby bringing more attention to said advertisements, the defendant gained pecuniary benefit.

36. The aforementioned publication of the plaintiff's photograph by the defendant has invaded the plaintiff's privileges and protection of her personal feelings, and caused her substantial loss of earnings along with mental and physical injury.

37. As a result of the defendant's reckless failure to receive permission to display and disperse the plaintiff's personal image/photograph over the internet, the plaintiff, Maria Lotoczky, has sustained significant lost wages, severe emotional pain and suffering, shame, humiliation, damage to her reputation amongst professional colleagues and her community, costs, attorney fees, punitive damages, and all other damages available.

## Count III
### Invasion of Privacy / Publication

38. Plaintiff incorporates paragraphs 1-37 of her Complaint by reference, as though they were fully stated herein.

39. The defendant organization knew, or should have known, that by publishing the intimate photographs of the plaintiff concerning her private life on its internet website without her knowledge or permission, such publication would be highly offensive and damaging to the plaintiff.

40. The defendant organization's publication of the plaintiff's intimate photographs concerning her private life, without her knowledge or permission, was not a legitimate concern to the general public.

41. The aforementioned publication of the plaintiff's intimate photographs without her knowledge or permission created unnecessary publicity, and was an unreasonable and serious interference with the plaintiff's interest in not having her affairs known to others.

42. Defendant's publication of the plaintiff's intimate images concerning her private life, without her knowledge or permission, by virtue of placing said photographs on its internet website, exposed the plaintiff to hundreds of thousands of viewers, thereby providing a widespread communication of said photographs to the general public as opposed to a limited group.

43. As a consequence of the defendant's publication of the plaintiff's intimate images, the plaintiff has suffered monetary loss, embarrassment, humiliation, and emotional distress.

44. As a result of the defendant's reckless failure to receive permission to display and disperse the plaintiff's personal image/photograph over the internet, the plaintiff, Maria Lotoczky, has sustained significant lost wages, severe emotional pain and suffering, shame, humiliation, damage to her reputation amongst professional colleagues and her community, costs, attorney fees, punitive damages, and all other damages available.

## Count IV
### Invasion of Privacy; False Light

45. Plaintiff incorporates paragraphs 1-44 of her Complaint by reference, as though they were fully stated herein.

46. Defendant's publication of the plaintiff's intimate image concerning her private life on its website, without her knowledge or permission, thereby exposing the plaintiff's photograph to hundreds of thousands of viewers, caused the plaintiff significant publicity.

47. Defendant's publication of the plaintiff's intimate photographs on its website placed the plaintiff in a false light, in the public eye by portraying her as an immoral person.

48. As a result, plaintiff has sustained monetary loss, humiliation, and severe mental pain.

49. As a result of the defendant's reckless failure to receive permission to display and disperse the plaintiff's personal image/photograph over the internet, the plaintiff, Maria Lotoczky, has sustained significant lost wages, severe emotional pain and suffering, shame, humiliation, damage to her reputation amongst professional colleagues and her community, costs, attorney fees, punitive damages, and all other damages available.

## Count V
### Intentional Infliction of Emotional Distress

50. Plaintiff incorporates paragraphs 1-49 of her Complaint by reference, as though they were fully stated herein.

51. Defendant's publication of the plaintiff's intimate, private, photographs, without her knowledge or permission, constituted extreme and outrageous conduct.

52. Defendant's publication of the plaintiff's intimate, private, photographs on its website, without her knowledge or permission, was done intentionally or in outright, wanton, reckless disregard of the plaintiff's rights to privacy.

53. Defendant's publication of the plaintiff's intimate, private, images, without her knowledge or permission was prominently displayed on an e-mail message system which was transmitted to her supervisors and co-workers at GMAC.

54. Employees of the plaintiff's employer, including the plaintiff were advised by the management of GMAC not to use the e-mail system for anything but work purposes.

55. That, contrary to the company guidelines and rules, the private image was placed on the company email system.

56. As a result, numerous employees and management viewed the picture.

57. Due to the posting and viewing of the plaintiff's photograph, she was constructively discharged by her former employer, GMAC.

58. The placement of the intimate and private photograph on its website, without her knowledge and permission, was the proximate cause of the plaintiff's constructive discharge.

59. As a result Plaintiff has sustained monetary loss, humiliation, and severe mental pain.

WHEREFORE, the plaintiff, Maria Lotoczky, respectfully requests that the plaintiff be awarded compensation in an amount in excess of Seventy-Five Thousand Dollars ($75,000), exclusive of interest, costs, and attorney fees, for her past, present, and future non-pecuniary losses resulting from the defendant organization's conduct, back pay and other lost wages and benefits lost, punitive damages for the defendant's malicious and/or reckless conduct, costs, attorney fees, and other relief as is reasonably necessary to compensate the plaintiff for the invasion of her privacy and the intentional infliction of emotional distress upon her, all in amounts to be determined at trial.

**Demand is hereby made for a trial by jury.**

SAKIS & SAKIS, PLC
Attorneys for Plaintiff

DATED:      November 2, 2004          By: _____
                                          Jason R. Sakis (P59525)

*O'meara / RSW*
*74365*

| JS 44 11/99 | **CIVIL COVER SHEET** | COUNTY IN WHICH THIS ACTION AROSE: Oakland |

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

### I. (a) PLAINTIFFS
Maria Lotoczky

### DEFENDANTS
Connected Ventures, LLC
1568 Oliver Avenue, Ste. A
San Diego, California 92109

**04-74365**

(b) County of Residence of First Listed: Oakland - MI
County of Residence of First Listed: San Diego - CA

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

(c) Attorney's (Firm Name, Address, and Telephone Number):
Jason R. Sakis (P59525) / Sakis & Sakis, PLC
3250 West Big Beaver Rd., Ste. 123
Troy, Michigan 48084 - 248.649.1160

Attorneys (If Known): JOHN CORBETT O'MEARA
Unknown

MAGISTRATE JUDGE R. STEVEN WHALEN

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PLA | DEF | | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated and Principal of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT (Place an "X" In One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21: 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injry - Product Liability | | | ☐ 450 Commerce/ICC |
| ☐ 150 Recovery of Overpayment and Enforcement of Judgment | ☐ 320 Assault Libel And Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| | | | ☐ 640 R.R. & Truck | | ☐ 470 Racketeer Influenced & Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | [X] 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 (specify) Transferred from another district
- [ ] 6 Multi district Litigation
- [ ] 7 Appeal to District Judge from Magistrate

### VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
diversity of citizenship / 28 U.S.C. 1332

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
$ DEMAND
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

### VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD
*/s/ Jason Sakis*

## PURSUANT TO LOCAL RULE 83.11

1.     Is this a case that has been previously dismissed?    ☐ Yes   ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2.     Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)    ☐ Yes   ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes: