**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARIA LOTOCZKY,

        Plaintiff,                           Hon. John Corbett O'Meara

v.                                                Case No. 04-74365

                                                         Magistrate Judge R. Steven Whalen

CONNECTED VENTURES, LLC,

        **Defendant**.

| SAKIS & SAKIS, PLC<br>By: Jason R. Sakis (P59525)<br>3250 West Big Beaver Rd., Ste. 123<br>Troy, Michigan 48084<br>(248) 649-1160<br><br>Attorneys for Plaintiff | |
|---|---|
| KUBER LAW GROUP, P.C.<br>By: Douglas A. Kuber<br>575 Madison Avenue, 10th Floor<br>New York, New York 10022<br>(212) 813-2680<br><br>Attorneys for Defendant | DRAPER & RUBIN, P.L.C.<br>By: David Draper (P43750)<br>18580 Mack Avenue<br>Grosse Pointe Farms, Michigan 48236<br>(313) 885-6800<br><br>Co-Counsel for Defendant |

**ANSWER TO COMPLAINT**

      Now comes the Defendant, by and through its attorneys, and for its answer to the Complaint, states as follows:

**Parties/Jurisdiction/Venue**

1.      In response to Paragraph 1 of the Complaint, Defendant denies each and every allegation set forth therein.

2.      In response to Paragraph 2 of the Complaint, Defendant neither admits nor

    denies the allegations set forth therein on the basis that it lacks sufficient information to form a belief with respect thereto, and leaves Plaintiff to her strict proofs thereof.

3.  In response to Paragraph 3 of the Complaint, Defendant alleges that it is incorporated in the State of Maryland and that its principal place of business is in New York, New York, Except as expressly alleged herein, Defendant denies each and every allegation set forth in Paragraph 3 of the Complaint .

4.  In response to Paragraph 4 of the Complaint, Defendant admits that it, <u>inter alia</u>, owns and operates the website CollegeHumor.com. Except as expressly admitted herein, Defendant denies each and every allegation set forth in Paragraph 4 of the Complaint.

5.  In response to Paragraph 5 of the Complaint, Defendant admits that the CollegeHumor.com website <u>currently</u> reaches over 5 million unique readers every month, and displays over 100 million monthly page views. However, Defendant denies that such was true as of the time of the events alleged in the Complaint. Except as expressly admitted or denied herein, Defendant denies each and every allegation set forth in Paragraph 5 of the Complaint.

6.  In response to Paragraph 6 of the Complaint, Defendant admits that it derives revenue from, <u>inter alia</u>, selling advertising on the CollegeHumor.com website. Except as expressly admitted herein, Defendant denies each and every allegation set forth in Paragraph 6 of the Complaint.

7.  In response to Paragraph 7 of the Complaint, Defendant will not contest the jurisdiction of this Court for the purposes of this action only. Except as

      expressly set forth herein, Defendant neither admits nor denies the allegations set forth therein on the basis that it lacks sufficient information to form a belief with respect thereto, and leaves Plaintiff to her strict proofs thereof.

8. In response to Paragraph 8 of the Complaint, Defendant will not contest the propriety of the venue chosen by the Plaintiff. Except as expressly set forth herein, Defendant denies each and every allegation set forth in Paragraph 8 of the Complaint.

9. In response to Paragraph 9 of the Complaint, Defendant will not contest the jurisdiction of this Court for the purposes of this action only. Except as expressly set forth herein, Defendant denies each and every allegation set forth in Paragraph 9 of the Complaint.

10. In response to Paragraph 10 of the Complaint, Defendant will not contest the jurisdiction of this Court for the purposes of this action only. Except as expressly set forth herein, Defendant denies each and every allegation set forth in Paragraph 10 of the Complaint.

## General Allegations

11. The Defendant re-alleges and re-affirms its answers to Paragraphs 1 through 10, above, as if fully set forth herein, word-by-word and paragraph-by-paragraph.

12. In response to Paragraph 12 of the Complaint, Defendant admits the allegations set forth therein.

13. In response to Paragraph 13 of the Complaint, Defendant admits that it receives revenue from advertisers for advertisements placed on the

CollegeHumor.com website, and further admits that certain of its users are within the 18-24 age demographic. Except as expressly set forth herein, Defendant denies each and every allegation set forth in Paragraph 13 of the Complaint.

14. In response to Paragraph 14 of the Complaint, Defendant neither admits nor denies the allegations set forth therein on the basis that it lacks sufficient information to form a belief with respect thereto, and leaves Plaintiff to her strict proofs thereof.

15. In response to Paragraph 15 of the Complaint, Defendant neither admits nor denies the allegations set forth therein on the basis that it lacks sufficient information to form a belief with respect thereto, and leaves Plaintiff to her strict proofs thereof.

16. In response to Paragraph 16 of the Complaint, Defendant neither admits nor denies the allegations set forth therein on the basis that it lacks sufficient information to form a belief with respect thereto, and leaves Plaintiff to her strict proofs thereof.

17. In response to Paragraph 17 of the Complaint, Defendant neither admits nor denies the allegations set forth therein on the basis that it lacks sufficient information to form a belief with respect thereto, and leaves Plaintiff to her strict proofs thereof.

18. In response to Paragraph 18 of the Complaint, Defendant denies that a "fabricated" caption appeared below the alleged photograph. In addition, except as expressly denied herein, Defendant neither admits nor denies the

allegations set forth in Paragraph 18 of the Complaint on the basis that it lacks sufficient information to form a belief with respect thereto, and leaves Plaintiff to her strict proofs thereof.

19. In response to Paragraph 19 of the Complaint, Defendant neither admits nor denies the allegations set forth therein on the basis that it lacks sufficient information to form a belief with respect thereto, and leaves Plaintiff to her strict proofs thereof.

20. In response to Paragraph 20 of the Complaint, Defendant alleges that the Plaintiff, or someone purporting to be the Plaintiff, authorized Defendant to place a photograph on the CollegeHumor.com website.  Except as expressly alleged herein, Defendant neither admits nor denies the allegations set forth in Paragraph 20 of the Complaint on the basis that it lacks sufficient information to form a belief with respect thereto, and leaves Plaintiff to her strict proofs thereof.

21. In response to Paragraph 21 of the Complaint, Defendant admits the allegation set forth therein.

22. In response to Paragraph 22 of the Complaint, Defendant denies each and every allegation set forth therein.

23. In response to Paragraph 23 of the Complaint, Defendant neither admits nor denies the allegations set forth therein on the basis that it lacks sufficient information to form a belief with respect thereto, and leaves Plaintiff to her strict proofs thereof.

24. In response to Paragraph 24 of the Complaint, Defendant denies each and

every allegation set forth therein.

25. In response to Paragraph 25 of the Complaint, Defendant denies each and every allegation set forth therein.

WHEREFORE, Defendant respectfully asks this Honorable Court to Enter a Judgment of no cause in favor of the Defendant, deny the relief requested, and award costs and attorney's fees so wrongfully sustained.

### Count I
### Invasion / Intrusion of Privacy

26. The Defendant re-alleges and re-affirms its answers to Paragraphs 1 through 25, above, as if fully set forth herein, word-by-word and paragraph-by-paragraph.

27. In response to Paragraph 27 of the Complaint, Defendant neither admits nor denies the allegations set forth therein on the basis that it lacks sufficient information to form a belief with respect thereto, and leaves Plaintiff to her strict proofs thereof.

28. In response to Paragraph 28 of the Complaint, Defendant alleges that it received authorization to post a photograph by the Plaintiff, or someone purporting to be Plaintiff. In addition, except as expressly alleged herein, Defendant neither admits nor denies the allegations set forth in Paragraph 28 of the Complaint on the basis that it lacks sufficient information to form a belief with respect thereto, and leaves Plaintiff to her strict proofs thereof.

29. In response to Paragraph 29 of the Complaint, Defendant denies that it invaded Plaintiff's privacy in any manner whatsoever. In addition, except as expressly denied herein, Defendant neither admits nor denies the allegations

set forth in Paragraph 29 of the Complaint on the basis that it lacks sufficient information to form a belief with respect thereto, and leaves Plaintiff to her strict proofs thereof.

30. In response to Paragraph 30 of the Complaint, Defendant denies each and every allegation set forth therein.

31. In response to Paragraph 31 of the Complaint, Defendant denies each and every allegation set forth therein.

WHEREFORE, Defendant respectfully asks this Honorable Court to Enter a Judgment of no cause in favor of the Defendant, deny the relief requested, and award costs and attorney's fees so wrongfully sustained.

### Count II
### Invasion of Privacy / Appropriation

32. The Defendant re-alleges and re-affirms its answers to Paragraphs 1 through 31, above, as if fully set forth herein, word-by-word and paragraph-by-paragraph.

33. In response to Paragraph 33 of the Complaint, Defendant denies that it was "using" a photograph "in connection with other paid advertisements." In addition, except as expressly denied herein, Defendant neither admits nor denies the allegations set forth in Paragraph 33 of the Complaint on the basis that it lacks sufficient information to form a belief with respect thereto, and leaves Plaintiff to her strict proofs thereof.

34. In response to Paragraph 34 of the Complaint, Defendant neither admits nor denies the allegations set forth therein on the basis that it lacks sufficient information to form a belief with respect thereto, and leaves Plaintiff to her

strict proofs thereof.

35. In response to Paragraph 35 of the Complaint, Defendant denies that it was "using" a photograph "in connection with other advertisements." In addition, except as expressly denied herein, Defendant neither admits nor denies the allegations set forth in Paragraph 35 of the Complaint on the basis that it lacks sufficient information to form a belief with respect thereto, and leaves Plaintiff to her strict proofs thereof.

36. In response to Paragraph 36 of the Complaint, Defendant denies each and every allegation set forth therein.

37. In response to Paragraph 37 of the Complaint, Defendant denies each and every allegation set forth therein.

WHEREFORE, Defendant respectfully asks this Honorable Court to Enter a Judgment of no cause in favor of the Defendant, deny the relief requested, and award costs and attorney's fees so wrongfully sustained.

## Count III
## Invasion of Privacy / Publication

38. The Defendant re-alleges and re-affirms its answers to Paragraphs 1 through 37, above, as if fully set forth herein, word-by-word and paragraph-by-paragraph.

39. In response to Paragraph 39 of the Complaint, Defendant alleges that it received authorization to post a photograph by the Plaintiff, or someone purporting to be Plaintiff. In addition, except as expressly alleged herein, Defendant denies each and every allegation set forth in Paragraph 39 of the Complaint.

40. In response to Paragraph 40 of the Complaint, Defendant alleges that it received authorization to post a photograph by the Plaintiff, or someone purporting to be Plaintiff. In addition, except as expressly alleged herein, Defendant neither admits nor denies the allegations set forth in Paragraph 40 of the Complaint on the basis that it lacks sufficient information to form a belief with respect thereto, and leaves Plaintiff to her strict proofs thereof.

41. In response to Paragraph 41 of the Complaint, Defendant alleges that it received authorization to post a photograph by the Plaintiff, or someone purporting to be Plaintiff. In addition, except as expressly alleged herein, Defendant denies each and every allegation set forth in Paragraph 41 of the Complaint.

42. In response to Paragraph 42 of the Complaint, Defendant denies that Plaintiff was "exposed . . . to hundreds of thousands of viewers;" and alleges that it received authorization to post a photograph by the Plaintiff, or someone purporting to be Plaintiff. In addition, except as expressly denied or alleged herein, Defendant neither admits nor denies the allegations set forth in Paragraph 42 of the Complaint on the basis that it lacks sufficient information to form a belief with respect thereto, and leaves Plaintiff to her strict proofs thereof.

43. In response to Paragraph 43 of the Complaint, Defendant denies each and every allegation set forth therein.

44. In response to Paragraph 44 of the Complaint, Defendant denies each and every allegation set forth therein.

WHEREFORE, Defendant respectfully asks this Honorable Court to Enter a Judgment of no cause in favor of the Defendant, deny the relief requested, and award costs and attorney's fees so wrongfully sustained.

**Count IV**
**Invasion of Privacy / False Light**

45. The Defendant re-alleges and re-affirms its answers to Paragraphs 1 through 44, above, as if fully set forth herein, word-by-word and paragraph-by-paragraph.

46. In response to Paragraph 46 of the Complaint, Defendant alleges that it received authorization to post a photograph by the Plaintiff, or someone purporting to be Plaintiff. In addition, except as expressly alleged herein, Defendant denies each and every allegation set forth in Paragraph 46 of the Complaint.

47. In response to Paragraph 47 of the Complaint, Defendant alleges that it received authorization to post a photograph by the Plaintiff, or someone purporting to be Plaintiff. In addition, except as expressly alleged herein, Defendant neither admits nor denies the allegations set forth in Paragraph 46 of the Complaint on the basis that it lacks sufficient information to form a belief with respect thereto, and leaves Plaintiff to her strict proofs thereof.

48. In response to Paragraph 48 of the Complaint, Defendant denies each and every allegation set forth therein.

49. In response to Paragraph 49 of the Complaint, Defendant denies each and every allegation set forth therein.

WHEREFORE, Defendant respectfully asks this Honorable Court to Enter a

Judgment of no cause in favor of the Defendant, deny the relief requested, and award costs and attorney's fees so wrongfully sustained.

### Count V
### Intentional Infliction of Emotional Distress

50. The Defendant re-alleges and re-affirms its answers to Paragraphs 1 through 49, above, as if fully set forth herein, word-by-word and paragraph-by-paragraph.

51. In response to Paragraph 51 of the Complaint, Defendant alleges that it received authorization to post a photograph by the Plaintiff, or someone purporting to be Plaintiff. In addition, except as expressly alleged herein, Defendant denies each and every allegation set forth in Paragraph 51 of the Complaint.

52. In response to Paragraph 52 of the Complaint, Defendant alleges that it received authorization to post a photograph by the Plaintiff, or someone purporting to be Plaintiff. In addition, except as expressly alleged herein, Defendant denies each and every allegation set forth in Paragraph 52 of the Complaint.

53. In response to Paragraph 53 of the Complaint, Defendant alleges that it received authorization to post a photograph by the Plaintiff, or someone purporting to be Plaintiff. In addition, except as expressly alleged herein, Defendant denies each and every allegation set forth in Paragraph 53 of the Complaint.

54. In response to Paragraph 54 of the Complaint, Defendant neither admits nor denies the allegations set forth therein on the basis that it lacks sufficient

information to form a belief with respect thereto, and leaves Plaintiff to her strict proofs thereof.

55. In response to Paragraph 55 of the Complaint, Defendant alleges that the word "company" is vague and ambiguous. Assuming that Plaintiff intended the word "company" to mean GMAC, Defendant responds that it can neither admit nor deny the allegations set forth therein on the basis that it lacks sufficient information to form a belief with respect thereto, and leaves Plaintiff to her strict proofs thereof.

56. In response to Paragraph 56 of the Complaint, Defendant alleges that the phrase "[a]s a result" is vague, ambiguous and unintelligible and, accordingly, Defendant cannot adequately respond thereto and, on that basis, denies the allegations. Ignoring that phrase, Defendant neither admits nor denies the allegations set forth in Paragraph 56 of the Complaint on the basis that it lacks sufficient information to form a belief with respect thereto, and leaves Plaintiff to her strict proofs thereof.

57. In response to Paragraph 57 of the Complaint, Defendant denies each and every allegation set forth therein.

58. In response to Paragraph 58 of the Complaint, Defendant alleges that it received authorization to post a photograph by the Plaintiff, or someone purporting to be Plaintiff. In addition, except as expressly alleged herein, Defendant denies each and every allegation set forth in Paragraph 58 of the Complaint.

59. In response to Paragraph 59 of the Complaint, Defendant denies each and

every allegation set forth therein.

WHEREFORE, Defendant respectfully asks this Honorable Court to Enter a Judgment of no cause in favor of the Defendant, deny the relief requested, and award costs and attorney's fees so wrongfully sustained.

Respectfully Submitted,

*KUBER LAW GROUP, P.C.*

**/s** Douglas A. Kuber
Douglas A. Kuber (TBA)
575 Madison Avenue, 10th Floor
New York, New York 10022
(212) 813-2680
**Attorneys for Defendant**

*DRAPER & RUBIN, P.L.C.*

**/s** David Draper
David Draper (TBA)
29800 Telegraph Road
Southfield, MI 48034
(248) 358-9400
**Co-Counsel for Defendant**

Dated: March 17, 2005

## **AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Defendant is entitled to statutory immunity from Plaintiff's claims under 47 U.S.C. §230(c).

3. The damages alleged by Plaintiff were caused, if at all, by the independent acts of one or more third parties, and not by Defendant.

4. Plaintiff failed to act reasonably in safeguarding the alleged photograph.

5. Plaintiff voluntarily permitted the alleged photograph to be taken.

6. Defendant, at all times, acted reasonably.

7. Plaintiff failed to mitigate her damages, if any.

8. Plaintiff's claims are barred, in whole or in part, by her own intentional or negligent acts, or those by persons other than Defendant.

9. Plaintiff's claims are barred by the doctrine of laches.

10. Plaintiff's claims are barred by the doctrine of estoppel.

11. Plaintiff's claims are barred by the doctrine of waiver.

12.     Defendant hereby reserves the right to add further and other affirmative defenses as same become known through the course of discovery.

*KUBER LAW GROUP, P.C.*

**/s** Douglas A. Kuber_____
Douglas A. Kuber (TBA)
575 Madison Avenue, 10th Floor
New York, New York 10022
(212) 813-2680
**Attorneys for Defendant**

*DRAPER & RUBIN, P.L.C.*

**/s** David Draper_____
David Draper (TBA)
29800 Telegraph Road
Southfield, MI 48034
(248) 358-9400
**Co-Counsel for Defendant**

Dated: March 17, 2005

15

## JURY DEMAND

Now comes the Defendant, by and through its attorneys, and demands trial by jury on each and every claim and count asserted by the Plaintiff for which the right or privilege of a jury trial is available under applicable state or federal law.

Respectfully Submitted,

*KUBER LAW GROUP, P.C.*

**/s** Douglas A. Kuber_____
Douglas A. Kuber (TBA)
575 Madison Avenue, 10th Floor
New York, New York 10022
(212) 813-2680
**Attorneys for Defendant**

*DRAPER & RUBIN, P.L.C.*

**/s** David Draper_____
David Draper (TBA)
29800 Telegraph Road
Southfield, MI 48034
(248) 358-9400
**Co-Counsel for Defendant**

Dated: March 17, 2005

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 17th Day of March, 2005, he did cause to be served a copy of the this document on counsel of record by United States Mail, postage fully paid.

/s Douglas A. Kuber_____
Attorney for Defendant

March 17, 2005