UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIA LOTOCZKY,

      Plaintiff,

v.

CONNECTED VENTURES, LLC,

      Defendant.

Hon. John Corbett O'Meara
Case No. 04-74365
Magistrate Judge R. Steven Whalen

| SAKIS & SAKIS, PLC<br>By: Jason R. Sakis (P59525)<br>3250 West Big Beaver Rd., Ste. 123<br>Troy, Michigan 48084<br>(248) 649-1160<br><br>Attorneys for Plaintiff | |
|---|---|
| KUBER LAW GROUP, P.C.<br>By: Douglas A. Kuber<br>575 Madison Avenue, 10th Floor<br>New York, New York 10022<br>(212) 813-2680<br><br>Attorneys for Defendant | DRAPER & RUBIN, P.L.C.<br>By: David Draper (P43750)<br>18580 Mack Avenue<br>Grosse Pointe Farms, Michigan 48236<br>(313) 885-6800<br><br>Co-Counsel for Defendant |

### DEFENDANT'S OPPOSITION TO THE MOTION BY PLAINTIFF'S COUNSEL, SAKIS & SAKIS, PLC, TO WITHDRAW FROM ITS REPRESENTATION OF PLAINTIFF

Defendant, Connected Ventures, LLC, hereby submits its opposition to the motion filed by plaintiff's counsel entitled "Plaintiff Counsel's Motion To Withdraw From Representation" (hereinafter, the "Motion").

1

## ISSUES PRESENTED

- Did Sakis & Sakis, PLC, fail to comply with Rules 7.1(c)(1)(A) and 7.1(c)(2) of this Courts Local Rules?

- Does the Motion contain any admissible evidence?

- Even assuming, <u>arguendo</u>, that the Motion contains admissible evidence, is that evidence sufficient to justify granting the Motion?

- Should Sakis & Sakis, PLC, be allowed to withdraw as plaintiff's counsel when it has not established that plaintiff even received the Motion, or that it has satisfied its obligation to explain to plaintiff the legal significance of the Motion?

- Should Sakis & Sakis, PLC, be required to continue as counsel until such time as defendant's motions for sanctions be heard, to ensure that Sakis & Sakis, PLC, will be held accountable for its improper actions in this proceeding?

- Should Sakis & Sakis, PLC, be required to provide additional contact information for the plaintiff?

## AUTHORITY FOR DENYING THE MOTION

- Rules 7.1(c)(1)(A) and 7.1(c)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan.

- Rule 11.1 of the Local Rules of the United States District Court for the Eastern District of Michigan.

- Rules 801(c) and 802 of the Federal Rules of Evidence.

- Rules 1.4 and 1.16 of the Michigan Rules of Professional Conduct.

- Rules 11 and 37 of the Federal Rules of Civil Procedure.

# BRIEF IN SUPPORT OF DEFENDANT'S OPPOSITION TO THE MOTION BY PLAINTIFF'S COUNSEL, SAKIS & SAKIS, PLC, TO WITHDRAW FROM ITS REPRESENTATION OF PLAINTIFF

## PRELIMINARY STATEMENT

The Motion should be denied for several reasons. First, the movant, Sakis & Sakis, PLC (the "Sakis Firm") has knowingly and intentional failed to comply with several of the Local Rules of this Court with respect to this Motion. Second, the Motion fails to present <u>any</u> admissible evidence whatsoever in support of the Motion. Third, even assuming the statements and letters were admissible, they still fail to establish the sole basis for the Sakis Firm's Motion, and fail to comply with the standard set forth in the Michigan Rules of Professional Conduct. Fourth, the Sakis Firm should not be permitted to withdraw from this action because it has knowingly and repeatedly violated the Rules of this Court, and must remain subject to this Court's jurisdiction to permit defendant to present and obtain rulings on motions against the Sakis Firm for discovery abuse under Rule 37 of the Federal Rules of Civil Procedure and for filing a frivolous complaint under Rule 11. Finally, the Sakis Firm has not provided sufficient contact information for the plaintiff whom, if the Sakis Firm were allowed to withdraw, would then be entirely unrepresented by counsel.

## ARGUMENT

### I.

### THE SAKIS FIRM KNOWINGLY VIOLATED THE LOCAL RULES

Upon receiving the Motion, counsel for the defendant, Douglas Kuber, promptly faxed a letter to Jason Sakis, on June 9, 2005, advising that the Motion violated several of Local Rules of the United States District Court for the Eastern District of Michigan

4

("Local Rules").[1] In particular, the June 9th letter stated that the Motion failed to meet the prerequisite set forth in Rule 7.1(a) of the Local Rules and, in addition, failed to comply with Rules 7.1(c)(1)(A) and 7.1(c)(2) of the Local Rules. Mr. Sakis then called Mr. Kuber on June 10, 2005. (Kuber Aff., ¶3) During that conversation, Mr. Kuber again urged Mr. Sakis to comply with the requirements set forth in the Local Rules. In response, Mr. Sakis stated that he had no intention of filing the required brief or providing citations to authority, as required by the Local Rules, that he had previously filed motions in Federal Court that were not in compliance with those particular requirements, and that it was within the Court's discretion whether or not to grant the relief sought in the Motion. (Kuber Aff., ¶3)

On June 16, 2005, Mr. Kuber faxed another letter to Mr. Sakis in order to seek his compliance with this Court's Local Rules.[2] In that letter, Mr. Kuber again requested that Mr. Sakis comply with the requirements of the Local Rules. Mr. Kuber stated:

> My prior letter also directed your attention in particular to your Motion's failure to comply with Rules 7.1(c)(1)(A) and 7.1(c)(2) of the Local Rules. In our subsequent telephone call regarding that subject, you stated that you were not going to comply with those Rules, that you had previously filed motions in Federal Court that were not in compliance with those particular requirements, and that it was within the Court's discretion whether or not to grant the relief sought in your Motion.
>
> **While things certainly may work differently in Michigan, in the many Federal Courts in which I have practiced the Court takes its rules seriously, and does not tolerate a knowing failure to comply with those rules.** Thus, I again urge you to voluntarily withdraw your Motion, and to re-file it only after you have complied with the Local Rules. In all events, I will certainly seek sanctions for having to respond to a Motion which does not comply with the Court's Rules.

---

[1] A true and correct copy of the June 9, 2005, letter from Douglas Kuber to Jason Sakis is attached as Exhibit A to the Affidavit of Douglas A. Kuber ("Kuber Aff.").
[2] A true and correct copy of the June 19, 2005, letter from Douglas Kuber to Jason Sakis is attached as Exhibit B to the Kuber Aff.

5

(emphasis added)

Despite the several attempts by defendant's counsel to urge the Sakis Firm to comply with the Local Rules, it has failed to do so. (Kuber Aff., ¶5) On June 29, 2005, Jason Sakis called Mr. Kuber and stated that Mr. Sakis had telephoned the Court Clerk, and was advised that he was somehow excused from complying with this Court's Local Rules. (Kuber Aff., ¶6)

Rule 11.1 of the Local Rules expressly permits the Court to impose sanctions against a law firm that knowingly violates the Local Rules. Defendant is currently in the process of preparing a Rule 11 motion against the Sakis Firm, based on this violation, and based on the Sakis Firm's filing and maintenance of a frivolous action. (Kuber Aff., ¶9)

## II.

### THE MOTION FAILS TO PRESENT ANY ADMISSIBLE EVIDENCE

The Motion does not contain any admissible evidence whatsoever. It does not contain even an affidavit from counsel attesting to the "facts" or authenticating the documentary exhibits attached to the Motion. As such, all of it is hearsay and inadmissible. See Fed. Rules of Evidence, 801(c) and 802. Accordingly, there is no admissible evidence to support the Motion and it must be denied.[3]

## III.

### EVEN ASSUMING THAT ADMISSIBLE EVIDENCE EXISTED—WHICH IT DOES NOT—THE MOTION STILL MUST BE DENIED BECAUSE THE "EVIDENCE" IS INSUFFICIENT

Even if the statements in and letters attached to the Motion were admissible—which they are not—the Motion still must be denied because the support offered is

---

[3] While the Sakis Firm will undoubtedly argue that we are being too technical, it does not strike us as being technical to require compliance with the basic Rules of Evidence or with the Local Rules.

insufficient to allow the Sakis Firm to withdraw from its representation of plaintiff and, moreover, the Sakis Firm has not even established that plaintiff received the Motion or that it sufficiently explained the Motion to the plaintiff.

The only point the hearsay supplied by the Sakis Firm could ever establish is that the Sakis Firm sent two letters and made one telephone call to plaintiff advising her of her obligation to respond to defendant's written discovery.[4] In fact, the Sakis Firm apparently had a telephone conversation with plaintiff on that subject, wherein they discussed the discovery requests. Thus, the only claim, albeit hearsay, is that the plaintiff has not responded to two letters the Sakis Firm sent to plaintiff after the telephone discussion. The latter (Exhibit 4 to the Motion) does not even request a response from plaintiff, so it is not at all surprising that she has not responded. The hearsay included in the Motion, even were it admissible, simply does not establish the basis for the Sakis Firm's Motion—"that the attorney/client relationship has deteriorated such that the plaintiff refuses to communicate with the law firm of Sakis & Sakis." Motion, ¶1.

Rule 1.16 of the Michigan Rules of Professional Conduct sets forth the permitted bases for an optional withdrawal by counsel from representation of its client. It states, in pertinent part:

> (b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:
>
> > (1) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

---

[4] One of the letters, Exhibit 4, purports to have been sent by certified mail. The Receipt, however, does not even bear a postmark. In addition, the Motion itself was not sent to the plaintiff via certified mail which, if accompanied by a return receipt, would at least evidence whether or not plaintiff had even received the Motion.

    (2) the client has used the lawyer's services to perpetrate a crime or fraud;

    (3) the client insists upon pursuing an objective that the lawyer considers repugnant or imprudent;

    (4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

    (5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

    (6) other good cause for withdrawal exists.

(c) When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

Here, the Sakis Firm has not satisfied the requirements of the Rules of Professional Conduct. As a threshold matter, the Sakis Firm has not even attempted to show that the withdrawal it seeks "can be accomplished without material adverse effect on the interests of the client." In addition, the Sakis Firm has also failed to establish any of the other enumerated bases. Instead, it appears the Sakis Firm is relying upon the catch-all of "good cause" set forth in Section (b)(6). However, as set forth above, the Motion—even if all the statements contained therein were admissible—does not establish this element.

In addition, the Sakis Firm did not even serve the Motion on plaintiff in a manner which would establish that she actually received it. It was not sent via Certified Mail, with a Return Receipt, nor was it sent via Federal Express, either of which would have required that plaintiff sign for it. Instead, the Sakis Firm's Certificate of Service indicates that the Motion was sent only "via first class mail."

Moreover, the Motion is entirely devoid of any indication that the Sakis Firm

8

included in its mailing of the Motion to plaintiff a letter or any other communication explaining to her the impact or import of the Motion, so as to ensure that she understood what would occur if it were granted. Under Rule 1.4(b) of the Michigan Rules of Professional Conduct, the Sakis Firm was required to explain the Motion to plaintiff "to the extent reasonably necessary to permit the client to make [an] informed decision[]. . . ." This is especially important here where the Sakis Firm has stated that plaintiff is "not the least bit knowledgeable" and "very unsophisticated" as to the legal significance of matters. (Kuber Aff., ¶7) Thus, before the Sakis Firm should be permitted to withdraw from its representation of plaintiff, it should—at the very least—be required to establish that plaintiff both received the Motion and understood its significance.

Defendant believes that the Sakis Firm is attempting to withdraw from representing the plaintiff in this action to "cut its losses." The Sakis Firm has this matter on a contingent fee basis. (Kuber Aff., ¶7) When it filed this action, the Sakis Firm believed that it would be able to quickly extract a settlement from the defendant, who would be forced to litigate this action from New York, where defendant is located. It has now become clear to the Sakis Firm, although defendant's counsel made it clear at the outset, that defendant would not pay even one cent to settle this action, and advised the Sakis Firm at that time to dismiss the action or face sanctions for maintaining this frivolous action. (Kuber Aff., ¶8)

In sum, there is no evidence—admissible or otherwise—which establishes an appropriate basis for the Sakis Firm's Motion.

9

## IV.

## THE SAKIS FIRM SHOULD NOT ALLOWED TO WITHDRAW UNLESS AND UNTIL IT IS HELD ACCOUNTABLE FOR ITS NUMEROUS VIOLATIONS OF BOTH THE FEDERAL RULES OF CIVIL PROCEDURE AND THE LOCAL RULES OF THIS COURT

By the time this Motion is heard, defendant will have filed a motion against the Sakis Firm under Rule 37 of the Federal Rules of Civil Procedure and have served upon the Sakis Firm, to comply with the statutory safe-harbor provision, a motion against it under Rule 11 of the Federal Rules. (Kuber Aff., ¶9) The Sakis Firm should not be permitted to withdraw from its representation of plaintiff in this action until those motions for sanctions against the Sakis Firm are ruled upon. Otherwise, the Sakis Firm may argue that it is not subject—at least in the context of this action—to this Court's jurisdiction with respect to those motions. That may allow the Sakis Firm to assert a jurisdictional bar, which we believe is not appropriate, in an attempt to improperly escape liability for its improper actions in this proceeding.

As will be established in defendant's motion under Rule 11 of the Federal Rule of Civil Procedure, the claims set forth in the Complaint are patently frivolous, and the Sakis Firm refused to dismiss them despite demand therefor by defendant. (Kuber Aff., ¶10) In addition, as will be established in defendant's motion under Rule 37 of the Federal Rules of Civil Procedure, the Sakis Firm—at a time when even it admits to have been in contact with the plaintiff—failed entirely to comply with its obligations under Rule 26 under the Federal Rules of Civil Procedure. (Kuber Aff., ¶10) It will also establish that the Sakis Firm just recently forced defendant to unnecessarily incur substantial attorney's fees and expenses because the Sakis Firm waited until <u>after 4 P.M.</u> the day before plaintiff's deposition to first advise that they were not going to attend the

deposition noticed to commence at 9:30 A.M. the very next day. (Kuber Aff., ¶10) Obviously, by that time, defendant's lead counsel had already traveled from New York to Michigan to take plaintiff's deposition. Thus, as a direct result of the Sakis Firm's failure to provide adequate let alone reasonable notice, defendant incurred substantial costs related to Mr. Kuber's wasted trip to Michigan. (Kuber Aff., ¶10)

The Sakis Firm must not be permitted to withdraw from this action until such time as the Court can rule on defendant's motions, and hold the Sakis Firm accountable for its improper actions.

## V.

## THE SAKIS FIRM HAS NOT PROVIDED ADEQUATE CONTACT INFORMATION FOR PLAINTIFF

If the Sakis Firm is permitted to withdraw from its representation of plaintiff which, for the reasons set forth above we believe would be inappropriate, the Sakis Firm should be compelled in all events to provide defendant with sufficient contact information for the plaintiff. The Sakis Firm has provided only the home address of plaintiff. It has failed to provide her home and cellular telephone number, or her work address and telephone number. Without adequate contact information for plaintiff, and without the ability to serve plaintiff through counsel, the defendant will not be able to proceed appropriately in defending against this action.

## CONCLUSION

Defendant respectfully submits that the Motion is both procedurally and legally improper. It fails to comply with the Local Rules or the Michigan Rules of Professional Conduct and, in addition, fails to present any admissible evidence whatsoever. Moreover, even if the statements in the Motion were not inadmissible hearsay, the

Motion still does not establish the total breakdown of the attorney-client relationship between the Sakis Firm and the plaintiff. In fact, the Sakis Firm did not even send the Motion itself to plaintiff by any means through which it could be established that she actually received the Motion, nor is there any indication that the Sakis Firm complied with its obligation to explain to plaintiff the significance of the Motion. All the Motion could ever establish, even if supported by admissible evidence, is that plaintiff failed to contact her attorney regarding a discovery request.

Further, the Sakis Firm should not be allowed to avoid its liability for its flagrant and repeated violations of the Federal Rules and of this Court's Local Rules. As a result, the Sakis Firm's motion should in any event be denied or a ruling on it delayed to permit this Court to rule on defendant's motion for sanction under Rule 11 and its motion under Rule 37 of the Federal Rules of Civil Procedure.

Respectfully submitted,
*KUBER LAW GROUP, P.C.*

_____
Douglas A. Kuber
575 Madison Avenue, 10th Floor
New York, New York 10022
(212) 813-2680
**Attorneys for Defendant**

*DRAPER & RUBIN, P.L.C.*

/s David Draper_____
David Draper (P43750)
18580 Mack Avenue
Grosse Pointe Farms, Michigan 48236
(313) 885-6800
**Co-Counsel for Defendant**

Dated: July 1, 2005

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 1st Day of July, 2005, she/he did electronically file the preceding document, constituting service on plaintiff's counsel of record and, in addition, caused it to be served by United States Mail and via Federal Express, on plaintiff addressed as follows:

Maria Lotoczky
650 Red Oak Lane
Rochester, Michigan 48307

/s_ Douglas A. Kuber__
Attorney for Defendant

July 1, 2005