## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

MARIA LOTOCZKY,

           Plaintiff,

v.

CONNECTED VENTURES, LLC,

           Defendant.

Hon. John Corbett O'Meara
Case No. 04-74365
Magistrate Judge R. Steven Whalen

| | |
|---|---|
| SAKIS & SAKIS, PLC<br>By: Jason R. Sakis (P59525)<br>3250 West Big Beaver Rd., Ste. 123<br>Troy, Michigan 48084<br>(248) 649-1160<br><br>Attorneys for Plaintiff | |
| KUBER LAW GROUP, P.C.<br>By: Douglas A. Kuber<br>575 Madison Avenue, 10th Floor<br>New York, New York 10022<br>(212) 813-2680<br><br>Attorneys for Defendant | DRAPER & RUBIN, P.L.C.<br>By: David Draper (P43750)<br>18580 Mack Avenue<br>Grosse Pointe Farms, Michigan 48236<br>(313) 885-6800<br><br>Co-Counsel for Defendant |

## AFFIDAVIT OF DOUGLAS A. KUBER
### IN SUPPORT OF DEFENDANT'S OPPOSITION TO THE MOTION BY
### PLAINTIFF'S COUNSEL, SAKIS & SAKIS, PLC,
### TO WITHDRAW FROM ITS REPRESENTATION OF PLAINTIFF

STATE OF NEW JERSEY            )
                                   ss.)
COUNTY OF ESSEX              )

      **DOUGLAS A. KUBER**, being duly sworn, deposes and says:

1

1.     I am lead counsel for the defendant, Connected Ventures, LLC, in the above-referenced action.  I have personal knowledge of the facts set forth herein, and make this affidavit on the basis of my personal knowledge and on the files maintained in my office.

2.     Promptly after receiving Plaintiff Counsel's Motion To Withdraw From Representation (hereinafter, the "Motion"), I faxed a letter to plaintiff's counsel, Jason Sakis of Sakis & Sakis, PLC, on June 6, 2005, to advise him of certain procedural infirmities in the Motion, and to request that he voluntarily withdraw the Motion, and correct those infirmaties before refiling it.  A true and correct copy of my correspondence to Mr. Sakis is attached hereto as Exhibit A.

3.     In response to my letter, I received a telephone call from Mr. Sakis on June 10, 2005.  During that conversation, I again urged Mr. Sakis to comply with the requirements set forth in the Local Rules.  In response, Mr. Sakis stated that he had no intention of filing the required brief or providing legal citations, as required by the Local Rules, that he had previously filed motions in Federal Court that were not in compliance with those particular requirements, and that it was within the Court's discretion whether or not to grant the relief sought in the Motion.

4.     On June 16, 2005, I faxed another letter to Mr. Sakis in order to seek his voluntary compliance with this Court's Local Rules.  A true and correct copy of that correspondence from me to Mr. Sakis is attached hereto as Exhibit B.

5.     Despite my several attempts to urge the Sakis Firm to comply with the Local Rules, it has failed to do so.

6.     On June 29, 2005, I received a telephone call from Jason Sakis.  In that

2

call, he stated that he had telephoned the Court Clerk, and was advised that he was somehow excused from complying with this Court's Local Rules with respect to the Motion. In particular, he said the Court Clerk told him he need not file a brief with supporting authority, despite the express requirement therefor set forth in this Court's Local Rules. Mr. Sakis then stated that he "didn't care" if I attempted to seek sanctions against him for violating the Local Rules.

7.     During a telephone conversation with Mr. Sakis, shortly after this action was commenced, Mr. Sakis told me that he had this case on a contingent fee basis. He also stated that the plaintiff was "not the least bit knowledgeable" and was "very unsophisticated" as to the legal significance of matters.

8.     During that same conversation, I advised Mr. Sakis that the claims in this action were frivolous, and told him the basis therefor. Among other things, Mr. Sakis stated that he believed he could get to a jury, and refused to dismiss this action.

9.     We are currently in the process of preparing motions for sanctions and recovery of costs and expenses against Sakis & Sakis, PLC. (the "Sakis Firm"). By the time the Motion is heard, defendant will have filed a motion against the Sakis Firm under Rule 37 of the Federal Rules of Civil Procedure and have served upon the Sakis Firm, to comply with the statutory safe-harbor provision, a motion against it under Rule 11 of the Federal Rules.

10.   Defendant's motion under Rule 11 of the Federal Rule of Civil Procedure will establish that the claims set forth in the Complaint are patently frivolous, and the Sakis Firm refused to dismiss them despite demand therefor by defendant. In addition, defendant's motion under Rule 37 of the Federal Rules of Civil Procedure will establish

3

that the Sakis Firm—at a time when even it admits to have been in contact with the plaintiff—failed entirely to comply with its obligations under Rule 26 under the Federal Rules of Civil Procedure.  It will also establish that the Sakis Firm just recently forced defendant to unnecessarily incur substantial attorney's fees and expenses because the Sakis Firm waited until <u>after 4 P.M.</u> the day before plaintiff's deposition to first advise that they were not going to attend the deposition noticed to commence at 9:30 A.M. the very next day.  Obviously, by that time, I had already traveled from New York to Michigan to take plaintiff's deposition.

Dated:      July 1, 2005

DOUGLAS A. KUBER

Sworn to before me on this

1st day of July, 2005.

Notary Public

BARBARA J TRAINA
Notary Public
State of New Jersey
My Commission Expires Jul 18, 2006

EXHIBIT A

# KUBER LAW GROUP, P.C.

575 MADISON AVENUE, 10TH FLOOR
NEW YORK, NEW YORK 10022
PHONE: 212.813.2680
FAX: 212.813.2681
www.kuberlaw.com

June 9, 2005

**DOUGLAS A. KUBER**
**PARTNER**
dak@kuberlaw.com

<u>**VIA FACSIMILE (248-637-9737)**</u>
Jason R. Sakis, Esq.
Sakis & Sakis, PLC
3250 West Big Beaver Rd., Suite 123
Tory, Michigan 48084

Re:   <u>Maria Lotoczky v. Connected Ventures, LLC</u>
<u>USDC, E. Dist. Michigan, Case No. 04-74365</u>

Dear Mr. Sakis:

I am writing in connection with Plaintiff Counsel's Motion to Withdraw from Representation (the "Motion") which you recently filed with the Court. This letter does not address the merits of the Motion but, instead, is written as a courtesy to provide notice to you of certain procedural infirmities of the Motion, and to request that you voluntarily withdraw the Motion to correct those procedural issues.

The Motion fails, in several respects, to comply with the Local Rules of the United States District Court for the Eastern District of Michigan ("Local Rules"). In particular, the Motion fails to meet the prerequisite set forth in Rule 7.1(a) of the Local Rules. In addition, the Motion fails to comply with Rules 7.1(c)(1)(A) and 7.1(c)(2) of the Local Rules.

If you intend to withdraw the Motion, please immediately file a Notice of Withdrawal with the Court, and provide a copy to us, so we need not unnecessarily waste time in responding to a procedurally incompetent Motion.

Thank you in advance for your anticipated cooperation.

Very truly yours,

Douglas A. Kuber

cc:   David Draper, Esq.

2050.002

# KUBER LAW GROUP, P.C.

575 MADISON AVENUE, 10TH FLOOR
NEW YORK, NEW YORK 10022
PHONE:  212.813.2680
FAX:  212.813.2681
www.kuberlaw.com

June 9, 2005

## FACSIMILE TRANSMITTAL COVER SHEET

**TO:**       **Jason R. Sakis, Esq. (248-637-9737)**

**FROM:**    **Douglas A. Kuber**

**RE:**       **Maria Lotoczky v. Connected Ventures, LLC**
            **USDC, E. Dist. Michigan, Case No. 04-74365**

### PAGES (INCLUDING COVER):  2

### NOTES AND COMMENTS:

**See Attached.**

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL ENTITY TO WHICH IT IS ADDRESSED, AND
MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER
APPLICABLE LAW.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR
AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED
THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF
YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND
RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS BELOW VIA THE U.S. POSTAL SERVICE.  THANK YOU.

TRANSMISSION VERIFICATION REPORT

```
TIME : 06/03/2005 13:48
NAME : KUBER
FAX  : 0000000000
TEL  : 0000000000
SER.#: BROE1N824934
```

```
DATE,TIME          06/03  13:47
FAX NO./NAME       12489377737
DURATION           00:00:48
PAGE(S)            02
RESULT             OK
MODE               STANDARD
                   ECM
```

# EXHIBIT B

# KUBER LAW GROUP, P.C.

575 MADISON AVENUE, 10TH FLOOR
NEW YORK, NEW YORK 10022
PHONE: 212.813.2680
FAX: 212.813.2681
www.kuberlaw.com

June 16, 2005

DOUGLAS A. KUBER
PARTNER
dak@kuberlaw.com

**VIA FACSIMILE (248-637-9737)**
Jason R. Sakis, Esq.
Sakis & Sakis, PLC
3250 West Big Beaver Rd., Suite 123
Tory, Michigan 48084

Re:   <u>Maria Lotoczky v. Connected Ventures, LLC</u>
      <u>USDC, E. Dist. Michigan, Case No. 04-74365</u>

Dear Mr. Sakis:

I am writing in connection with Plaintiff Counsel's Motion to Withdraw from Representation (the "Motion") which you recently filed with the Court.

Shortly after receiving your Motion, I wrote to you on June 9, 2005, to advise you of your Motion's failure to comply with several of the Local Rules of the United States District Court for the Eastern District of Michigan ("Local Rules"), and to request that you voluntarily withdraw your Motion to remedy the procedural infirmities. Since that time, you telephoned me and agreed to comply with the requirement set forth in Rule 7.1(a). In response to your inquiry on that subject, I have conferred with my client, and the Defendant will contest the relief sought in your Motion.

My prior letter also directed your attention in particular to your Motion's failure to comply with Rules 7.1(c)(1)(A) and 7.1(c)(2) of the Local Rules. In our subsequent telephone call regarding that subject, you stated that you were not going to comply with those Rules, that you had previously filed motions in Federal Court that were not in compliance with those particular requirements, and that it was within the Court's discretion whether or not to grant the relief sought in your Motion.

While things certainly may work differently in Michigan, in the many Federal Courts in which I have practiced the Court takes its rules seriously, and does not tolerate a knowing failure to comply with those rules. Thus, I again urge you to voluntarily withdraw your Motion, and to re-file it only after you have complied with the Local Rules. In all events, I

2050.002

Jason R. Sakis, Esq.
June 16, 2005
Page 2

will certainly seek sanctions for having to respond to a Motion which does not comply with the Court's Rules.

If you intend to withdraw the Motion, please immediately file a Notice of Withdrawal with the Court, and provide a copy to us, so we need not unnecessarily waste time in responding to a procedurally incompetent Motion.

If not, we would ask for an extension to respond to the Motion, as our attempts to resolve these issues informally has been somewhat time-consuming. As you just notified us that the Court has scheduled the hearing on your Motion for July 12, 2005, we would ask that you agree that the time for Defendant to respond to your Motion be extended to June 30, 2005.

Please advise us immediately as to whether you will voluntarily withdraw your Motion or, if not, whether you will agree to the short extension we have requested. Thank you in advance for your anticipated cooperation.

Very truly yours,

Douglas A. Kuber

cc:     David Draper, Esq.

2050.002

# KUBER LAW GROUP, P.C.

575 MADISON AVENUE, 10TH FLOOR
NEW YORK, NEW YORK 10022
PHONE: 212.813.2680
FAX: 212.813.2681
www.kuberlaw.com

June 16, 2005

====================================================

## FACSIMILE TRANSMITTAL COVER SHEET

====================================================

**TO:**      Jason R. Sakis, Esq. (248-637-9737)

**FROM:**    Douglas A. Kuber

**RE:**      Maria Lotoczky v. Connected Ventures, LLC
            USDC, E. Dist. Michigan, Case No. 04-74365

**PAGES (INCLUDING COVER):  3**

====================================================

**NOTES AND COMMENTS:**

See Attached.

====================================================

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS BELOW VIA THE U.S. POSTAL SERVICE. THANK YOU.

TRANSMISSION VERIFICATION REPORT

```
                                    TIME : 06/16/2005 12:41
                                    NAME : KUSSF
                                    FAX  : 0000000000
                                    TEL  : 0000000000
                                    SER.#: BROE1N804904
```

```
        DATE,TIME            06/16  10:40
        FAX NO./NAME         13456379797
        DURATION             00:01:09
        PAGE(S)              03
        RESULT               OK
        MODE                 STANDARD
                             ECM
```

*CERTIFICATE OF SERVICE*

The undersigned certifies that on this 1st Day of July, 2005, she/he did electronically file the preceding document, constituting service on plaintiff's counsel of record and, in addition, caused it to be served by United States Mail and via Federal Express, on plaintiff addressed as follows:

Maria Lotoczky
650 Red Oak Lane
Rochester, Michigan 48307

/s _Douglas A. Kuber__
Attorney for Defendant

July 1, 2005