UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIA LOTOCZKY,

    Plaintiff,

-v-

CONNECTED VENTURES, LLC,

    Defendant.

Case No. 04-74365
Honorable John Corbett O'Meara
Magistrate Judge R. Steven Whalen

SAKIS & SAKIS, PLC
Attorneys for Plaintiffs
By: **Raymond S. Sakis** (P19843)
    **Jason R. Sakis** (P59525)
Suite 123
3250 West Big Beaver Road
Troy, Michigan 48084
248.649.1160

KUBER LAW GROUP, P.C.
By: Douglas A. Kuber
Attorney for Defendant
575 Madison Avenue, 10th Floor
New York, New York 10022
212-813-2680

**DRAPER & RUBIN, P.C.**
By: David Draper (P43750)
Co-Counsel for Defendant
18580 Mack Avenue
Grosse Pointe Farms, Michigan 48236
313-885-6800



FILED
JUL 11 2005
CLERK'S OFFICE
DETROIT

SAKIS & SAKIS, P.L.C.
Attorneys at Law
3250 W. Big Beaver Rd., Ste. 123
Troy, MI 48084
Telephone: (248) 649-1160
Facsimile: (248) 637-9737

# REPLY BRIEF IN SUPPORT
# OF MOTION TO WITHDRAW FROM REPRESENTATION

## I. Plaintiff Counsel Did Not Violate The Local Rules

It is not true, as the defendant states in its pleadings, that the law firm of Sakis & Sakis, PLC "has knowingly and intentionally failed to comply with several of the Local Rules with respect to this motion." (Defendant's Brief - p. 4, ¶ 1). Contrary to this outrageous misrepresentation of fact, counsel for the plaintiff has not violated the Local Rules. While it is true that no brief accompanied the motion to withdraw from representation, guidance on the issue was requested from this Court when it was discovered that the defendant was attempting to claim a procedural defect or infirmity. Specifically, counsel for the plaintiff discussed the matter of not filing a brief with the Judge's clerk, who explained that a formal brief would not be necessary given that it was a motion to withdraw. (Exhibit 1 - Affidavit of Counsel). This makes sense in light of the fact that federal judges are given the discretion and authority to suspend the operation of the Local Rules whenever it is warranted. Local Rule 1.2. In this particular instance, it is therefore a matter of judicial discretion for the Honorable John Corbett O'Meara to decide whether a brief was required under the circumstances.[1] More importantly, it is not true as defense counsel has represented to this Court that the Sakis Firm does not file briefs with its motions. What plaintiff counsel said was that the Sakis Firm does not file briefs with motions to withdraw from representation because they are purely discretionary and it would be redundant to restate the facts in the brief again. The purpose of a brief is to inform the other party of the legal authority for the relief requested, but that is illogical in the context of an attorney's motion to withdraw from representation.

---

[1] Likewise, it should be noted that a motion to withdraw from representation is discretionary. While it makes sense in most cases to cite case and statutory authority in a brief for the relief sought, it would have been pointless for this to have been separately explained in an accompanying brief particularly when defense counsel is already aware of this. Defense counsel is merely attempting to elevate form over substance. The undeniable fact remains that nothing more could have been added to the motion and nothing else could have been incorporated into a brief. We simply cannot represent a client who refuses to have contact with us.

## II. There Is Admissible Evidence To Support The Motion To Withdraw

Second, the defendant is arguing that no admissible evidence has been offered in support of the motion to withdraw. However, trustworthy evidence was in fact offered in support of the motion - the motion itself was signed by the plaintiff's attorneys. A separate affidavit from plaintiff's counsel is not necessary under the circumstances and the defendant failed to cite authority otherwise. Again, defense counsel is attempting to elevate form over substance and it is inconceivable why he would be spending so much time on these issues.

## III. Plaintiff Counsel Has Not Violated Any Rule Of Professional Conduct

Similarly, plaintiff's counsel has not violated the Michigan Rules of Professional Conduct. In this instance, there is good cause for the Sakis Firm to withdraw from representation given that the client, Maria Lotoczky, has not cooperated with the law firm in complying with the defendant's discovery requests and continues to ignore her attorneys. For the defendant to suggest that there is no basis for the Sakis Firm to withdraw therefore strains logic because an attorney cannot litigate a civil dispute without a client. The simple truth is that the Sakis Firm cannot force the plaintiff to communicate or respond to its requests. Specifically, the defendant is arguing that the plaintiff failed to explain the consequences of the motion to the plaintiff in accordance with MRPC 1.4. However, the motion explains in simple language that the plaintiff has failed to communicate and cooperate with her attorneys and that they cannot continue to represent her anymore. This plain-language-type motion could not have been explained any better. The defendant also suggests that the Sakis Firm should confirm that the plaintiff has understood the import of the motion, but the point is that the plaintiff refuses to communicate. Plaintiff counsel does not know what else could have been done.

2

### III. Plaintiff Counsel Has Not Committed Any Discovery Abuses / The Lawsuit Has Merit

Third, the Sakis Firm has not committed any discovery abuses as alleged by the defendant. Sanctions would therefore be inappropriate under the circumstances. Although defense counsel complains that he was not given adequate notice of the fact that the plaintiff's deposition would not be taking place, the truth of the matter is that notice had been provided by virtue of the pending motion to withdraw from representation. As with all of the other requests made by defense counsel, the deposition notice was sent to the plaintiff. (Exhibit 1). Again, the plaintiff failed to respond and for the defense counsel to suggest that he actually believed the deposition would be taking place is completely astounding. It may in fact be that the defendant's attorney is making every effort to use up whatever retainer his client has paid, which is evidenced by the poor judgment he exercised when he flew to Michigan knowing that the Sakis Firm had not had any contact with the plaintiff, and also by his writing a unnecessarily verbose response to the motion to withdraw. These actions on the part of the Sakis Firm can hardly be described as discovery abuses. To be sure, the so-called substantial attorney fees and costs were incurred as a direct result of the defense attorneys poor judgment. Likewise, the Sakis Firm's failure to file Rule 26 disclosures were the direct result of the plaintiff's failure to cooperate because she had previously agreed to provide us with the needed information to comply with the court rule. In fact, this was explained to defense counsel during a telephone conversation wherein it was agreed that the Plaintiff's Rule 26 disclosures would be filed once the plaintiff provided the Sakis Firm with the information. (Exhibit 1). It was initially expected that the plaintiff would have provided her attorneys with the answers to the defendant's discovery requests and the information needed to comply with Rule 26, however, as is plainly evident, the plaintiff has completely failed to communicate with her attorneys in every regard. To suggest that the Sakis Firm

3

is responsible for the actions of the plaintiff is completely ridiculous. If anyone committed abuses, it was the plaintiff and the plaintiff alone. Most importantly, the Sakis Firm has always maintained that the underlying lawsuit has merit and that the defendant is completely responsible for displaying an intimate picture of the plaintiff on the internet for the world to see - all in the name of profit - without first determining that consent was being provided by the plaintiff. For reasons unknown to the Sakis Firm, the plaintiff has decided to abandon the lawsuit. While defense counsel is correct that the case has been taken on a contingency fee basis, it is not true, as defense counsel has stated, that the Sakis Firm believed that it would be able to quickly extract a settlement from the defendant. While settlement was discussed, the truth is that the Sakis Firm believes in the plaintiff's claim and it too has lost both time and money because of the plaintiff's failure to cooperate and communicate. Contrary to the suggestion, the Sakis Firm is not in the business of withdrawing from its cases and the Sakis Firm is prepared to show factually and legally that there is merit to the plaintiff's claim. If this were not true, then defense counsel would have filed a motion to dismiss in lieu of an Answer.

### IV. An Order Allowing Counsel To Withdraw Can Be Personally Served Upon The Plaintiff

An order permitting the Sakis Firm to withdraw from representation would sufficiently afford the plaintiff with an opportunity to find another attorney, and if it is deemed necessary or required, the order could be personally served upon her by a process server. To suggest, as the defendant has, that additional contact information should have been provided when none exists is totally absurd. (Exhibit 1 - Affidavit of Counsel).

### V. Sanctions Should Be Preserved For Appropriate Circumstances

In this instance, defense counsel is attempting to recover attorney fees from the Sakis Firm for his own duplicitous conduct in incurring unnecessary expenses. Additionally, defense counsel is inappropriately requesting attorney fees from the Sakis Firm for the conduct of its neglectful client.

However, attorneys are not supposed to profit from Rule 11 (as defense counsel is attempting to do); nor would it be appropriate to sanction the Sakis Firm for it client's conduct over which it has no control whatsoever. Rule 11 was designed to hold attorneys to the highest standards and this is the way the Sakis Firm has acted during these proceedings and all other matters it has been involved in. If anyone should be sanctioned in this instance, it should be defense counsel for the totally deplorable conduct he has exhibited. It could be that attorneys act this way in New York, but it is very rare to see an attorney act in this fashion within the State of Michigan. Perhaps defense counsel believes that he will never practice again in the State of Michigan.

WHEREFORE, the law firm of Sakis & Sakis respectfully requests that it be permitted to withdraw from representation in this particular matter.

DATED: July 8, 2005

SAKIS & SAKIS, PLC
Attorneys for Plaintiff

By: _____
Jason R. Sakis (P59525)
3250 West Big Beaver Rd., Ste. 123
Troy, Michigan 48084
248.649.1160

SAKIS & SAKIS, P.L.C.
Attorneys at Law
3250 W. Big Beaver Rd., Ste. 123
Troy, MI 48084
Telephone: (248) 649-1160
Facsimile: (248) 637-9737

5

I

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIA LOTOCZKY,

    Plaintiff,

-v-

CONNECTED VENTURES, LLC,

    Defendant.

Case No. 04-74365
Honorable John Corbett O'Meara
Magistrate Judge R. Steven Whalen

---

**SAKIS & SAKIS, PLC**
Attorneys for Plaintiffs
By:   **Raymond S. Sakis**   (P19843)
       **Jason R. Sakis**     (P59525)
Suite 123
3250 West Big Beaver Road
Troy, Michigan 48084
248.649.1160

**KUBER LAW GROUP, P.C.**
By: Douglas A. Kuber
Attorney for Defendant
575 Madison Avenue, 10th Floor
New York, New York 10022
212-813-2680

**DRAPER & RUBIN, P.C.**
By: David Draper (P43750)
Co-Counsel for Defendant
18580 Mack Avenue
Grosse Pointe Farms, Michigan 48236
313-885-6800

---

# AFFIDAVIT OF JASON R. SAKIS

STATE OF MICHIGAN     )
                             )   ss/
COUNTY OF OAKLAND  )

1.     I am the attorney from the law firm of Sakis & Sakis, PLC who has been handling the civil action of Maria Lotoczky v. Connected Ventures, LLC, Case No. 04-74365.

2.     I spoke to the Honorable O'Meara's clerk with respect to my failure to file a supporting brief and was told that the motion was not defective since it was a motion to withdraw.

3. Along with all of the other pleadings which were sent to the plaintiff, I also sent the plaintiff a copy of the defendant's deposition notice.

4. The plaintiff never responded to the deposition notice.

5. The plaintiff has continued to ignore our requests to contact our office as it was explained and verified by me in the motion to withdraw from representation.

6. We do not know where the plaintiff works and/or where she currently residing, however, we have no reason to believe that she has moved.

7. The plaintiff previously promised to provide me with her answers to defendant's discovery requests so that we could use the information to comply with Rule 26, but the information was never provided and it would have been unethical for me to have made disclosures without first getting approval from our client. Similarly, it would have been unethical and improper for me to have answered the discovery requests without the plaintiff's participation.

8. During a telephone conversation with defense counsel when this case was first filed, it was specifically made clear that the plaintiff's Rule 26 disclosures would not be made until after the necessary information was provided by our client. No objection was raised by defense counsel until his response to my motion to withdraw.

9. For reasons unknown to me, the plaintiff has failed to cooperate and communicate with the Sakis Firm and the firm is therefore unable to continue litigating the matter.

I CERTIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND ACCURATE.

DATED: July 8, 2005

_____
Jason R. Sakis

On this _____ day of July, 2005, before me, a Notary Public in and for said County and State, personally appeared Jason R. Sakis who, being first duly sworn, deposes and says: that he has read the foregoing Affidavit, by him subscribed; that he knows the contents thereof; and that the same is true of his own information, knowledge, and belief.

_____
Notary Public, Oakland County, Michigan
My Commission Expires: 8/10/07

# SAKIS & SAKIS

ATTORNEYS AND COUNSELORS
*Professional Limited Liability Company*
3250 West Big Beaver Road, Suite 123
Troy, Michigan 48084
Tel: (248) 649-1160   Fax: (248) 637-9737

Jason R. Sakis
E-mail: jasonsakis@sakislaw.com

www.sakislaw.com

April 26, 2005

**VIA FAX AND US MAIL**
212.813.2681

Douglas A. Kuger
575 Madison Avenue, 10th Floor
New York, New York 10022

RE: **Maria Lotoczky v Connected Ventures, LLC**
    **Case No. 04-74365**

Dear Mr. Kuber:

Following this letter, you will find a copy of the executed Written Report Pursuant to Rule 26(f). However, we are requesting that you make two changes to the pleading in paragraph 3 A, wherein the following language should be added:

1. Discovery is needed on the issue of security controls used by the defendant to ascertain that true identity of those who submit pictures to be displayed on the internet; and
2. Discovery on the issues of advertising, profits, and the overall finances of the defendant organization.

Additionally, the only document we have in our possession that pertains to this case, at this particular time, is the picture which was posted on the internet. This has also been attached for your review and is being disclosed pursuant to Rul 26. Once our client provides us with additional documentation, it will be provided in a formal Rule 26 Disclosure.

Thank you for your attention to these matters.

Respectfully,

SAKIS & SAKIS, PLC

Jason R. Sakis

Enclosures