UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIA LOTOCZKY,

        Plaintiff,

v.

CONNECTED VENTURES, LLC,

        Defendant.

Hon. John Corbett O'Meara
Case No. 04-74365
Magistrate Judge R. Steven Whalen

| | |
|---|---|
| SAKIS & SAKIS, PLC<br>By: Jason R. Sakis (P59525)<br>3250 West Big Beaver Rd., Ste. 123<br>Troy, Michigan 48084<br>(248) 649-1160<br><br>Attorneys for Plaintiff | |
| KUBER LAW GROUP, P.C.<br>By: Douglas A. Kuber<br>575 Madison Avenue, 10th Floor<br>New York, New York 10022<br>(212) 813-2680<br><br>Attorneys for Defendant | DRAPER & RUBIN, P.L.C.<br>By: David Draper (P43750)<br>18580 Mack Avenue<br>Grosse Pointe Farms, Michigan 48236<br>(313) 885-6800<br><br>Co-Counsel for Defendant |

## DEFENDANT'S MOTION TO RECOVER FEES AND EXPENSES INCURRED AS A DIRECT RESULT OF DISCOVERY ABUSE BY PLAINTIFF'S ATTORNEYS, SAKIS & SAKIS, PLC

Defendant, Connected Ventures, LLC, hereby moves the Court, pursuant to Federal Rules of Civil Procedure 30 and 37 and the inherent power of the Court, for an Order that Sakis & Sakis, PLC (the "Sakis Firm") pay defendant $5303.43 to reimburse defendant for the attorney's fees, costs and expenses it incurred as a direct result of the Sakis Firm's failure to provide timely notice that plaintiff would not be appearing for her

1

properly-noticed deposition.

This Motion is based upon Rules 30 and 37 of the Federal Rules of Civil Procedure, Principle 16 of the Civility Principles of the United States District Court for the Eastern District of Michigan, the Brief in Support filed herewith, the Affidavit of Douglas A. Kuber filed herewith, the Affidavit of David Draper filed herewith, the pleadings and records on file in this action, and such other and further evidence and authority as may be presented prior to or at any hearing on this matter.

In compliance with Local Rule 7.1, there was a conference between the attorneys for the parties in which defendant's counsel explained to the Sakis Firm the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought.

## **ISSUE PRESENTED**

- Should the Sakis Firm be required to reimburse defendant for the attorney's fees, costs and expenses it incurred as a direct result of the Sakis Firm's failure to provide timely notice that plaintiff would not be appearing for her properly-noticed deposition?

## AUTHORITY FOR GRANTING THE MOTION

- Principle 16 of the Civility Principles of the United States District Court for the Eastern District of Michigan ("Court's Civility Principles")

- Rules 30(d) and (g)(1) and Rule 37 of the Federal Rules of Civil Procedure

- <u>Bass v. Jostens, Inc.</u>, 71 F.3d 237 (6th Cir. 1995)

- <u>In re Air Crash Disaster at Detroit Metropolitan Airport on Aug. 16, 1987</u>, 130 F.R.D. 627, 629-30 (E.D. Mich. 1989)

- <u>Barnes v. Madison</u>, 79 Fed. Appx. 691, 707 (5th Cir. 2003)

- <u>Barton v. District of Columbia</u>, 209 F.R.D. 274, 278 (D.D.C. 2002)

- <u>Delozier v. First Nat. Bank of Gatlinburg</u>, 109 F.R.D. 161 (E.D. Tenn. 1986)

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO RECOVER FEES AND EXPENSES INCURRED AS A DIRECT RESULT OF DISCOVERY ABUSE BY PLAINTIFF'S ATTORNEYS, SAKIS & SAKIS, PLC

### PRELIMINARY STATEMENT

This Motion is brought to obtain redress for the intentional discovery abuse by plaintiff attorneys, the Sakis Firm. In particular, this Motion addresses the Sakis Firm's failure—in violation of Federal Rule 37(d) and Principle 16 of this Court's Civility Principles—to provide timely notice of non-appearance with respect to the properly noticed deposition of the plaintiff. As a direct result of the Sakis Firm's conduct, defendant was forced to incur substantial attorney's fees and expenses.

### STATEMENT OF FACTS

On May 17, 2005, Defendant served plaintiff's counsel, the Sakis Firm, with a Notice of Deposition of Plaintiff, which set such deposition to commence on June 21, 2005, at 9:30 a.m. (Affidavit of Douglas A. Kuber dated July 18, 2005 ("Kuber Aff."), Exhibit A, ¶2) On May 18, 2005, defendant's counsel, Douglas Kuber, faxed a letter to Jason Sakis confirming that plaintiff's deposition will commence on June 21st and was expected to take three days to complete. (Id., Exhibit B, ¶3) The letter also requested that Mr. Sakis notify Mr. Kuber in the event the scheduled dates were not available for either Mr. Sakis or the plaintiff, in which event, Mr. Kuber would reschedule plaintiff's deposition. (Ibid.)

Mr. Sakis never objected to the dates set for plaintiff's deposition, or called to notify Mr. Kuber that plaintiff would not be appearing for her properly-noticed deposition. (Kuber Aff., ¶4) Accordingly, on June 20th, Mr. Kuber traveled to Detroit to take plaintiff's deposition. (Kuber Aff., ¶5)

1

At 4:51 p.m. on June 20th, less than ten minutes before close of business on the day before plaintiff's deposition was to have commenced, Mr. Sakis' assistant telephoned David Draper, local counsel for defendant, and advised that plaintiff would not be attending her deposition. (Affidavit of David Draper dated July 18, 2005 ("Draper Aff."), ¶2) She also stated that Mr. Sakis would likewise not be making an appearance. (Ibid.) Mr. Draper advised her that Mr. Kuber had flown in from New York to take the deposition, that a court reporter had been ordered, and that a record would be made of the nonappearance by plaintiff and her counsel. (Draper Aff., ¶3)

Had the Sakis Firm provided notice even on the morning on June 20th, instead of waiting until just before Mr. Draper's office closed for the day on the evening of the 20th, the unnecessary expense could have been spared. (Kuber Aff., ¶7) Instead, as a direct result of the Sakis Firm waiting until the last minute to notify defendant's counsel that plaintiff would not appear for her deposition, defendant has incurred substantial expenses due to Mr. Kuber's wasted journey to Detroit. In particular, defendant incurred the following expenses as a direct result of the Sakis Firm's abusive conduct:[1]

- Attorney's fees of $3,200 (8 hours @ $400) for the time spent by Mr. Kuber traveling to and from Detroit.

- Attorney's fees of $960 (2.4 @ $400) for the time spent in researching and drafting this Motion.

- Airfare of $755.90 (which was initially $344.90 but, because he needed to change his flight to return earlier than expected, it was increased to $755.90).

- Hotel expense of $293.57, as it was past the hotel's cancellation deadline when

---

[1] The expenses incurred by defendant as a result of the Sakis Firm's failure to provide timely notice, are described in the Kuber Aff., ¶9, and the backup documentation is collectively attached as Exhibit C.

2

notice was provided.

- Car rental of $93.96

On June 21st, neither plaintiff nor her counsel appeared for her properly-noticed deposition. (Kuber Aff., Exhibit D, ¶8)

### THE SAKIS FIRM SHOULD BE REQUIRED TO REIMBURSE DEFENDANT FOR THE EXPENSES IT INCURRED AS A DIRECT RESULT OF THE SAKIS FIRM'S FAILURE TO PROVIDE TIMELY NOTICE OF NON-APPEARANCE

Principle 16 of this Court's Civility Principles states as follows:

> We will notify other counsel and, if appropriate, the Court or other persons, at the earliest possible time when hearings, depositions, meetings or conferences are to be cancelled or postponed. **Early notice avoids unnecessary travel and expense of counsel** and may enable the Court to use the previously-reserved time for other matters. (emphasis added).

It cannot be contested that the Sakis Firm violated this Court's Civility Principles.

Likewise, it cannot be contested that their lack of timely notice caused the "unnecessary travel and expense of counsel."

Rule 37(d) of the Federal Rules of Civil Procedure authorizes the imposition of sanctions against a party's counsel for a failure to appear at a properly noticed deposition:

> Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, **the court in which the action is pending on motion may make such orders in regard to the failure as are just**, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule. Any motion specifying a failure under clause (2) or (3) of this subdivision shall include a certification that the movant has in good faith conferred or attempted to confer with the party failing to answer or respond in an effort to obtain such answer or response without court action. **In lieu of any order or in addition thereto, the**

3

> **court *shall* require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.** (emphasis added).

Thus, reimbursement of defendant's expenses is mandatory unless the court finds "substantial justification" for the Sakis Firm's untimely notice. There is no substantial justification here.

Based upon a prior filing by the Sakis Firm, we expect it to argue that its Motion to Withdraw from Representation somehow constituted notice to defendant that plaintiff would not be appearing for her properly noticed deposition. Not so.

First, it is well-settled that filing of a motion to withdraw does not stay proceedings in an action. See, e.g., Barton v. District of Columbia, 209 F.R.D. 274, 278 (D.D.C. 2002) (denying counsel's motion to stay proceedings during pendency of motion to withdraw). Indeed, even the filing of a motion for a protective order does not excuse a party from appearing. In Barnes v. Madison, 79 Fed. Appx. 691, 707 (5th Cir. 2003), the court sanctioned the plaintiff for proffering such an excuse:

> In explaining that Barnes's failure to appear was not substantially justified, the district court noted, among other factors, that she had not filed a motion for a protective order. Barnes argues vigorously on appeal that she had in fact filed a motion for a protective order before the deposition. From our review of the docket and the record, it indeed appears that she had filed, on May 17, a combined motion to quash and motion for a protective order. **Nonetheless, the mere act of filing a motion for a protective order does not relieve a party of the duty to appear; the party is obliged to appear until some order of the court excuses attendance.** *See King v. Fidelity Nat'l Bank of Baton Rouge*, 712 F.2d 188, 191 (5th Cir. 1983) (per curiam); *Hepperle v. Johnston*, 590 F.2d 609, 613 (5th Cir. 1979); *Goodwin v. City of Boston*, 118 F.R.D. 297, 298 (D.Mass. 1988). Barnes had received notice of the deposition on May 8, yet she did not file her motion for a protective order until May 17, the Friday preceding her Monday morning deposition. Given the timing, Barnes could hardly have expected in good faith to receive a court order excusing her attendance. Therefore, we cannot say that the district court

4

> abused its discretion in finding that Barnes's failure to appear was not substantially justified. (emphasis added).

In fact, we have been unable to locate even a single case which would support the assertion that the filing of a motion to withdraw constitutes "substantial justification" for a party's failure to appear at their properly-noticed deposition.

Second, the Sakis Firm's own actions belie this argument and, indeed, confirm the Sakis Firm's knowledge that it was required to provide notice to the defendant of non-appearance. Had the Sakis Firm honestly believed that its motion to withdraw had constituted notice to the defendant that plaintiff would not be appearing for her deposition, the Sakis Firm would never have called—albeit belatedly—to provide notice of such to defendant's counsel the day before plaintiff's deposition was to commence.

Moreover, had defendant's counsel failed to appear for plaintiff's deposition, and plaintiff and/or her counsel had then appeared, defendant's counsel would have been subject to sanctions for its own failure to appear. Rule 30(g)(1) of the Federal Rules of Civil Procedure states:

> If the party giving the notice of the taking of a deposition fails to attend and proceed therewith and another party attends in person or by attorney pursuant to the notice, the court may order the party giving the notice to pay such other party the reasonable expenses incurred by that party and that party's attorney in attending, including reasonable attorney's fees.

Given the mandatory nature of the Federal Rules, the Sixth Circuit Court of Appeals has sanctioned a plaintiff for refusing to appear for her deposition with the harshest sanction of all -- dismissal. In <u>Bass v. Jostens, Inc.</u>, 71 F.3d 237 (6th Cir. 1995), the court held that plaintiff's refusal to appear for her deposition, causing defense counsel to travel from out-of-state, justified the imposition of that harsh sanction. While the defendant does not seek dismissal, as the defendant did in *Bass supra*, the Sakis Firm's failure to notify defendant of plaintiff's intended default mandates an award of the fees

5

and expenses incurred as a result of the Sakis Firm's conduct.

Awarding fees and costs incurred as a result of a failure to appear for deposition is a proper remedy that is well recognized by federal courts. In <u>In re Air Crash Disaster at Detroit Metropolitan Airport on Aug. 16, 1987</u>, 130 F.R.D. 627, 629-30 (E.D. Mich. 1989), Northwest Airlines failed to produce a witness for a deposition, causing expense to the adversary. Consequently, the court ordered Northwest to pay its adversary's attorney's fees and costs:

> As a general rule, a party or person must seek a protective order from the court under Rule 26(c) if he desires not to appear or respond to a discovery request. In most circumstances, objections must be filed before the date of the deposition. Failure to seek judicial relief prior to this date will preclude a later objection.
>
> * * *
>
> Finally, this Court concludes that Northwest's failure to produce Chapman was not "substantially justified." Hence, **Northwest is directed to pay all reasonable and necessary costs, including attorneys' fees, that may be incurred by MDC in connection with the Chapman deposition**. (citations omitted) (emphasis added).

Similarly, in <u>Delozier v. First Nat. Bank of Gatlinburg</u>, 109 F.R.D. 161 (E.D. Tenn. 1986), the court awarded the fees and costs for defendant's appearance at his deposition, which was noticed by plaintiff, but which plaintiff did not timely cancel or adjourn, reasoning:

> The attorney for defendant FNBG also alleges in his affidavit that he was served by plaintiffs' counsel with notice of the taking of the deposition of defendant Arthur Skula; that he expended considerable time as well as travel expenses in preparing for same; that when he arrived at the office of plaintiffs' local counsel in Sevierville, he was advised that Mr. Skula would not appear and that through some oversight he had not been notified earlier. From the copy of the letter from plaintiffs' attorney to defendant's attorney, attached to his affidavit, it appears that plaintiffs' attorneys were unable to contact Mr. Skula to confirm his presence for discovery. The plaintiffs have not responded to this motion of defendant FNBG. The undersigned agrees with defendant's contention that under Rule 30(g), Federal Rules of Civil Procedure, the defendant is entitled to be

reimbursed for expenses incurred here.

Defendant is not requesting the harsh sanction of dismissal, but is simply seeking to be reimbursed for the amount it has incurred as a direct result of the Sakis Firm's failure to provide timely notice.

## CONCLUSION

The Sakis Firm cannot dispute that a proper Notice for Deposition was served more than 30 days in advance of the deposition date for plaintiff's deposition. Nor can they dispute that they never objected to the Notice or to the dates selected for the deposition. Equally uncontroverted is the fact that defense counsel had already arrived in Michigan and registered at his hotel when the Sakis Firm made its last-minute cancellation call. Accordingly, there can be no dispute that the Sakis Firm caused defendant to unnecessarily incur expenses by their failure to provide timely notice of non-appearance.

**WHEREFORE**, for the foregoing reasons, defendant respectfully requests that this Court enter an Order granting defendant's motion and awarding fees, costs and expenses to defendant in the sum of $5303.43, to be paid within 10 days from the date of this Court's order, together with such other and further relief as this Court deems just and proper.

Respectfully submitted,
*KUBER LAW GROUP, P.C.*

Douglas A. Kuber
575 Madison Avenue, 10th Floor
New York, New York 10022
(212) 813-2680
**Attorneys for Defendant**

7

                        ***DRAPER & RUBIN, P.L.C.***

                        /s David Draper
                        David Draper (P43750)
                        18580 Mack Avenue
                        Grosse Pointe Farms, Michigan 48236
                        (313) 885-6800
                        **Co-Counsel for Defendant**

Dated: July 20, 2005

## CERTIFICATE OF SERVICE

    The undersigned certifies that on this 20th Day of July, 2005, she/he did electronically file the preceding document, constituting service on plaintiff's counsel of record.

                              /s  Douglas A. Kuber
                              Attorney for Defendant

July 20, 2005