

ORIGINAL

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

MARIA LOTOCZKY,

     Plaintiff,

-v-

CONNECTED VENTURES, LLC,

     Defendant.

Case No. 04-74365
Honorable John Corbett O'Meara
Magistrate Judge R. Steven Whalen

---

SAKIS & SAKIS, PLC
Attorneys for Plaintiffs
By:   **Raymond S. Sakis**   (P19843)
      **Jason R. Sakis**   (P59525)
Suite 123
3250 West Big Beaver Road
Troy, Michigan 48084
248.649.1160

**DRAPER & RUBIN, P.C.**
By: David Draper (P43750)
Co-Counsel for Defendant
18580 Mack Avenue
Grosse Pointe Farms, Michigan 48236
313-885-6800

**KUBER LAW GROUP, P.C.**
By: Douglas A. Kuber
Attorney for Defendant
575 Madison Avenue, 10th Floor
New York, New York 10022
212-813-2680

SAKIS & SAKIS, P.L.C.
Attorneys at Law
3250 West Big Beaver Road, Suite 123
Troy, Michigan 48084
Telephone: 248.649.1160
Fax: 248.637.9737

---

# RESPONSE TO DEFENDANT'S MOTION TO RECOVER FEES AND EXPENSES

---

1.    Defendant, Connected Ventures, LLC, provided a Notice of Deposition of the Plaintiff to be conducted on June 21, 2004 at its local attorney's office in Southfield, Michigan. The Notice was sent to the Plaintiff attorney's office on May 17, 2005. (See Exhibit 1)

2.    The Notice of Deposition was sent to the Plaintiff's attorney, Sakis & Sakis, PLC along with Defendant's <u>Second</u> Set of Requests For Admission and Production of Documents. (See

Exhibit 2)

    3.      The Defendant's <u>First</u> Set of Discovery Requests was sent from local counsel's office and mailed to the Plaintiff's attorney on April 18, 2005. (See Exhibit 3)

    4.      Immediately upon receipt of the Defendant's First Discovery requests, the attorney for the Plaintiff sent the discovery requests to the Plaintiff (See Exhibit 4). That discovery request is still outstanding.

    5.      On May 23, 2005 the Plaintiff's attorneys, Sakis & Sakis, PLC wrote to the Plaintiff and <u>informed</u> her that her Deposition was scheduled for June 21, 2005 at 9:30 AM at the local attorney's office in Southfield. (See Exhibit 5)

    6.      That prior to the mailing of the Notice of taking Plaintiff's Deposition to the Plaintiff, Maria Lotoczky, the Plaintiff's attorneys, Sakis & Sakis, PLC were experiencing difficulty communicating with the Plaintiff. (Exhibit 6)

    7.      That prior to the scheduled Deposition of the Plaintiff, the Plaintiff's attorney notified the Plaintiff and Defendant attorney of his client's failure to cooperate with discovery requests and that they would seek to withdraw from representing her in this matter. (See Exhibit 7)

    8.      That the Defendant attorney was fully acquainted with the Plaintiff attorney's difficulty in contacting his client and the very likely possibility of the Plaintiff's non-appearance for the scheduled Deposition. (See Exhibit 8)

    9.      That on June 20, 2005, one day before the scheduled Deposition and after several days of attempting to contact the Defendant attorney, the attorney for the Plaintiff <u>again</u> contacted the Defendant attorney via telephone and indicated that the Deposition would not proceed due to the <u>continued</u> lack of communication between the Plaintiff and her attorney. (Exhibit 9)

    10.     That the Defendant attorney, being fully acquainted with the Plaintiff attorney's

SAKIS & SAKIS, P.L.C.
Attorneys at Law
3250 West Big Beaver Road, Suite 123
Troy, Michigan 48084
Telephone: 248.649.1160
Fax: 248.637.9737

ongoing difficulty in contacting his client, imprudently made arrangements to travel to Southfield, Michigan and appear for a deposition that in all probability would not occur. Moreover, Defendant attorney indicated via a written correspondence that he would not proceed with the Deposition of June 21, 2005 without prior review of the outstanding discovery materials. (See Defendant's correspondence dated May 27, 2005, Exhibit 10)

11.   That the Defendant attorney disregarded his knowledge of the Plaintiff attorneys' ongoing inability to obtain his client's cooperation since May, 2005.

12.   That the Defendant attorney disregarded his own self imposed review of discovery materials before June 3, 2005 and decided to travel to Detroit knowing that contact had not been made with the Plaintiff.

13.   That the Defendant attorney has repeatedly and inappropriately suggested that the Plaintiff's attorney is responsible for his client's failure to communicate and/or respond to discovery requests and appear for her deposition.

14.   That the Plaintiff's attorney has done all that can humanly be expected of him to notify and request that the Plaintiff appear for Deposition and/or respond to the continuing discovery requests.

WHEREFORE, Raymond Sakis prays that the Defendant's request for fees and expenses against the Plaintiff's attorney is inappropriate and should be denied.

SAKIS & SAKIS, PLC
Attorneys for Plaintiff

DATED:      July 26, 2005

By: _____
Raymond S. Sakis (19843)
Jason R. Sakis (P59525)
3250 West Big Beaver Rd., Ste. 123
Troy, Michigan 48084
248.649.1160

SAKIS & SAKIS, P.L.C.
Attorneys at Law
3250 West Big Beaver Road, Suite 123
Troy, Michigan 48084
Telephone: 248.649.1160
Fax: 248.637.9737

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIA LOTOCZKY,

                Plaintiff,              Hon. John Corbett O'Meara

v.                                   Case No. 04-74365

CONNECTED VENTURES, LLC,      Magistrate Judge R. Steven Whalen

                Defendant.

| | |
|---|---|
| SAKIS & SAKIS, PLC<br>By: Jason R. Sakis (P59525)<br>3250 West Big Beaver Rd., Ste. 123<br>Troy, Michigan 48084<br>(248) 649-1160<br><br>Attorneys for Plaintiff | |
| KUBER LAW GROUP, P.C.<br>By: Douglas A. Kuber<br>575 Madison Avenue, 10th Floor<br>New York, New York 10022<br>(212) 813-2680<br><br>Attorneys for Defendant | DRAPER & RUBIN, P.L.C.<br>By: David Draper (P43750)<br>18580 Mack Avenue<br>Grosse Pointe Farms, Michigan 48236<br>(313) 885-6800<br><br>Co-Counsel for Defendant |

## NOTICE OF DEPOSITION OF PLAINTIFF

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil

Procedure, defendant Connected Ventures, LLC will take the deposition of plaintiff

Maria Lotoczky ("Lotoczky"), which shall commence on June 21, 2004, at 9:30 a.m., at

the offices of Draper & Rubin, P.L.C., **located at 29800 Telegraph Rd., Southfield,**

**Michigan 48034.** The deposition will be recorded by stenographic means and by

videotape. The deposition will continue from day to day, excluding Saturdays, Sundays

and legal holidays, until completed, unless otherwise agreed by the attorneys for all

parties.

**_KUBER LAW GROUP, P.C._**

/s Douglas A. Kuber
Douglas A. Kuber
575 Madison Avenue, 10th Floor
New York, New York 10022
(212) 813-2680
**Attorneys for Defendant**


**_DRAPER & RUBIN, P.L.C._**

/s David Draper
David Draper (P43750)
18580 Mack Avenue
Grosse Pointe Farms, Michigan 48236
(313) 885-6800
**Co-Counsel for Defendant**

Dated: May 17, 2005

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 17th Day of May, 2005, she/he did cause to be served by United States mail a copy of this document on counsel of record for plaintiff.

/s __Douglas A. Kuber_____

May 17, 2005



# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**MARIA LOTOCZKY,**

          **Plaintiff,**

**v.**

**CONNECTED VENTURES, LLC,**

      **Defendant**.

**Hon. John Corbett O'Meara**
**Case No. 04-74365**
**Magistrate Judge R. Steven Whalen**

| | |
|---|---|
| SAKIS & SAKIS, PLC<br>By: Jason R. Sakis (P59525)<br>3250 West Big Beaver Rd., Ste. 123<br>Troy, Michigan 48084<br>(248) 649-1160<br><br>Attorneys for Plaintiff | |
| KUBER LAW GROUP, P.C.<br>By: Douglas A. Kuber<br>575 Madison Avenue, 10th Floor<br>New York, New York 10022<br>(212) 813-2680<br><br>Attorneys for Defendant | DRAPER & RUBIN, P.L.C.<br>By: David Draper (P43750)<br>18580 Mack Avenue<br>Grosse Pointe Farms, Michigan 48236<br>(313) 885-6800<br><br>Co-Counsel for Defendant |

## DEFENDANT'S SECOND SET OF REQUESTS FOR ADMISSION TO

## PLAINTIFF

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, defendant Connected

Ventures, LLC ("Connected") hereby requests that plaintiff Maria Lotoczky ("Lotoczky") admit

the truth of the following matters.

## DEFINITIONS

1.     These requests for admission incorporate by reference the Definitions found in

1

Rules 26-37 of the Federal Rules of Civil Procedure.

2.　　　The term "complaint" as used herein refers to the document entitled "Complaint and Demand for Jury Trial," dated November 2, 2004.

3.　　　The term "The Photograph" shall mean the photograph of the plaintiff which was allegedly posted on the CollegeHumor.com website.

4.　　　"You" and "your" shall mean plaintiff Maria Lotoczky.

5.　　　Any term which is not specifically defined herein shall be construed in accordance with that term's generally known and broadest possible meaning.

## INTERROGATORIES

**Request for Admission No. 9:**

Admit that you have worn in public a bikini bathing suit.

**Response to Request for Admission No. 9:**

**Request for Admission No. 10:**

Admit that you have worn in public shorts with a tank top.

**Response to Request for Admission No. 10:**

*KUBER LAW GROUP, P.C.*

/s Douglas A. Kuber
Douglas A. Kuber
575 Madison Avenue, 10th Floor
New York, New York 10022
(212) 813-2680
**Attorneys for Defendant**


*DRAPER & RUBIN, P.L.C.*

/s David Draper
David Draper (P43750)
18580 Mack Avenue
Grosse Pointe Farms, Michigan 48236
(313) 885-6800
**Co-Counsel for Defendant**

Dated: May 17, 2005

3

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 17[h] Day of May, 2005, she/he did cause to be served by United States mail a copy of this document on counsel of record for plaintiff.

/s    Douglas A. Kuber_____

May 17, 2005

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**MARIA LOTOCZKY,**

              **Plaintiff,**

**v.**

**CONNECTED VENTURES, LLC,**

        **Defendant.**

**Hon. John Corbett O'Meara**
**Case No. 04-74365**
**Magistrate Judge R. Steven Whalen**

| | |
|---|---|
| SAKIS & SAKIS, PLC<br>By: Jason R. Sakis (P59525)<br>3250 West Big Beaver Rd., Ste. 123<br>Troy, Michigan 48084<br>(248) 649-1160<br><br>Attorneys for Plaintiff | |
| KUBER LAW GROUP, P.C.<br>By: Douglas A. Kuber<br>575 Madison Avenue, 10th Floor<br>New York, New York 10022<br>(212) 813-2680<br><br>Attorneys for Defendant | DRAPER & RUBIN, P.L.C.<br>By: David Draper (P43750)<br>18580 Mack Avenue<br>Grosse Pointe Farms, Michigan 48236<br>(313) 885-6800<br><br>Co-Counsel for Defendant |

## DEFENDANT'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND/OR TANGIBLE THINGS TO PLAINTIFF

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Connected

Ventures, LLC ("Connected") hereby requests that plaintiff Maria Lotoczky

("Lotoczky") serve a written response within thirty (30) days after the service of this

request and produce for inspection and copying, in accordance with the Federal Rules of

Civil Procedure, the documents and/or tangible things designated below. These

documents and/or tangible things shall be produced on June 21, 2005, at 10:00 A.M. at the offices of Draper & Rubin, P.L.C., **29800 Telegraph Rd., Southfield, Michigan 48034.**

## DEFINITIONS AND INSTRUCTION

A.      As used herein, the words and phrases set out below shall have the meaning or meanings prescribed for them:

1.      "Document" or "documents" shall mean every original (and every copy of any original or copy which differs in any way from any original) of every writing, photograph or recording of every kind or description, whether handwritten, typed, drawn, printed, or recorded by any physical, mechanical, electronic or electrical means whatsoever, including without limitation statements prepared by investigators, statements of employees, books, electronic mail, records, papers, pamphlets, brochures, circulars, advertisements, specifications, blueprints, maps, plats, surveys, drawings, sketches, graphs, charts, plans, tests, laboratory or engineering reports, measurements, models, correspondence, communications, telegrams, memoranda, notes, notebooks, worksheets, reports, lists, analyses, summaries, ledgers, books of original entry, journals, accounts, audits, inventories, tax returns, unemployment compensation forms, financial statements, profit and loss statements, cash flow statements, balance sheets, annual or other periodic reports, budgets, prospectuses, registrations, solicitations, minutes, stock ledgers, stock certificates, certificates of deposit, time accounts, passbooks, securities, licenses, permits, calendars, appointment books, diaries, telephone bills and toll call records, expense reports, commission statements,

2

itineraries, agendas, wage and payroll records, employment and personnel records, checkbooks, check stubs, bank statements, canceled checks, receipts, cash disbursements, ledgers, contracts, agreements, instruments, assignments, applications, authorizations, offers, acceptances, bids, proposals, financing statements, documents of title, appraisals, purchase orders, invoices, bills or statements of account, bills of lading, written memorials of oral communications, forecasts, photographs, photographic slides or negatives, films, filmstrips, audio tapes, video tapes and recordings.

2.      "Person" or "persons" shall mean each and every individual, corporation, partnership, joint venture, social or political organization or any other entity, whether real or judicial or incorporated or unincorporated, encompassed within the usual and customary meaning of "person" or "persons" or otherwise encompassed without this definition.

3.      "Relate" or "relating to" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

4.      "Relied upon" shall mean being or having been depended upon or referred to or being or having been arguably appropriate for such reliance.

5.      "Interrogatories" shall mean Defendant's First Set of Interrogatories to Plaintiff.

6.      "Plaintiff" shall mean Maria Lotoczky.

7.      "Defendant" shall mean Connected Ventures, LLC, its employees, agents, representatives, affiliates, or contracted parties.

3

8.      The term "The Photograph" shall mean the photograph of the plaintiff which was allegedly posted on the CollegeHumor.com website.

B.      In construing these requests:

1.      The singular shall include the plural and the plural shall include the singular.

2.      A masculine, feminine or neuter pronoun shall not exclude the other genders.

3.      Plaintiff shall segregate documents to be produced in response hereto according to the paragraph to which they are responsive. Plaintiff shall identify in writing any paragraph of this request for which no response or documents are produced.

C.      This Request calls for the production of all original documents which are within Plaintiff's possession, custody or control. In addition, this Request calls for the production of all copies of such documents and any drafts thereof, preliminary or otherwise, which are within Plaintiff's possession, custody or control.

D.      If any document described herein was, but no longer is, within Plaintiff's possession, custody, or control, please state in detail:

(a)     a summary of the contents of the document;

(b)     what disposition was made of it;

(c)     the date of this disposition;

(d)     whether the original or a copy of the document is within the possession, custody or control of any other person, corporation or entity; and

(e)     if the answer to (d) is affirmative, the identity of that person, corporation

4

or entity.

E.      In the event that any document requested is withheld on the basis of a claim of privilege, that document shall be identified by setting forth, in a privileged document log to be provided on or before the document production, the following information:

(a)     the name(s) of its author(s);

(b)     the name(s) of its recipient(s);

(c)     its date;

(d)     the name of each person or persons (other than stenographic or clerical assistants) participating in its preparation;

(e)     the date on which the document was received by those having possession, custody or control of it;

(f)     the name and address of each person, if any, to whom its contents have been communicated by copy, exhibition, reading or substantial summarization;

(g)     a brief description of its nature and subject matter;

(h)     the statute, rule or decision which is claimed to give rise to the privilege or a summary of the basis upon which it is being withheld;

(i)     its present custodian and location;

(j)     its attachments;

(k)     the number of its pages, attachments or appendices;

(l)     whether it is handwritten, typewritten or otherwise prepared; and

(m)     the number of the request to which it is responsive.

5

F.      If, for reasons other than a claim of privilege, Plaintiff refuses to produce any document called for by this Request, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of its propriety.

G.      These Requests shall be deemed continuing in nature so as to require further and supplemental answers in accordance with the Federal Rules of Civil Procedure.

## DOCUMENTS AND/OR TANGIBLE THINGS REQUESTED

16.     The article(s) of clothing worn by Plaintiff in The Photograph.

**Response to Request No. 16:**

17.     Any and all bikini bathing suits ever worn in public by Plaintiff.

**Response to Request No. 17:**

18.     Any and all shorts and tank tops ever worn together in public by Plaintiff.

**Response to Request No. 18:**

19.     Any and all photographs of Plaintiff published anywhere (e.g., newspaper,

6

magazine, leaflet, brochure, school yearbook, etc.).

**Response to Request No. 19:**

 

20.    Any and all photographs of Plaintiff on a motorcycle.

**Response to Request No. 20:**

 

*KUBER LAW GROUP, P.C.*

/s Douglas A. Kuber
Douglas A. Kuber
575 Madison Avenue, 10th Floor
New York, New York 10022
(212) 813-2680
**Attorneys for Defendant**

*DRAPER & RUBIN, P.L.C.*

/s David Draper
David Draper (P43750)
18580 Mack Avenue
Grosse Pointe Farms, Michigan 48236
(313) 885-6800
**Co-Counsel for Defendant**

Dated: May 17, 2005

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 17th Day of May, 2005, she/he did cause to be served by United States mail a copy of this document on counsel of record for plaintiff.

/s       Douglas A. Kuber

May 17, 2005

3

# DRAPER & RUBIN, P.L.C.

*Attorneys & Counselors at Law*

David R. Draper   **Wayne County Office**   david@draper-rubin.com

18580 Mack Ave,
Grosse Pointe Farms, Michigan 48236
(313) 885-6800 – Phone
(313) 885-6801 – Fax
www.draper-rubin.com

April 18, 2005

Mr. Jason R. Sakis
Sakis & Sakis, PLC
3250 West Big Beaver Rd., Ste. 123
Troy MI 48084

RE:   Lotoczky v Connected Ventures
Case No. 04-74365

Dear Mr. Sakis:

Enclosed please find Defendant's First Set of Requests for Admission to Plaintiff,
Defendant's First Set of Requests for Production of Documents to Plaintiff and
Defendant's First Set of Interrogatories to Plaintiff along with Proof of Services
regarding the above-mentioned case.

Thank you for your attention to this matter.

Very truly yours,

DAVID R. DRAPER

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIA LOTOCZKY,

                Plaintiff,

v.

CONNECTED VENTURES, LLC,

           Defendant.

Hon. John Corbett O'Meara
Case No. 04-74365
Magistrate Judge R. Steven Whalen

| | |
|---|---|
| SAKIS & SAKIS, PLC<br>By: Jason R. Sakis (P59525)<br>3250 West Big Beaver Rd., Ste. 123<br>Troy, Michigan 48084<br>(248) 649-1160<br><br>Attorneys for Plaintiff | |
| KUBER LAW GROUP, P.C.<br>By: Douglas A. Kuber<br>575 Madison Avenue, 10th Floor<br>New York, New York 10022<br>(212) 813-2680<br><br>Attorneys for Defendant | DRAPER & RUBIN, P.L.C.<br>By: David Draper (P43750)<br>18580 Mack Avenue<br>Grosse Pointe Farms, Michigan 48236<br>(313) 885-6800<br><br>Co-Counsel for Defendant |

## DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Connected

Ventures, LLC ("Connected") hereby requests that plaintiff Maria Lotoczky

("Lotoczky") serve a written response within thirty (30) days after the service of this

request and produce for inspection and copying, in accordance with the Federal Rules of

Civil Procedure, the documents designated below.  These documents shall be produced

on May 16, 2005, at 10:00 A.M. at the offices of Draper & Rubin, P.L.C., 18580 Mack

Avenue, Grosse Pointe Farms, Michigan 48236.

## DEFINITIONS AND INSTRUCTION

A.      As used herein, the words and phrases set out below shall have the

meaning or meanings prescribed for them:

1.      "Document" or "documents" shall mean every original (and every

copy of any original or copy which differs in any way from any original) of every

writing, photograph or recording of every kind or description, whether

handwritten, typed, drawn, printed, or recorded by any physical, mechanical,

electronic or electrical means whatsoever, including without limitation statements

prepared by investigators, statements of employees, books, electronic mail,

records, papers, pamphlets, brochures, circulars, advertisements, specifications,

blueprints, maps, plats, surveys, drawings, sketches, graphs, charts, plans, tests,

laboratory or engineering reports, measurements, models, correspondence,

communications, telegrams, memoranda, notes, notebooks, worksheets, reports,

lists, analyses, summaries, ledgers, books of original entry, journals, accounts,

audits, inventories, tax returns, unemployment compensation forms, financial

statements, profit and loss statements, cash flow statements, balance sheets,

annual or other periodic reports, budgets, prospectuses, registrations, solicitations,

minutes, stock ledgers, stock certificates, certificates of deposit, time accounts,

passbooks, securities, licenses, permits, calendars, appointment books, diaries,

telephone bills and toll call records, expense reports, commission statements,

itineraries, agendas, wage and payroll records, employment and personnel

records, checkbooks, check stubs, bank statements, canceled checks, receipts, cash disbursements, ledgers, contracts, agreements, instruments, assignments, applications, authorizations, offers, acceptances, bids, proposals, financing statements, documents of title, appraisals, purchase orders, invoices, bills or statements of account, bills of lading, written memorials of oral communications, forecasts, photographs, photographic slides or negatives, films, filmstrips, audio tapes, video tapes and recordings.

2.      "Person" or "persons" shall mean each and every individual, corporation, partnership, joint venture, social or political organization or any other entity, whether real or judicial or incorporated or unincorporated, encompassed within the usual and customary meaning of "person" or "persons" or otherwise encompassed without this definition.

3.      "Relate" or "relating to" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

4.      "Relied upon" shall mean being or having been depended upon or referred to or being or having been arguably appropriate for such reliance.

5.      "Interrogatories" shall mean Defendant's First Set of Interrogatories to Plaintiff.

6.      "Plaintiff" shall mean Maria Lotoczky.

7.      "Defendant" shall mean Connected Ventures, LLC, its employees, agents, representatives, affiliates, or contracted parties.

8.      The term "The Photograph" shall mean the photograph of the

plaintiff which was allegedly posted on the CollegeHumor.com website.

B.     In construing these requests:

1.     The singular shall include the plural and the plural shall include the singular.

2.     A masculine, feminine or neuter pronoun shall not exclude the other genders.

3.     Plaintiff shall segregate documents to be produced in response hereto according to the paragraph to which they are responsive. Plaintiff shall identify in writing any paragraph of this request for which no response or documents are produced.

C.     This Request calls for the production of all original documents which are within Plaintiff's possession, custody or control. In addition, this Request calls for the production of all copies of such documents and any drafts thereof, preliminary or otherwise, which are within Plaintiff's possession, custody or control.

D.     If any document described herein was, but no longer is, within Plaintiff's possession, custody, or control, please state in detail:

(a)     a summary of the contents of the document;

(b)     what disposition was made of it;

(c)     the date of this disposition;

(d)     whether the original or a copy of the document is within the possession, custody or control of any other person, corporation or entity; and

(e)     if the answer to (d) is affirmative, the identity of that person, corporation or entity.

E.     In the event that any document requested is withheld on the basis of a claim of privilege, that document shall be identified by setting forth, in a privileged document log to be provided on or before the document production, the following information:

(a)     the name(s) of its author(s);

(b)     the name(s) of its recipient(s);

(c)     its date;

(d)     the name of each person or persons (other than stenographic or clerical assistants) participating in its preparation;

(e)     the date on which the document was received by those having possession, custody or control of it;

(f)     the name and address of each person, if any, to whom its contents have been communicated by copy, exhibition, reading or substantial summarization;

(g)     a brief description of its nature and subject matter;

(h)     the statute, rule or decision which is claimed to give rise to the privilege or a summary of the basis upon which it is being withheld;

(i)     its present custodian and location;

(j)     its attachments;

(k)     the number of its pages, attachments or appendices;

(l)     whether it is handwritten, typewritten or otherwise prepared; and

(m)     the number of the request to which it is responsive.

F.     If, for reasons other than a claim of privilege, Plaintiff refuses to produce

any document called for by this Request, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of its propriety.

      G.     These Requests shall be deemed continuing in nature so as to require further and supplemental answers in accordance with the Federal Rules of Civil Procedure.

### DOCUMENTS REQUESTED

      1.  Any and all documents referred or related to, or upon which Plaintiff relied, in answering the Interrogatories.

**Response to Request No. 1:**

      2.  Any and all documents relating to or which constitute The Photograph.

**Response to Request No. 2:**

      3.  Any and all documents which constitute copies of any and all of the information and photographs which were contained on the computer disk referred to in Paragraph 19 of the Complaint.

**Response to Request No. 3:**

4.  Any and all documents relating to or memorializing any emails sent to GMAC employees which contained a link to The Photograph.

**Response to Request No. 4:**

5.  Any and all documents relating to or memorializing any communication, direct or indirect, between Plaintiff and Defendant.

**Response to Request No. 5:**

6.  Any and all documents relating to or memorializing any communication, direct or indirect, between Plaintiff and GMAC, including but not limited to any employee thereof, relating either to the reasons why Plaintiff left or was terminated from GMAC, or to The Photograph.

**Response to Request No. 6:**

7.  Any and all documents relating to the "severe emotional pain and suffering," "shame," "humiliation," "extreme mental suffering", "pain," embarrassment," emotional

distress," and "severe mental pain" Plaintiff alleges resulted from any act by the Defendant including, but not limited to, documents relating to consultations with or treatment Plaintiff received from any health care provider (e.g., medical doctor, psychologist, etc.) for such alleged injuries.

**Response to Request No. 7:**

 

8.   Any and all documents, relating to or memorializing any communication, direct or indirect, between Plaintiff and any law enforcement agency relating to the alleged theft of the computer disk referred to in Paragraph 19 of the Complaint including, but not limited to, any police report.

**Response to Request No. 8:**

 

9.   Any and all statements, written or otherwise, obtained from anyone who was interviewed or questioned by Plaintiff or on Plaintiff's behalf in connection with the controversy herein.

**Response to Request No. 9:**

10.  Any and all documents which in any way substantiate any or all of the allegations alleged by Plaintiff in her Complaint against Defendant.

**Response to Request No. 10:**

11.  Any and all documents which in any way substantiate any or all of the damages alleged by Plaintiff in its Complaint against Defendant.

**Response to Request No. 11:**

12.  Any and all documents relating to Plaintiff's employment with GMAC, including but not limited to, records of income, benefits any other compensation, disciplinary actions (e.g., reprimands, warnings, restrictions suspensions, separations and terminations).

**Response to Request No. 12:**

13. Any and all documents relating to Plaintiff's efforts, if any, to obtain employment since leaving GMAC.

**Response to Request No. 13:**

14. Any and all documents relating to Plaintiff's attempts, if any, to mitigate the damages alleged in the Complaint.

**Response to Request No. 14:**

15. Any and all documents which support each response by you to the First Set of Requests for Admission to Defendant, served concurrently herewith, which was anything other than an unqualified admission.

**Response to Request No. 15:**

*KUBER LAW GROUP, P.C.*

/s Douglas A. Kuber
Douglas A. Kuber
575 Madison Avenue, 10th Floor
New York, New York 10022
(212) 813-2680
**Attorneys for Defendant**

*DRAPER & RUBIN, P.L.C.*

/s David Draper
David Draper (P43750)
18580 Mack Avenue
Grosse Pointe Farms, Michigan 48236
(313) 885-6800
**Co-Counsel for Defendant**

Dated: April 15, 2005

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 18th Day of April, 2005, she/he did cause to be served by United States mail a copy of this document on counsel of record for plaintiff.

/s _Susan Cichoski_

April 18, 2005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIA LOTOCZKY,

          **Plaintiff,**

v.

CONNECTED VENTURES, LLC,

          Defendant.

Hon. John Corbett O'Meara
Case No. 04-74365
Magistrate Judge R. Steven Whalen

| | |
|---|---|
| SAKIS & SAKIS, PLC<br>By: Jason R. Sakis (P59525)<br>3250 West Big Beaver Rd., Ste. 123<br>Troy, Michigan 48084<br>(248) 649-1160<br><br>Attorneys for Plaintiff | |
| KUBER LAW GROUP, P.C.<br>By: Douglas A. Kuber<br>575 Madison Avenue, 10th Floor<br>New York, New York 10022<br>(212) 813-2680<br><br>Attorneys for Defendant | DRAPER & RUBIN, P.L.C.<br>By: David Draper (P43750)<br>18580 Mack Avenue<br>Grosse Pointe Farms, Michigan 48236<br>(313) 885-6800<br><br>Co-Counsel for Defendant |

## DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant Connected Ventures, LLC ("Connected") hereby requests that plaintiff Maria Lotoczky ("Lotoczky") answer the following Interrogatories, separately and fully, in writing and under oath.

## DEFINITIONS

1.     These interrogatories incorporate by reference the Definitions found in Rules 26-37 of the Federal Rules of Civil Procedure.

1

2.      The term "identify" shall mean, with respect to a communication, to set forth (a) the parties to the communication, (b) the means of communication (including whether the communication was written or oral), (c) the date of the communication, (d) the location of the communication, (e) the duration of the communication, and (f) the sum and substance of the communication.

3.      The term "identify" shall mean, with respect to a person, to set forth (a) the persons name, (b) work and home addresses, (c) work and home telephone numbers, and (d) a description of such person's relationship to the plaintiff (e.g., friend, employee, co-worker, etc.), if any.

4.      The term "complaint" as used herein refers to the document entitled "Complaint and Demand for Jury Trial," dated November 2, 2004.

5.      The term "The Photograph" shall mean the photograph of the plaintiff which was allegedly posted on the CollegeHumor.com website.

6.      "You" and "your" shall mean plaintiff Maria Lotoczky.

## INSTRUCTIONS

1.      In answering these Interrogatories, you must furnish all information known or available to you regardless of whether this information is possessed: directly by you, your agents, representatives, or investigators; by your present or former attorneys or their agents, employees, representatives, or investigators; or by any other legal entities controlled by or in any manner affiliated with you.

2.      If any of these Interrogatories cannot be answered in full, answer to the extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information, knowledge, or belief you have concerning the unanswered portion.

2

3.      These Interrogatories are continuing in nature.  If, at any time after service of the initial answers hereto and prior to the trial of this action, you obtain additional information responsive to these interrogatories, you are required promptly to supplement or amend your answers hereto in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

4.      If any of the information requested is not disclosed or produced on the ground of any privilege, identify such privilege by name, describe the basis of the privilege claimed and describe the information purportedly subject to such claim of privilege in whatever detail you would present to the Court in order to enable it to decide if the privilege has been properly invoked.  To the extent any information allegedly supporting any claim of privilege is not set forth in response hereto, but later submitted to the Court in support of such claimed privilege, we will argue that such later-submitted information should be rejected by the Court because you failed to disclose it in response hereto.

5.      Any term which is not specifically defined herein shall be construed in accordance with that term's generally known and broadest possible meaning.

## INTERROGATORIES

**Interrogatory No. 1:**

Identify all persons whom you allege received emails linked to CollegeHumor.com, which directed the viewer to The Photograph.

**Response to Interrogatory No. 1:**

**Interrogatory No. 2:**

Identify all persons who have, to your knowledge, ever viewed The Photograph.

3

**Response to Interrogatory No. 2:**

**Interrogatory No. 3:**

Identify all persons whom you allege viewed The Photograph as a result of its posting on the CollegeHumor.com website.

**Response to Interrogatory No. 3:**

**Interrogatory No. 4:**

Identify all persons referred to in the Complaint as having been employed by GMAC including, but not limited to, those referred to therein as "employees," "supervisory personnel," "colleagues," "supervisors," "co-workers," and "management."

**Response to Interrogatory No. 4:**

**Interrogatory No. 5:**

Identify all persons who had access to the computer disk referred to in Paragraph 18 of

4

the Complaint, sufficient to permit them to have unlawfully taken it from your house, as alleged

in the Complaint.

**Response to Interrogatory No. 5:**

**Interrogatory No. 6:**

Identify all persons present at the time The Photograph was taken including, but not

limited to, the photographer thereof.

**Response to Interrogatory No. 6:**

**Interrogatory No. 7:**

Identify all persons whom you intended to include within the references in your

Complaint to "professional colleagues" and "her community."

**Response to Interrogatory No. 7:**

**Interrogatory No. 8:**

Identify each and every health care provider (e.g., medical doctor, psychologist, etc.), if any, with whom you consulted or from whom you received treatment for any injury including, but not limited to, "severe emotional pain and suffering," "shame," "humiliation," "extreme mental suffering", "pain," embarrassment," emotional distress," and "severe mental pain" you allege resulted from any act by the defendant.

**Response to Interrogatory No. 8:**

**Interrogatory No. 9:**

Identify all persons with knowledge of the allegations set forth in the Complaint.

**Response to Interrogatory No. 9:**

**Interrogatory No. 10:**

Identify all communications with GMAC, or any of its employees, with respect to The Photograph.

**Response to Interrogatory No. 10:**

6

**Interrogatory No. 11:**

For <u>each</u> element of damages you are seeking in the Complaint including, but not limited to, damages for "non-pecuniary losses," and "back pay and other lost wages and benefits lost," state the amount, describe the method by which such amount was calculated, and identify all documents which support the existence of each such element.

**Response to Interrogatory No. 11:**

**Interrogatory No. 12:**

For each response by you to the First Set of Requests for Admission to Defendant, served concurrently herewith, which was anything other than an unqualified admission, please state each and every fact which supports each such response.

**Response to Interrogatory No. 12:**

*KUBER LAW GROUP, P.C.*

/s Douglas A. Kuber
Douglas A. Kuber
575 Madison Avenue, 10th Floor
New York, New York 10022
(212) 813-2680
**Attorneys for Defendant**

7

*DRAPER & RUBIN, P.L.C.*

/s David Draper
David Draper (P43750)
18580 Mack Avenue
Grosse Pointe Farms, Michigan 48236
(313) 885-6800
**Co-Counsel for Defendant**

Dated: April 15, 2005

8

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 18th Day of April, 2005, she/he did cause to be served by United States mail a copy of this document on counsel of record for plaintiff.

/s _Susan Cichoski_

April 18, 2005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIA LOTOCZKY,

    **Plaintiff,**

v.

CONNECTED VENTURES, LLC,

    Defendant.

Hon. John Corbett O'Meara
Case No. 04-74365
Magistrate Judge R. Steven Whalen

| | |
|---|---|
| SAKIS & SAKIS, PLC<br>By: Jason R. Sakis (P59525)<br>3250 West Big Beaver Rd., Ste. 123<br>Troy, Michigan 48084<br>(248) 649-1160<br><br>Attorneys for Plaintiff | |
| KUBER LAW GROUP, P.C.<br>By: Douglas A. Kuber<br>575 Madison Avenue, 10th Floor<br>New York, New York 10022<br>(212) 813-2680<br><br>Attorneys for Defendant | DRAPER & RUBIN, P.L.C.<br>By: David Draper (P43750)<br>18580 Mack Avenue<br>Grosse Pointe Farms, Michigan 48236<br>(313) 885-6800<br><br>Co-Counsel for Defendant |

## DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, defendant Connected

Ventures, LLC ("Connected") hereby requests that plaintiff Maria Lotoczky ("Lotoczky") admit

the truth of the following matters.

## DEFINITIONS

1.  These requests for admission incorporate by reference the Definitions found in

Rules 26-37 of the Federal Rules of Civil Procedure.

1

2.      The term "complaint" as used herein refers to the document entitled "Complaint and Demand for Jury Trial," dated November 2, 2004.

3.      The term "The Photograph" shall mean the photograph of the plaintiff which was allegedly posted on the CollegeHumor.com website.

4.      "You" and "your" shall mean plaintiff Maria Lotoczky.

5.      Any term which is not specifically defined herein shall be construed in accordance with that term's generally known and broadest possible meaning.

## INTERROGATORIES

**Request for Admission No. 1:**

Admit that you left or were terminated from the employ of GMAC for reasons unrelated to any act by defendant.

**Response to Request for Admission No. 1:**

**Request for Admission No. 2:**

Admit that you have not received treatment from any medical professional for any injuries alleged in the complaint..

**Response to Request for Admission No. 2:**

**Request for Admission No. 3:**

Admit that there is no documentary evidence to support any of the damages sought in the

2

complaint.

**Response to Request for Admission No. 3:**

**Request for Admission No. 4:**

Admit that there is no documentary evidence to support any damages resulting from any mental or physical injury or invasion of privacy alleged in the complaint.

**Response to Request for Admission No. 4:**

**Request for Admission No. 5:**

Admit that there is no documentary evidence to support the existence of any mental or physical injury alleged in the complaint.

**Response to Request for Admission No. 5:**

**Request for Admission No. 6:**

Admit that there is no documentary evidence to support your reputation having been damaged as a result of any act by defendant.

**Response to Request for Admission No. 6:**

3

**Request for Admission No. 7:**

Admit that there is no evidence defendant sent or transmitted any emails to anyone at

GMAC.

**Response to Request for Admission No. 7:**




**Request for Admission No. 8:**

Admit that you never reported to any law enforcement agency the theft alleged in

Paragraphs 19 and 28 of the complaint.

**Response to Request for Admission No. 8:**




*KUBER LAW GROUP, P.C.*

/s Douglas A. Kuber_____
Douglas A. Kuber
575 Madison Avenue, 10th Floor
New York, New York 10022
(212) 813-2680
**Attorneys for Defendant**

4

*DRAPER & RUBIN, P.L.C.*

/s David Draper
David Draper (P43750)
18580 Mack Avenue
Grosse Pointe Farms, Michigan 48236
(313) 885-6800
**Co-Counsel for Defendant**

Dated: April 15, 2005

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 18th Day of April, 2005, she/he did cause to be served by United States mail a copy of this document on counsel of record for plaintiff.

/s _Sussan Cickoski_

April 18, 2005

6

4