# SAKIS & SAKIS

### ATTORNEYS AND COUNSELORS
*Professional Limited Liability Company*
3250 West Big Beaver Road, Suite 123
Troy, Michigan 48084
Tel: (248) 649-1160   Fax: (248) 637-9737

Jason R. Sakis
E-mail: jasonsakis@sakislaw.com

www.sakislaw.com

April 20, 2005

Maria Lotoczky
3649 Karen Parkway, Ste. 301
Waterford, Michigan 48328

   Re: Maria Lotoczky v. Connected Ventures, LLC
       Case No. 04-74365

Dear Ms. Lotoczky:

   Please find enclosed Defendant's First Set of Requests for Admissions to Plaintiff.
Defendant's First Set of Requests for Production of Documents to Plaintiff and Defendant's
First Set of Interrogatories to Plaintiff. regarding the above referenced matter.

   Please answer and provide the requested documents to the best of your ability and
return to our office as soon as possible in the self addressed stamped envelope provided..

   Thank you for your attention to this matter.

                                             Respectfully,

                                             SAKIS & SAKIS, PLC

                                             Raymond S. Sakis

Enclosure

5

# SAKIS & SAKIS

ATTORNEYS AND COUNSELORS
*Professional Limited Liability Company*
3250 West Big Beaver Road, Suite 123
Troy, Michigan 48084
Tel: (248) 649-1160    Fax: (248) 637-9737

Jason R. Sakis
E-mail: jasonsakis@sakislaw.com

www.sakislaw.com

May 23, 2005

Maria Lotoczky
650 Red Oak Lane
Rochester, Michigan 48307

> Re:  Maria Lotoczky v. Connected Ventures, LLC
> Case No. 04-74365

Dear Ms. Lotoczky:

Please find enclosed a copy of the Notice of Deposition regarding the above referenced matter.

Please note that the **Deposition** will be held on **Monday, June 21, 2005 at 9:30 AM** at the offices of Draper & Rubin, P.L.C. located at **29800 Telegraph Road, Southfield, Michigan 48034.**

Also find enclosed Defendant's Second Set of Requests For Production Of Documents and/Or Tangible Things To Plaintiff and Defendant's Second Set of Requests For Admission To Plaintiff. Please answer and provide the requested documents an/or tangible things to the best of your ability and return to our office as soon as possible in the self addressed stamped envelope provided.

Please contact our office if you have any questions or concerns.

Respectfully,

SAKIS & SAKIS, PLC

Jason R. Sakis

6

# SAKIS & SAKIS

ATTORNEYS AND COUNSELORS
*Professional Limited Liability Company*
3250 West Big Beaver Road, Suite 123
Troy, Michigan 48084
Tel: (248) 649-1160   Fax: (248) 637-9737

Jason R. Sakis
E-mail: jasonsakis@sakislaw.com

www.sakislaw.com

May 11, 2005

Maria Lotoczky
650 Red Oak Lane
Rochester, Michigan 48307

      Re:  Maria Lotoczky v. Connected Ventures, LLC
          Case No. 04-74365

Dear Ms. Lotoczky:

This will confirm that your answers to the Defendant's discovery requests are long overdue. As we mentioned in the previous letter and on your voicemail, it is imperative that you provide us with your answers as soon as possible. They are due with the Court on May 16, 2005. If the requests for admissions are not answered they are deemed to be admitted, so it is very important that you answer them.

Thank you for your assistance.

Respectfully,

SAKIS & SAKIS, PLC

Jason R. Sakis

# SAKIS & SAKIS

ATTORNEYS AND COUNSELORS
*Professional Limited Liability Company*
3250 West Big Beaver Road, Suite 123
Troy, Michigan 48084
Tel: (248) 649-1160   Fax: (248) 637-9737

Jason R. Sakis
E-mail: jasonsakis@sakislaw.com

www.sakislaw.com

May 18, 2005

**VIA CERTIFIED MAIL**
Maria Lotoczky
650 Red Oak Lane
Rochester, Michigan 48307

    Re:  Maria Lotoczky v. Connected Ventures, LLC
          Case No. 04-74365

Dear Ms. Lotoczky:

    This letter will confirm that you have failed to provide us with answers to the defendant's interrogatories, requests for documents and requests for admissions.  As you know, you case will be adversely affected by the failure to answer those questions.

Respectfully,

SAKIS & SAKIS, PLC

---

**U.S. Postal Service**™
CERTIFIED MAIL   RECEIPT

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Maria Lotoczky
650 Red Oak Lane
Rochester, Michigan 48307

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery
                5-20-05

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
  ☐ Certified Mail    ☐ Express Mail
  ☐ Registered      ☐ Return Receipt for Merchandise
  ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7003 1680 0000 6914 1242

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540



# SAKIS & SAKIS

### ATTORNEYS AND COUNSELORS
*Professional Limited Liability Company*
3250 West Big Beaver Road, Suite 123
Troy, Michigan 48084
Telephone (248) 649-1160    Facsimile (248) 637-9737

Raymond S. Sakis
Jason R. Sakis
Dennis J. Grifka

www.sakislaw.com

**June 2, 2005**

Maria Lotoczky
650 Red Oak Lane
Rochester, Michigan 48307

> **Re:**   **Maria Lotoczky v Conected Ventures, LLC**
> **Case No. 04-74365**

Dear Ms. Lotoczky:

Please find enclosed Plaintiff Counsel's Motion To Withdraw From Representation, Notice of Hearing, and Certificate of Service regarding the above referenced matter.

Respectfully,

SAKIS & SAKIS, PLC

*Jason R. Sakis/J.W.*

Jason R. Sakis

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

MARIA LOTOCZKY,

     Plaintiff,

-v-

CONNECTED VENTURES, LLC,

     Defendant.

Case No. 04-74365
Honorable John Corbett O'Meara
Magistrate Judge R. Steven Whalen

---

SAKIS & SAKIS, PLC
Attorneys for plaintiffs
By:   **Raymond S. Sakis**   (P19843)
      **Jason R. Sakis**    (P59525)
Suite 123
3250 West Big Beaver Road
Troy, Michigan 48084
248.649.1160

**DRAPER & RUBIN, P.C.**
By: David Draper (P43750)
Co-Counsel for Defendant
18580 Mack Avenue
Grosse Pointe Farms, Michigan 48236
313-885-6800

**KUBER LAW GROUP, P.C.**
By: Douglas A. Kuber
Attorney for Defendant
575 Madison Avenue, 10th Floor
New York, New York 10022
212-813-2680

---

# CERTIFICATE OF SERVICE

    The undersigned hereby avers and affirms that a copy of *Plaintiff Counsel's Motion to Withdraw From Representation, Notice of Hearing and Certificate of Service* were served upon defense counsel at the address listed below, on June 2, 2005, via first class mail.

        Douglas A. Kuber
        Attorney for Defendant
        575 Madison Avenue, 10th Floor
        New York, New York 10022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIA LOTOCZKY,

      Plaintiff,

-v-

CONNECTED VENTURES, LLC,

      Defendant.

Case No. 04-74365
Honorable John Corbett O'Meara
Magistrate Judge R. Steven Whalen

---

SAKIS & SAKIS, PLC
Attorneys for plaintiffs
By:   **Raymond S. Sakis**   (P19843)
       **Jason R. Sakis**     (P59525)
Suite 123
3250 West Big Beaver Road
Troy, Michigan 48084
248.649.1160

**KUBER LAW GROUP, P.C.**
By: Douglas A. Kuber
Attorney for Defendant
575 Madison Avenue, 10th Floor
New York, New York 10022
212-813-2680

**DRAPER & RUBIN, P.C.**
By: David Draper (P43750)
Co-Counsel for Defendant
18580 Mack Avenue
Grosse Pointe Farms, Michigan 48236
313-885-6800

---

# CERTIFICATE OF SERVICE

The undersigned hereby avers and affirms that a copy of *Plaintiff Counsel's Motion to Withdraw From Representation, Notice of Hearing and Certificate of Service* were served upon the plaintiff at the address listed below, on June 2, 2005, via first class mail:

      **Maria Lotoczky**
      650 Red Oak Lane
      Rochester, Michigan 48307

                            *JoAnne Weeks*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARIA LOTOCZKY,

      Plaintiff,

-v-

CONNECTED VENTURES, LLC,

      Defendant.

Case No. 04-74365
Honorable John Corbett O'Meara
Magistrate Judge R. Steven Whalen

---

**SAKIS & SAKIS, PLC**
Attorneys for plaintiffs
By:  **Raymond S. Sakis**  (P19843)
      **Jason R. Sakis**   (P59525)
Suite 123
3250 West Big Beaver Road
Troy, Michigan 48084
248.649.1160

**DRAPER & RUBIN, P.C.**
By: David Draper (P43750)
Co-Counsel for Defendant
18580 Mack Avenue
Grosse Pointe Farms, Michigan 48236
313-885-6800

**KUBER LAW GROUP, P.C.**
By: Douglas A. Kuber
Attorney for Defendant
575 Madison Avenue, 10th Floor
New York, New York 10022
212-813-2680

---

**PLAINTIFF COUNSEL'S MOTION**
**TO WITHDRAW FROM REPRESENTATION**

NOW COMES the plaintiff, MARIA LOTOCZKY, through her attorneys, SAKIS & SAKIS, and for the law firm of Sakis & Sakis, states as follows:

SAKIS & SAKIS, P.L.C.
Attorneys at Law
3250 W. Big Beaver Rd., Ste. 123
Troy, MI 48084
Telephone: (248) 649-1160
Facsimile: (248) 637-9737

1.    The facts recited herein demonstrate that the attorney/client relationship in this case has deteriorated such that the plaintiff refuses to communicate with the law firm of Sakis & Sakis.

2.    A letter was sent to the plaintiff along with Defendant's First Set of Interrogatories and Requests for Admissions along with an explanation indicating that she must answer the requests within a timely fashion.  The aforementioned letter and materials were sent to her on April 20, 2005. (Exhibit 1).

3.    After receiving no indication of forthcoming answers or documents, a call was placed to the plaintiff by the law firm of Sakis & Sakis on May 11, 2005 to remind her of the legal duty to return timely answers and documents so that they could be properly returned over to the defendant. During that conversation, the plaintiff acknowledged her obligation and promised to return the materials forthwith to the law firm of Sakis & Sakis.

4.    In addition to the phone call made by Sakis & Sakis on May 11, 2005, a letter was mailed to the plaintiff reminding her of the importance of returning the desired materials and the adverse impact her refusal to comply would have upon her case.  (Exhibit 2).

5.    Due to the tardiness of the necessary answers and documents, a one week extension to file a response to the defendant's discovery requests was graciously granted by opposing counsel, Douglas A. Kuber - a copy which was provided to the plaintiff.  (Exhibit 3).

6.    Ms. Lotoczky failed to fulfill her duty of providing answers to the Defendant's Interrogatories, Requests for Production of Documents, and Requests for Admissions on or before the deadline of May 16, 2005, or the extended deadline of May 23, 2005.

SAKIS & SAKIS, P.L.C.
Attorneys at Law
3250 W. Big Beaver Rd., Ste. 123
Troy, MI 48084
Telephone: (248) 649-1160
Facsimile: (248) 637-9737

7.     A certified letter was subsequently sent to the plaintiff confirming the fact that her answers had not been received by the law firm of Sakis & Sakis.  (Exhibit 4).

8.     Plaintiff has since refused to communicate and/or cooperate with her attorneys.

9.     Sakis & Sakis can only take such failures to provide the requested items in a timely manner as an indication that either the plaintiff does not intend to pursue her claim, or alternatively, that she does not intend to communicate with the firm of Sakis & Sakis.

10.    Due to the apparent lack of cooperation and the deterioration of the attorney/client relationship in this case, Sakis & Sakis can no longer effectively represent Ms. Lotoczky.

11.    For these reasons, plaintiff's counsel is requesting that it be permitted to withdraw from representation.

WHEREFORE, the law firm of Sakis & Sakis respectfully requests that it be permitted to withdraw from representation in this particular matter.

SAKIS & SAKIS, PLC
Attorneys for Plaintiff

DATED:        June 2, 2005

By: _____
        Jason R. Sakis (P59525)

SAKIS & SAKIS, P.L.C.
Attorneys at Law
3250 W. Big Beaver Rd., Ste. 123
Troy, MI 48084
Telephone: (248) 649-1160
Facsimile: (248) 637-9737

# SAKIS & SAKIS

ATTORNEYS AND COUNSELORS
*Professional Limited Liability Company*
3250 West Big Beaver Road, Suite 123
Troy, Michigan 48084
Tel: (248) 649-1160   Fax: (248) 637-9737

Jason R. Sakis
E-mail: jasonsakis@sakislaw.com

www.sakislaw.com

April 20, 2005

Maria Lotoczky
3649 Karen Parkway, Ste. 301
Waterford, Michigan 48328

    Re:  Maria Lotoczky v. Connected Ventures, LLC
         Case No. 04-74365

Dear Ms. Lotoczky:

    Please find enclosed Defendant's First Set of Requests for Admissions to Plaintiff. Defendant's First Set of Requests for Production of Documents to Plaintiff and Defendant's First Set of Interrogatories to Plaintiff. regarding the above referenced matter.

    Please answer and provide the requested documents to the best of your ability and return to our office as soon as possible in the self addressed stamped envelope provided..

    Thank you for your attention to this matter.

                                Respectfully,

                                SAKIS & SAKIS, PLC

                                Raymond S. Sakis

Enclosure

N:\Docs\CLIENTS WIP\Lotoczky\LTR to client. wpd

# SAKIS & SAKIS

### ATTORNEYS AND COUNSELORS
*Professional Limited Liability Company*
3250 West Big Beaver Road, Suite 123
Troy, Michigan 48084
Tel: (248) 649-1160   Fax: (248) 637-9737

Jason R. Sakis
E-mail: jasonsakis@sakislaw.com

www.sakislaw.com

May 11, 2005

Maria Lotoczky
650 Red Oak Lane
Rochester, Michigan 48307

Re:  Maria Lotoczky v. Connected Ventures, LLC
     Case No. 04-74365

Dear Ms. Lotoczky:

This will confirm that your answers to the Defendant's discovery requests are long overdue.  As we mentioned in the previous letter and on your voicemail, it is imperative that you provide us with your answers as soon as possible.  They are due with the Court on May 16, 2005.  If the requests for admissions are not answered they are deemed to be admitted, so it is very important that you answer them.

Thank you for your assistance.

Respectfully,

SAKIS & SAKIS, PLC

Jason R. Sakis

N:\Docs\CLIENTS WIP\Lotoczky\LTR to client. 2 wpd.wpd

# SAKIS & SAKIS

### ATTORNEYS AND COUNSELORS
*Professional Limited Liability Company*
3250 West Big Beaver Road, Suite 123
Troy, Michigan 48084
Tel: (248) 649-1160   Fax: (248) 637-9737

Jason R. Sakis
E-mail: jasonsakis@sakislaw.com

www.sakislaw.com

May 16, 2005

**VIA FAX AND FIRST CLASS MAIL**
**212.813.2681**

Douglas A. Kuber, Esq.
Kuber Law Group
575 Madison Avenue, 10th Floor
New York, New York 10022

Re:  Maria Lotoczky v. Connected Ventures, LLC
      Case No. 04-74365

Dear Mr. Kuber:

This will confirm our telephone conversation wherein you granted me a one week extension to file a response to the Defendant's Request for Admissions. My client's failure to timely provide me with her answers, after having been sent two letters requesting same, has forced me to make this request.

Your professional courtesy is greatly appreciated.

Respectfully,

SAKIS & SAKIS, PLC

Jason R. Sakis

cc: Maria Looczky

N:\Docs\CLIENTS WIP\Lotoczky\L.TR to kuber.wpd

# SAKIS & SAKIS

### ATTORNEYS AND COUNSELORS
*Professional Limited Liability Company*
3250 West Big Beaver Road, Suite 123
Troy, Michigan 48084
Tel: (248) 649-1160   Fax: (248) 637-9737

Jason R. Sakis
E-mail: jasonsakis@sakislaw.com

www.sakislaw.com

May 18, 2005

**VIA CERTIFIED MAIL**
Maria Lotoczky
650 Red Oak Lane
Rochester, Michigan 48307

Re:  Maria Lotoczky v. Connected Ventures, LLC
Case No. 04-74365

Dear Ms. Lotoczky:

This letter will confirm that you have failed to provide us with answers to the defendant's interrogatories, requests for documents and requests for admissions. As you know, you case will be adversely affected by the failure to answer those questions.

Respectfully,

SAKIS & SAKIS, PLC

Jason R. Sakis

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Reciept Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To *MARIA Lotoczky*
Street, Apt. No.; or PO Box No. *650 RED OAK LANE*
City, State, ZIP+4 *RochESTER, MI 48307*

PS Form 3800, June 2002                    See Reverse for Instructions

N:\Docs\CLIENTS WIP\Lotoczky\LTR to client. 3 wpd.wpd

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mary Lotoczky
650 Red Oak Lane
Rochester, Michigan 48307

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ ☐ Agent
                            ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

5-20-05

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☐ Certified Mail     ☐ Express Mail
   ☐ Registered         ☐ Return Receipt for Merchandise
   ☐ Insured Mail       ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)

7003 1680 0000 6914 1242

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIA LOTOCZKY,

     Plaintiff,

-v-

CONNECTED VENTURES, LLC,

     Defendant.

Case No. 04-74365
Honorable John Corbett O'Meara
Magistrate Judge R. Steven Whalen

---

SAKIS & SAKIS, PLC
Attorneys for plaintiffs
By:   **Raymond S. Sakis**   (P19843)
     **Jason R. Sakis**    (P59525)
Suite 123
3250 West Big Beaver Road
Troy, Michigan 48084
248.649.1160

**DRAPER & RUBIN, P.C.**
By: David Draper (P43750)
Co-Counsel for Defendant
18580 Mack Avenue
Grosse Pointe Farms, Michigan 48236
313-885-6800

**KUBER LAW GROUP, P.C.**
By: Douglas A. Kuber
Attorney for Defendant
575 Madison Avenue, 10th Floor
New York, New York 10022
212-813-2680

---

# NOTICE OF HEARING

TO: Plaintiff

    Please take notice that Plaintiff's Motion To Compel will be brought on for hearing at a date and time to be set by the Court.

SAKIS & SAKIS, PLC
Attorney for plaintiff

DATED:    June 2, 2005

By: _____
       Jason R. Sakis    (P59525)



**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARIA LOTOCZKY,

     Plaintiff,

-v-

CONNECTED VENTURES, LLC,

     Defendant.

Case No. 04-74365
Honorable John Corbett O'Meara
Magistrate Judge R. Steven Whalen

---

SAKIS & SAKIS, PLC
Attorneys for Plaintiffs
By:   **Raymond S. Sakis**   (P19843)
       **Jason R. Sakis**     (P59525)
Suite 123
3250 West Big Beaver Road
Troy, Michigan 48084
248.649.1160

**KUBER LAW GROUP, P.C.**
By: Douglas A. Kuber
Attorney for Defendant
575 Madison Avenue, 10th Floor
New York, New York 10022
212-813-2680

**DRAPER & RUBIN, P.C.**
By: David Draper (P43750)
Co-Counsel for Defendant
18580 Mack Avenue
Grosse Pointe Farms, Michigan 48236
313-885-6800

---

# DECLARATION OF JASON R. SAKIS

STATE OF MICHIGAN    )
                      )    ss/
COUNTY OF OAKLAND  )

    1.    My name is Jason R. Sakis.

2.   I am the attorney from the firm of Sakis & Sakis, PLC who was formerly handling the matter of *Maria Lotoczky v. Connected Ventures, LLC*, Civil Acton 04-74365. In this capacity, I was representing the plaintiff, Maria Lotoczky.

3.   As the plaintiff's attorney, <u>I was served with discovery requests from the defendant</u>, through its attorney, Douglas Kuber, on <u>April 18, 2005</u>. Those discovery requests included the following: *1)Defendant's First Set of Requests For Production of Documents to Plaintiff, 2) Defendant's First Set of Interrogatories to Plaintiff, and 3) Defendant's First Set of Requests For Admission to Plaintiff. (Exhibit 1).*

4.   <u>On April 20, 2005</u>, which is the date the requests were received by the Sakis Firm, <u>the discovery requests were mailed to the plaintiff, Maria Lotoczky, with instructions for her to provide answers to them as soon as possible</u>. (Exhibit 2).

5.   The plaintiff, Maria Lotoczky, totally ignored my request for her to provide answers to the defendant's requested discovery.

6.   As the deadline for the plaintiff's answers to the defendant's requests approached, I unsuccessfully attempted to make personal contact with the plaintiff by telephone.

7.   After attempting to discuss the defendant's outstanding discovery requests personally with the plaintiff, which I was unable to do, I left a voice message with her explaining that it was imperative and important that she provide me with her answers to the defendant's discovery requests as soon as possible.

8.   Shortly thereafter, the plaintiff, Maria Lotoczky, discussed the matter with me and promised to provide her answers within two days. However, she failed to provide me with her answers and never again communicated with the Sakis Firm.

9.   Not having heard anything from the plaintiff, I sent a follow-up correspondence to her requesting that she answer the discovery material and explained in that letter that it was imperative and important we receive her answers. (Exhibit 3).

10.  Still not having received a response, I had no alternative but to ask defense counsel, Douglas Kuber, for an extension of time for the plaintiff to formally answer the defendant's discovery requests because she had not been communicating with me. Defense counsel granted the plaintiff a one week extension to answer these requests, and the reason for the requested extension (plaintiff's failure to communicate and cooperate with the Sakis Firm) was discussed during the telephone conversation with defense counsel, Douglas Kuber, and <u>confirmed by a letter dated May 16, 2005</u>. (Exhibit 4).

11.  Knowing that the plaintiff was not communicating with me and acting in a manner which indicated that she had abandoned her case, defense counsel, Douglas Kuber, <u>served</u> a second set of discovery requests to the plaintiff (*Defendant's Second Set of Requests For Admissions and Defendant's Second Set of Requests For Documents and Intangible Things*) the following day, <u>May 17, 2005</u>. (Exhibit 5).

12.     Similarly, defense counsel, Douglas Kuber, noticed up the deposition of the plaintiff to take place on <u>June 21, 2005</u>, and this notice was <u>served</u> upon me the day after we discussed the plaintiff's failure to communicate and cooperate with the Sakis Firm, <u>May 17, 2005</u>. (Exhibit 6).

13.     Upon receipt of the defendant's notice of taking the plaintiff's deposition and the defendant's second set of written discovery requests, the material was forwarded to the plaintiff by me on <u>May 23, 2005</u>. (Exhibit 7).

14.     Although I had not yet received the defendant's second round of discovery requests, and had not yet received the defendant's notice of taking the plaintiff's deposition, a correspondence was faxed to me by defense counsel, Douglas Kuber, stating that he wanted to know if the date of the deposition was inconvenient for the plaintiff even though he knew that I had not had any communication with my client and this would be impossible for me to determine. Specifically, On <u>May 27, 2005</u>, I received another letter from defense counsel, Douglas Kuber, stating that he would need to receive the plaintiff's answers to the discovery requests by <u>June 3, 2005</u> in order to proceed with the deposition, leaving the clear impression that he would not be taking the plaintiff's deposition if the materials were not received by that date. (Exhibit 8).

15.     Plaintiff continued to ignore any and all maters relating to her lawsuit.

16.     The day before June 3, 2005 (arbitrary date set by defense counsel, Douglas Kuber, for the receipt of the plaintiff's answers to the discovery materials) I filed and served my motion to withdraw from representation upon defense counsel. (Exhibit 9).

17.     In the motion to withdraw as counsel for the plaintiff it clearly stated that our client has failed to communicate and cooperate, as it was already understood by counsel for the defendant, Douglas Kuber, by virtue of our previous telephone conversations. (See Plaintiff Counsel's Motion to Withdraw From Representation).

18.     As it concerned the motion to withdraw, defense counsel, Mr. Kuber, requested that we comply with the local rules in a letter dated <u>June 9, 2005</u>. First, he asked that I seek concurrence with him for the relief requested in our motion, and that I submit a brief with our motion. (Exhibit 10).

19.     During a subsequent telephone conversation with defense counsel, Douglas Kuber, on <u>June 10, 2005</u>, I discussed the plaintiff's complete failure to communicate with our law firm and formally requested concurrence from the defendant regarding my motion to withdraw and this requested relief was denied.

20.     On June 16, 2005, after receiving a letter from Douglas Kuber which threatened to seek sanctions for my failure to file a brief with the motion to withdraw, I telephoned defense counsel, Douglas Kuber, to reiterate that we did not know if the plaintiff would be attending the deposition because she had not been communicating with me.

21.  No return call was received from Douglas Kuber.

22.  I instructed my staff to contact defense counsel, Douglas Kuber, the day before the deposition to reiterate the fact that we have had no contact with our client and that we would not be appearing for the deposition.

I CERTIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND ACCURATE.

DATED:       July 27, 2005

_____
Jason R. Sakis

On this ___ day of July, 2005, before me, a Notary Public in and for said County and State, personally appeared Jason R. Sakis who, being first duly sworn, deposes and says: that he has read the foregoing Affidavit, by him subscribed; that he knows the contents thereof; and that the same is true of his own information, knowledge, and belief.

_____
Notary Public, Oakland County, Michigan
My Commission Expires:  8-10-2007

# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIA LOTOCZKY,

                     Plaintiff,

v.

CONNECTED VENTURES, LLC,

                     Defendant.

Hon. John Corbett O'Meara
Case No. 04-74365
Magistrate Judge R. Steven Whalen

| | |
|---|---|
| SAKIS & SAKIS, PLC<br>By: Jason R. Sakis (P59525)<br>3250 West Big Beaver Rd., Ste. 123<br>Troy, Michigan 48084<br>(248) 649-1160<br><br>Attorneys for Plaintiff | |
| KUBER LAW GROUP, P.C.<br>By: Douglas A. Kuber<br>575 Madison Avenue, 10th Floor<br>New York, New York 10022<br>(212) 813-2680<br><br>Attorneys for Defendant | DRAPER & RUBIN, P.L.C.<br>By: David Draper (P43750)<br>18580 Mack Avenue<br>Grosse Pointe Farms, Michigan 48236<br>(313) 885-6800<br><br>Co-Counsel for Defendant |

## DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Connected Ventures, LLC ("Connected") hereby requests that plaintiff Maria Lotoczky ("Lotoczky") serve a written response within thirty (30) days after the service of this request and produce for inspection and copying, in accordance with the Federal Rules of Civil Procedure, the documents designated below.  These documents shall be produced

on May 16, 2005, at 10:00 A.M. at the offices of Draper & Rubin, P.L.C., 18580 Mack Avenue, Grosse Pointe Farms, Michigan 48236.

## DEFINITIONS AND INSTRUCTION

    A.    As used herein, the words and phrases set out below shall have the meaning or meanings prescribed for them:

        1.    "Document" or "documents" shall mean every original (and every copy of any original or copy which differs in any way from any original) of every writing, photograph or recording of every kind or description, whether handwritten, typed, drawn, printed, or recorded by any physical, mechanical, electronic or electrical means whatsoever, including without limitation statements prepared by investigators, statements of employees, books, electronic mail, records, papers, pamphlets, brochures, circulars, advertisements, specifications, blueprints, maps, plats, surveys, drawings, sketches, graphs, charts, plans, tests, laboratory or engineering reports, measurements, models, correspondence, communications, telegrams, memoranda, notes, notebooks, worksheets, reports, lists, analyses, summaries, ledgers, books of original entry, journals, accounts, audits, inventories, tax returns, unemployment compensation forms, financial statements, profit and loss statements, cash flow statements, balance sheets, annual or other periodic reports, budgets, prospectuses, registrations, solicitations, minutes, stock ledgers, stock certificates, certificates of deposit, time accounts, passbooks, securities, licenses, permits, calendars, appointment books, diaries, telephone bills and toll call records, expense reports, commission statements, itineraries, agendas, wage and payroll records, employment and personnel

records, checkbooks, check stubs, bank statements, canceled checks, receipts, cash disbursements, ledgers, contracts, agreements, instruments, assignments, applications, authorizations, offers, acceptances, bids, proposals, financing statements, documents of title, appraisals, purchase orders, invoices, bills or statements of account, bills of lading, written memorials of oral communications, forecasts, photographs, photographic slides or negatives, films, filmstrips, audio tapes, video tapes and recordings.

2.      "Person" or "persons" shall mean each and every individual, corporation, partnership, joint venture, social or political organization or any other entity, whether real or judicial or incorporated or unincorporated, encompassed within the usual and customary meaning of "person" or "persons" or otherwise encompassed without this definition.

3.      "Relate" or "relating to" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

4.      "Relied upon" shall mean being or having been depended upon or referred to or being or having been arguably appropriate for such reliance.

5.      "Interrogatories" shall mean Defendant's First Set of Interrogatories to Plaintiff.

6.      "Plaintiff" shall mean Maria Lotoczky.

7.      "Defendant" shall mean Connected Ventures, LLC, its employees, agents, representatives, affiliates, or contracted parties.

8.      The term "The Photograph" shall mean the photograph of the

plaintiff which was allegedly posted on the CollegeHumor.com website.

B.    In construing these requests:

    1.    The singular shall include the plural and the plural shall include the singular.

    2.    A masculine, feminine or neuter pronoun shall not exclude the other genders.

    3.    Plaintiff shall segregate documents to be produced in response hereto according to the paragraph to which they are responsive.  Plaintiff shall identify in writing any paragraph of this request for which no response or documents are produced.

C.    This Request calls for the production of all original documents which are within Plaintiff's possession, custody or control.  In addition, this Request calls for the production of all copies of such documents and any drafts thereof, preliminary or otherwise, which are within Plaintiff's possession, custody or control.

D.    If any document described herein was, but no longer is, within Plaintiff's possession, custody, or control, please state in detail:

    (a)    a summary of the contents of the document;

    (b)    what disposition was made of it;

    (c)    the date of this disposition;

    (d)    whether the original or a copy of the document is within the possession, custody or control of any other person, corporation or entity; and

    (e)    if the answer to (d) is affirmative, the identity of that person, corporation or entity.

E.      In the event that any document requested is withheld on the basis of a claim of privilege, that document shall be identified by setting forth, in a privileged document log to be provided on or before the document production, the following information:

    (a)     the name(s) of its author(s);

    (b)     the name(s) of its recipient(s);

    (c)     its date;

    (d)     the name of each person or persons (other than stenographic or clerical assistants) participating in its preparation;

    (e)     the date on which the document was received by those having possession, custody or control of it;

    (f)     the name and address of each person, if any, to whom its contents have been communicated by copy, exhibition, reading or substantial summarization;

    (g)     a brief description of its nature and subject matter;

    (h)     the statute, rule or decision which is claimed to give rise to the privilege or a summary of the basis upon which it is being withheld;

    (i)     its present custodian and location;

    (j)     its attachments;

    (k)     the number of its pages, attachments or appendices;

    (l)     whether it is handwritten, typewritten or otherwise prepared; and

    (m)     the number of the request to which it is responsive.

F.      If, for reasons other than a claim of privilege, Plaintiff refuses to produce

any document called for by this Request, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of its propriety.

     G.     These Requests shall be deemed continuing in nature so as to require further and supplemental answers in accordance with the Federal Rules of Civil Procedure.

## DOCUMENTS REQUESTED

     1.  Any and all documents referred or related to, or upon which Plaintiff relied, in answering the Interrogatories.

**Response to Request No. 1:**

     2.  Any and all documents relating to or which constitute The Photograph.

**Response to Request No. 2:**

     3.  Any and all documents which constitute copies of any and all of the information and photographs which were contained on the computer disk referred to in Paragraph 19 of the Complaint.

**Response to Request No. 3:**

4.   Any and all documents relating to or memorializing any emails sent to GMAC employees which contained a link to The Photograph.

**Response to Request No. 4:**

5.   Any and all documents relating to or memorializing any communication, direct or indirect, between Plaintiff and Defendant.

**Response to Request No. 5:**

6.   Any and all documents relating to or memorializing any communication, direct or indirect, between Plaintiff and GMAC, including but not limited to any employee thereof, relating either to the reasons why Plaintiff left or was terminated from GMAC, or to The Photograph.

**Response to Request No. 6:**

7.   Any and all documents relating to the "severe emotional pain and suffering," "shame," "humiliation," "extreme mental suffering", "pain," embarrassment," emotional

distress," and "severe mental pain" Plaintiff alleges resulted from any act by the

Defendant including, but not limited to, documents relating to consultations with or

treatment Plaintiff received from any health care provider (e.g., medical doctor,

psychologist, etc.) for such alleged injuries.

**Response to Request No. 7:**


8.   Any and all documents, relating to or memorializing any communication,

direct or indirect, between Plaintiff and any law enforcement agency relating to the

alleged theft of the computer disk referred to in Paragraph 19 of the Complaint including,

but not limited to, any police report.

**Response to Request No. 8:**


9.   Any and all statements, written or otherwise, obtained from anyone who was

interviewed or questioned by Plaintiff or on Plaintiff's behalf in connection with the

controversy herein.

**Response to Request No. 9:**

10.   Any and all documents which in any way substantiate any or all of the allegations alleged by Plaintiff in her Complaint against Defendant.

**Response to Request No. 10:**

11.   Any and all documents which in any way substantiate any or all of the damages alleged by Plaintiff in its Complaint against Defendant.

**Response to Request No. 11:**

12.   Any and all documents relating to Plaintiff's employment with GMAC, including but not limited to, records of income, benefits any other compensation, disciplinary actions (e.g., reprimands, warnings, restrictions suspensions, separations and terminations).

**Response to Request No. 12:**

13. Any and all documents relating to Plaintiff's efforts, if any, to obtain employment since leaving GMAC.

**Response to Request No. 13:**

14. Any and all documents relating to Plaintiff's attempts, if any, to mitigate the damages alleged in the Complaint.

**<u>Response to Request No. 14:</u>**

15. Any and all documents which support each response by you to the First Set of Requests for Admission to Defendant, served concurrently herewith, which was anything other than an unqualified admission.

**<u>Response to Request No. 15:</u>**

*KUBER LAW GROUP, P.C.*

/s Douglas A. Kuber
Douglas A. Kuber
575 Madison Avenue, 10th Floor
New York, New York 10022
(212) 813-2680
**Attorneys for Defendant**

*DRAPER & RUBIN, P.L.C.*

/s David Draper
David Draper (P43750)
18580 Mack Avenue
Grosse Pointe Farms, Michigan 48236
(313) 885-6800
**Co-Counsel for Defendant**

Dated: April 15, 2005

CERTIFICATE OF SERVICE

    The undersigned certifies that on this 18th Day of April, 2005, she/he did cause to be served by United States mail a copy of this document on counsel of record for plaintiff.

/s *Susan Cichoski*

April 18, 2005

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**MARIA LOTOCZKY,**

               **Plaintiff,**

v.

**CONNECTED VENTURES, LLC,**

          **Defendant.**

**Hon. John Corbett O'Meara**
**Case No. 04-74365**
**Magistrate Judge R. Steven Whalen**

| | |
|---|---|
| SAKIS & SAKIS, PLC<br>By: Jason R. Sakis (P59525)<br>3250 West Big Beaver Rd., Ste. 123<br>Troy, Michigan 48084<br>(248) 649-1160<br><br>Attorneys for Plaintiff | |
| KUBER LAW GROUP, P.C.<br>By: Douglas A. Kuber<br>575 Madison Avenue, 10th Floor<br>New York, New York 10022<br>(212) 813-2680<br><br>Attorneys for Defendant | DRAPER & RUBIN, P.L.C.<br>By: David Draper (P43750)<br>18580 Mack Avenue<br>Grosse Pointe Farms, Michigan 48236<br>(313) 885-6800<br><br>Co-Counsel for Defendant |

## DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant Connected Ventures, LLC ("Connected") hereby requests that plaintiff Maria Lotoczky ("Lotoczky") answer the following Interrogatories, separately and fully, in writing and under oath.

### DEFINITIONS

1.     These interrogatories incorporate by reference the Definitions found in Rules 26-37 of the Federal Rules of Civil Procedure.

1

2.      The term "identify" shall mean, with respect to a communication, to set forth (a) the parties to the communication, (b) the means of communication (including whether the communication was written or oral), (c) the date of the communication, (d) the location of the communication, (e) the duration of the communication, and (f) the sum and substance of the communication.

3.      The term "identify" shall mean, with respect to a person, to set forth (a) the persons name, (b) work and home addresses, (c) work and home telephone numbers, and (d) a description of such person's relationship to the plaintiff (e.g., friend, employee, co-worker, etc.), if any.

4.      The term "complaint" as used herein refers to the document entitled "Complaint and Demand for Jury Trial," dated November 2, 2004.

5.      The term "The Photograph" shall mean the photograph of the plaintiff which was allegedly posted on the CollegeHumor.com website.

6.      "You" and "your" shall mean plaintiff Maria Lotoczky.


## INSTRUCTIONS

1.      In answering these Interrogatories, you must furnish all information known or available to you regardless of whether this information is possessed: directly by you, your agents, representatives, or investigators; by your present or former attorneys or their agents, employees, representatives, or investigators; or by any other legal entities controlled by or in any manner affiliated with you.

2.      If any of these Interrogatories cannot be answered in full, answer to the extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information, knowledge, or belief you have concerning the unanswered portion.

2

3.       These Interrogatories are continuing in nature.  If, at any time after service of the initial answers hereto and prior to the trial of this action, you obtain additional information responsive to these interrogatories, you are required promptly to supplement or amend your answers hereto in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

4.       If any of the information requested is not disclosed or produced on the ground of any privilege, identify such privilege by name, describe the basis of the privilege claimed and describe the information purportedly subject to such claim of privilege in whatever detail you would present to the Court in order to enable it to decide if the privilege has been properly invoked.  To the extent any information allegedly supporting any claim of privilege is not set forth in response hereto, but later submitted to the Court in support of such claimed privilege, we will argue that such later-submitted information should be rejected by the Court because you failed to disclose it in response hereto.

5.       Any term which is not specifically defined herein shall be construed in accordance with that term's generally known and broadest possible meaning.

## INTERROGATORIES

**Interrogatory No. 1:**

Identify all persons whom you allege received emails linked to CollegeHumor.com, which directed the viewer to The Photograph.

**Response to Interrogatory No. 1:**

**Interrogatory No. 2:**

Identify all persons who have, to your knowledge, ever viewed The Photograph.

**Response to Interrogatory No. 2:**

**Interrogatory No. 3:**

Identify all persons whom you allege viewed The Photograph as a result of its posting on the CollegeHumor.com website.

**Response to Interrogatory No. 3:**

**Interrogatory No. 4:**

Identify all persons referred to in the Complaint as having been employed by GMAC including, but not limited to, those referred to therein as "employees," "supervisory personnel," "colleagues," "supervisors," "co-workers," and "management."

**Response to Interrogatory No. 4:**

**Interrogatory No. 5:**

Identify all persons who had access to the computer disk referred to in Paragraph 18 of

4

the Complaint, sufficient to permit them to have unlawfully taken it from your house, as alleged in the Complaint.

**Response to Interrogatory No. 5:**

**Interrogatory No. 6:**

Identify all persons present at the time The Photograph was taken including, but not limited to, the photographer thereof.

**Response to Interrogatory No. 6:**

**Interrogatory No. 7:**

Identify all persons whom you intended to include within the references in your Complaint to "professional colleagues" and "her community."

**Response to Interrogatory No. 7:**

5

**Interrogatory No. 8:**

Identify each and every health care provider (e.g., medical doctor, psychologist, etc.), if any, with whom you consulted or from whom you received treatment for any injury including, but not limited to, "severe emotional pain and suffering," "shame," "humiliation," "extreme mental suffering", "pain," embarrassment," emotional distress," and "severe mental pain" you allege resulted from any act by the defendant.

**Response to Interrogatory No. 8:**

**Interrogatory No. 9:**

Identify all persons with knowledge of the allegations set forth in the Complaint.

**Response to Interrogatory No. 9:**

**Interrogatory No. 10:**

Identify all communications with GMAC, or any of its employees, with respect to The Photograph.

**Response to Interrogatory No. 10:**

**Interrogatory No. 11:**

For <u>each</u> element of damages you are seeking in the Complaint including, but not limited to, damages for "non-pecuniary losses," and "back pay and other lost wages and benefits lost," state the amount, describe the method by which such amount was calculated, and identify all documents which support the existence of each such element.

**Response to Interrogatory No. 11:**

**Interrogatory No. 12:**

For each response by you to the First Set of Requests for Admission to Defendant, served concurrently herewith, which was anything other than an unqualified admission, please state each and every fact which supports each such response.

**Response to Interrogatory No. 12:**

*KUBER LAW GROUP, P.C.*

/s Douglas A. Kuber
Douglas A. Kuber
575 Madison Avenue, 10th Floor
New York, New York 10022
(212) 813-2680
**Attorneys for Defendant**

7

**DRAPER & RUBIN, P.L.C.**

/s David Draper
David Draper (P43750)
18580 Mack Avenue
Grosse Pointe Farms, Michigan 48236
(313) 885-6800
**Co-Counsel for Defendant**

Dated: April 15, 2005

CERTIFICATE OF SERVICE

    The undersigned certifies that on this 18th Day of April, 2005, she/he did cause to be served by United States mail a copy of this document on counsel of record for plaintiff.

                                        /s _Susan Cichoski_

April 18, 2005