## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**MARIA LOTOCZKY,**

        **Plaintiff,**

v.

**CONNECTED VENTURES, LLC,**

        **Defendant.**

**Hon. John Corbett O'Meara**
**Case No. 04-74365**
**Magistrate Judge R. Steven Whalen**

| | |
|---|---|
| SAKIS & SAKIS, PLC<br>By: Jason R. Sakis (P59525)<br>3250 West Big Beaver Rd., Ste. 123<br>Troy, Michigan 48084<br>(248) 649-1160<br><br>Attorneys for Plaintiff | |
| KUBER LAW GROUP, P.C.<br>By: Douglas A. Kuber<br>575 Madison Avenue, 10th Floor<br>New York, New York 10022<br>(212) 813-2680<br><br>Attorneys for Defendant | DRAPER & RUBIN, P.L.C.<br>By: David Draper (P43750)<br>18580 Mack Avenue<br>Grosse Pointe Farms, Michigan 48236<br>(313) 885-6800<br><br>Co-Counsel for Defendant |

## DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, defendant Connected

Ventures, LLC ("Connected") hereby requests that plaintiff Maria Lotoczky ("Lotoczky") admit

the truth of the following matters.

## DEFINITIONS

1.      These requests for admission incorporate by reference the Definitions found in

Rules 26-37 of the Federal Rules of Civil Procedure.

2.      The term "complaint" as used herein refers to the document entitled "Complaint and Demand for Jury Trial," dated November 2, 2004.

3.      The term "The Photograph" shall mean the photograph of the plaintiff which was allegedly posted on the CollegeHumor.com website.

4.      "You" and "your" shall mean plaintiff Maria Lotoczky.

5.      Any term which is not specifically defined herein shall be construed in accordance with that term's generally known and broadest possible meaning.

## INTERROGATORIES

**Request for Admission No. 1:**

Admit that you left or were terminated from the employ of GMAC for reasons unrelated to any act by defendant.

**Response to Request for Admission No. 1:**

**Request for Admission No. 2:**

Admit that you have not received treatment from any medical professional for any injuries alleged in the complaint..

**Response to Request for Admission No. 2:**

**Request for Admission No. 3:**

Admit that there is no documentary evidence to support any of the damages sought in the

2

complaint.

**Response to Request for Admission No. 3:**

**Request for Admission No. 4:**

Admit that there is no documentary evidence to support any damages resulting from any mental or physical injury or invasion of privacy alleged in the complaint.

**Response to Request for Admission No. 4:**

**Request for Admission No. 5:**

Admit that there is no documentary evidence to support the existence of any mental or physical injury alleged in the complaint.

**Response to Request for Admission No. 5:**

**Request for Admission No. 6:**

Admit that there is no documentary evidence to support your reputation having been damaged as a result of any act by defendant.

**Response to Request for Admission No. 6:**

3

**Request for Admission No. 7:**

Admit that there is no evidence defendant sent or transmitted any emails to anyone at GMAC.

**Response to Request for Admission No. 7:**

**Request for Admission No. 8:**

Admit that you never reported to any law enforcement agency the theft alleged in Paragraphs 19 and 28 of the complaint.

**Response to Request for Admission No. 8:**

*KUBER LAW GROUP, P.C.*

/s Douglas A. Kuber
Douglas A. Kuber
575 Madison Avenue, 10th Floor
New York, New York 10022
(212) 813-2680
**Attorneys for Defendant**

4

*DRAPER & RUBIN, P.L.C.*

/s David Draper
David Draper (P43750)
18580 Mack Avenue
Grosse Pointe Farms, Michigan 48236
(313) 885-6800
**Co-Counsel for Defendant**

Dated: April 15, 2005

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 18th Day of April, 2005, she/he did cause to be served by United States mail a copy of this document on counsel of record for plaintiff.

/s _Sussan Cichoski_

April 18, 2005

6

# EXHIBIT 2

# SAKIS & SAKIS

### ATTORNEYS AND COUNSELORS
*Professional Limited Liability Company*
3250 West Big Beaver Road, Suite 123
Troy, Michigan 48084
Tel: (248) 649-1160   Fax: (248) 637-9737

Jason R. Sakis
E-mail: jasonsakis@sakislaw.com

www.sakislaw.com

April 20, 2005

Maria Lotoczky
3649 Karen Parkway, Ste. 301
Waterford, Michigan 48328

Re:  Maria Lotoczky v. Connected Ventures, LLC
     Case No. 04-74365

Dear Ms. Lotoczky:

Please find enclosed Defendant's First Set of Requests for Admissions to Plaintiff. Defendant's First Set of Requests for Production of Documents to Plaintiff and Defendant's First Set of Interrogatories to Plaintiff. regarding the above referenced matter.

Please answer and provide the requested documents to the best of your ability and return to our office as soon as possible in the self addressed stamped envelope provided..

Thank you for your attention to this matter.

Respectfully,

SAKIS & SAKIS, PLC

Raymond S. Sakis

Enclosure

# EXHIBIT 3

# SAKIS & SAKIS

ATTORNEYS AND COUNSELORS
*Professional Limited Liability Company*
3250 West Big Beaver Road, Suite 123
Troy, Michigan 48084
Tel: (248) 649-1160   Fax: (248) 637-9737

Jason R. Sakis
E-mail: jasonsakis@sakislaw.com

www.sakislaw.com

May 11, 2005

Maria Lotoczky
650 Red Oak Lane
Rochester, Michigan 48307

Re:  Maria Lotoczky v. Connected Ventures, LLC
      Case No. 04-74365

Dear Ms. Lotoczky:

This will confirm that your answers to the Defendant's discovery requests are long overdue. As we mentioned in the previous letter and on your voicemail, it is imperative that you provide us with your answers as soon as possible. They are due with the Court on May 16, 2005. If the requests for admissions are not answered they are deemed to be admitted, so it is very important that you answer them.

Thank you for your assistance.

Respectfully,

SAKIS & SAKIS, PLC

Jason R. Sakis

N:\Docs\CLIENTS W\P\Lotoczky\LTR to client. 2 wpd.wpd

# SAKIS & SAKIS

### ATTORNEYS AND COUNSELORS
Professional Limited Liability Company
3250 West Big Beaver Road, Suite 123
Troy, Michigan 48084
Tel: (248) 649-1160   Fax: (248) 637-9737

Jason R. Sakis
E-mail: jasonsakis@sakislaw.com

www.sakislaw.com

May 18, 2005

**VIA CERTIFIED MAIL**
Maria Lotoczky
650 Red Oak Lane
Rochester, Michigan 48307

> Re: Maria Lotoczky v. Connected Ventures, LLC
> Case No. 04-74365

Dear Ms. Lotoczky:

This letter will confirm that you have failed to provide us with answers to the defendant's interrogatories, requests for documents and requests for admissions. As you know, you case will be adversely affected by the failure to answer those questions.

Respectfully,

SAKIS & SAKIS, PLC

---

**U.S. Postal Service™**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Maria Lotoczky
650 Red Oak Lane
Rochester, Michigan 48307

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent   ☐ Addressee

B. Received by ( Printed Name )     C. Date of Delivery
5-20-05

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)     7003 1680 0000 6914 1242

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

# EXHIBIT 4

# SAKIS & SAKIS

ATTORNEYS AND COUNSELORS
*Professional Limited Liability Company*
3250 West Big Beaver Road, Suite 123
Troy, Michigan 48084
Tel: (248) 649-1160   Fax: (248) 637-9737

Jason R. Sakis
E-mail: jasonsakis@sakislaw.com

www.sakislaw.com

**May 16, 2005**

**VIA FAX AND FIRST CLASS MAIL**
**212.813.2681**

Douglas A. Kuber, Esq.
Kuber Law Group
575 Madison Avenue, 10th Floor
New York, New York 10022

   Re: Maria Lotoczky v. Connected Ventures, LLC
     Case No. 04-74365

Dear Mr. Kuber:

   This will confirm our telephone conversation wherein you granted me a one week extension to file a response to the Defendant's Request for Admissions. My client's failure to timely provide me with her answers, after having been sent two letters requesting same, has forced me to make this request.

   Your professional courtesy is greatly appreciated.

       Respectfully,

       SAKIS & SAKIS, PLC

       Jason R. Sakis

cc: Maria Looczky

N:\Docs\CLIENTS WIP\Lotoczky\LTR to kuber.wpd

# EXHIBIT 5

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**MARIA LOTOCZKY,**

                **Plaintiff,**

**v.**

**CONNECTED VENTURES, LLC,**

                **Defendant.**

**Hon. John Corbett O'Meara**
**Case No. 04-74365**
**Magistrate Judge R. Steven Whalen**

| | |
|---|---|
| SAKIS & SAKIS, PLC<br>By: Jason R. Sakis (P59525)<br>3250 West Big Beaver Rd., Ste. 123<br>Troy, Michigan 48084<br>(248) 649-1160<br><br>Attorneys for Plaintiff | |
| KUBER LAW GROUP, P.C.<br>By: Douglas A. Kuber<br>575 Madison Avenue, 10th Floor<br>New York, New York 10022<br>(212) 813-2680<br><br>Attorneys for Defendant | DRAPER & RUBIN, P.L.C.<br>By: David Draper (P43750)<br>18580 Mack Avenue<br>Grosse Pointe Farms, Michigan 48236<br>(313) 885-6800<br><br>Co-Counsel for Defendant |

## DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Connected

Ventures, LLC ("Connected") hereby requests that plaintiff Maria Lotoczky

("Lotoczky") serve a written response within thirty (30) days after the service of this

request and produce for inspection and copying, in accordance with the Federal Rules of

Civil Procedure, the documents designated below. These documents shall be produced

on May 16, 2005, at 10:00 A.M. at the offices of Draper & Rubin, P.L.C., 18580 Mack Avenue, Grosse Pointe Farms, Michigan 48236.

<div align="center">

### DEFINITIONS AND INSTRUCTION

</div>

    A.    As used herein, the words and phrases set out below shall have the meaning or meanings prescribed for them:

        1.    "Document" or "documents" shall mean every original (and every copy of any original or copy which differs in any way from any original) of every writing, photograph or recording of every kind or description, whether handwritten, typed, drawn, printed, or recorded by any physical, mechanical, electronic or electrical means whatsoever, including without limitation statements prepared by investigators, statements of employees, books, electronic mail, records, papers, pamphlets, brochures, circulars, advertisements, specifications, blueprints, maps, plats, surveys, drawings, sketches, graphs, charts, plans, tests, laboratory or engineering reports, measurements, models, correspondence, communications, telegrams, memoranda, notes, notebooks, worksheets, reports, lists, analyses, summaries, ledgers, books of original entry, journals, accounts, audits, inventories, tax returns, unemployment compensation forms, financial statements, profit and loss statements, cash flow statements, balance sheets, annual or other periodic reports, budgets, prospectuses, registrations, solicitations, minutes, stock ledgers, stock certificates, certificates of deposit, time accounts, passbooks, securities, licenses, permits, calendars, appointment books, diaries, telephone bills and toll call records, expense reports, commission statements, itineraries, agendas, wage and payroll records, employment and personnel

records, checkbooks, check stubs, bank statements, canceled checks, receipts, cash disbursements, ledgers, contracts, agreements, instruments, assignments, applications, authorizations, offers, acceptances, bids, proposals, financing statements, documents of title, appraisals, purchase orders, invoices, bills or statements of account, bills of lading, written memorials of oral communications, forecasts, photographs, photographic slides or negatives, films, filmstrips, audio tapes, video tapes and recordings.

2.     "Person" or "persons" shall mean each and every individual, corporation, partnership, joint venture, social or political organization or any other entity, whether real or judicial or incorporated or unincorporated, encompassed within the usual and customary meaning of "person" or "persons" or otherwise encompassed without this definition.

3.     "Relate" or "relating to" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

4.     "Relied upon" shall mean being or having been depended upon or referred to or being or having been arguably appropriate for such reliance.

5.     "Interrogatories" shall mean Defendant's First Set of Interrogatories to Plaintiff.

6.     "Plaintiff" shall mean Maria Lotoczky.

7.     "Defendant" shall mean Connected Ventures, LLC, its employees, agents, representatives, affiliates, or contracted parties.

8.     The term "The Photograph" shall mean the photograph of the

plaintiff which was allegedly posted on the CollegeHumor.com website.

B.    In construing these requests:

1.    The singular shall include the plural and the plural shall include the singular.

2.    A masculine, feminine or neuter pronoun shall not exclude the other genders.

3.    Plaintiff shall segregate documents to be produced in response hereto according to the paragraph to which they are responsive.  Plaintiff shall identify in writing any paragraph of this request for which no response or documents are produced.

C.    This Request calls for the production of all original documents which are within Plaintiff's possession, custody or control.  In addition, this Request calls for the production of all copies of such documents and any drafts thereof, preliminary or otherwise, which are within Plaintiff's possession, custody or control.

D.    If any document described herein was, but no longer is, within Plaintiff's possession, custody, or control, please state in detail:

(a)    a summary of the contents of the document;

(b)    what disposition was made of it;

(c)    the date of this disposition;

(d)    whether the original or a copy of the document is within the possession, custody or control of any other person, corporation or entity; and

(e)    if the answer to (d) is affirmative, the identity of that person, corporation or entity.

E.      In the event that any document requested is withheld on the basis of a claim of privilege, that document shall be identified by setting forth, in a privileged document log to be provided on or before the document production, the following information:

(a)     the name(s) of its author(s);

(b)     the name(s) of its recipient(s);

(c)     its date;

(d)     the name of each person or persons (other than stenographic or clerical assistants) participating in its preparation;

(e)     the date on which the document was received by those having possession, custody or control of it;

(f)     the name and address of each person, if any, to whom its contents have been communicated by copy, exhibition, reading or substantial summarization;

(g)     a brief description of its nature and subject matter;

(h)     the statute, rule or decision which is claimed to give rise to the privilege or a summary of the basis upon which it is being withheld;

(i)     its present custodian and location;

(j)     its attachments;

(k)     the number of its pages, attachments or appendices;

(l)     whether it is handwritten, typewritten or otherwise prepared; and

(m)     the number of the request to which it is responsive.

F.      If, for reasons other than a claim of privilege, Plaintiff refuses to produce

any document called for by this Request, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of its propriety.

G.    These Requests shall be deemed continuing in nature so as to require further and supplemental answers in accordance with the Federal Rules of Civil Procedure.

## DOCUMENTS REQUESTED

1.  Any and all documents referred or related to, or upon which Plaintiff relied, in answering the Interrogatories.

**Response to Request No. 1:**

2.  Any and all documents relating to or which constitute The Photograph.

**Response to Request No. 2:**

3.  Any and all documents which constitute copies of any and all of the information and photographs which were contained on the computer disk referred to in Paragraph 19 of the Complaint.

**Response to Request No. 3:**

4. Any and all documents relating to or memorializing any emails sent to GMAC employees which contained a link to The Photograph.

**Response to Request No. 4:**

5. Any and all documents relating to or memorializing any communication, direct or indirect, between Plaintiff and Defendant.

**Response to Request No. 5:**

6. Any and all documents relating to or memorializing any communication, direct or indirect, between Plaintiff and GMAC, including but not limited to any employee thereof, relating either to the reasons why Plaintiff left or was terminated from GMAC, or to The Photograph.

**Response to Request No. 6:**

7. Any and all documents relating to the "severe emotional pain and suffering," "shame," "humiliation," "extreme mental suffering", "pain," embarrassment," emotional

distress," and "severe mental pain" Plaintiff alleges resulted from any act by the

Defendant including, but not limited to, documents relating to consultations with or

treatment Plaintiff received from any health care provider (e.g., medical doctor,

psychologist, etc.) for such alleged injuries.

**Response to Request No. 7:**

8.   Any and all documents, relating to or memorializing any communication,

direct or indirect, between Plaintiff and any law enforcement agency relating to the

alleged theft of the computer disk referred to in Paragraph 19 of the Complaint including,

but not limited to, any police report.

**Response to Request No. 8:**

9.   Any and all statements, written or otherwise, obtained from anyone who was

interviewed or questioned by Plaintiff or on Plaintiff's behalf in connection with the

controversy herein.

**Response to Request No. 9:**

10. Any and all documents which in any way substantiate any or all of the allegations alleged by Plaintiff in her Complaint against Defendant.

**Response to Request No. 10:**

11. Any and all documents which in any way substantiate any or all of the damages alleged by Plaintiff in its Complaint against Defendant.

**Response to Request No. 11:**

12. Any and all documents relating to Plaintiff's employment with GMAC, including but not limited to, records of income, benefits any other compensation, disciplinary actions (e.g., reprimands, warnings, restrictions suspensions, separations and terminations).

**Response to Request No. 12:**

13. Any and all documents relating to Plaintiff's efforts, if any, to obtain employment since leaving GMAC.

**Response to Request No. 13:**

14. Any and all documents relating to Plaintiff's attempts, if any, to mitigate the damages alleged in the Complaint.

**Response to Request No. 14:**

15. Any and all documents which support each response by you to the First Set of Requests for Admission to Defendant, served concurrently herewith, which was anything other than an unqualified admission.

**Response to Request No. 15:**

*KUBER LAW GROUP, P.C.*

/s Douglas A. Kuber
Douglas A. Kuber
575 Madison Avenue, 10th Floor
New York, New York 10022
(212) 813-2680
**Attorneys for Defendant**

*DRAPER & RUBIN, P.L.C.*

/s David Draper
David Draper (P43750)
18580 Mack Avenue
Grosse Pointe Farms, Michigan 48236
(313) 885-6800
**Co-Counsel for Defendant**

Dated: April 15, 2005

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 18th Day of April, 2005, she/he did cause to be served by United States mail a copy of this document on counsel of record for plaintiff.

/s *Susan Crohoski*

April 18, 2005

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**MARIA LOTOCZKY,**

        **Plaintiff,**

**v.**

**CONNECTED VENTURES, LLC,**

        **Defendant.**

**Hon. John Corbett O'Meara**
**Case No. 04-74365**
**Magistrate Judge R. Steven Whalen**

| | |
|---|---|
| SAKIS & SAKIS, PLC<br>By: Jason R. Sakis (P59525)<br>3250 West Big Beaver Rd., Ste. 123<br>Troy, Michigan 48084<br>(248) 649-1160<br><br>Attorneys for Plaintiff | |
| KUBER LAW GROUP, P.C.<br>By: Douglas A. Kuber<br>575 Madison Avenue, 10th Floor<br>New York, New York 10022<br>(212) 813-2680<br><br>Attorneys for Defendant | DRAPER & RUBIN, P.L.C.<br>By: David Draper (P43750)<br>18580 Mack Avenue<br>Grosse Pointe Farms, Michigan 48236<br>(313) 885-6800<br><br>Co-Counsel for Defendant |

## DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant Connected

Ventures, LLC ("Connected") hereby requests that plaintiff Maria Lotoczky ("Lotoczky")

answer the following Interrogatories, separately and fully, in writing and under oath.

## DEFINITIONS

1.     These interrogatories incorporate by reference the Definitions found in Rules 26-

37 of the Federal Rules of Civil Procedure.

2.      The term "identify" shall mean, with respect to a communication, to set forth (a) the parties to the communication, (b) the means of communication (including whether the communication was written or oral), (c) the date of the communication, (d) the location of the communication, (e) the duration of the communication, and (f) the sum and substance of the communication.

3.      The term "identify" shall mean, with respect to a person, to set forth (a) the persons name, (b) work and home addresses, (c) work and home telephone numbers, and (d) a description of such person's relationship to the plaintiff (e.g., friend, employee, co-worker, etc.), if any.

4.      The term "complaint" as used herein refers to the document entitled "Complaint and Demand for Jury Trial," dated November 2, 2004.

5.      The term "The Photograph" shall mean the photograph of the plaintiff which was allegedly posted on the CollegeHumor.com website.

6.      "You" and "your" shall mean plaintiff Maria Lotoczky.

## INSTRUCTIONS

1.      In answering these Interrogatories, you must furnish all information known or available to you regardless of whether this information is possessed: directly by you, your agents, representatives, or investigators; by your present or former attorneys or their agents, employees, representatives, or investigators; or by any other legal entities controlled by or in any manner affiliated with you.

2.      If any of these Interrogatories cannot be answered in full, answer to the extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information, knowledge, or belief you have concerning the unanswered portion.

2

3.    These Interrogatories are continuing in nature.  If, at any time after service of the initial answers hereto and prior to the trial of this action, you obtain additional information responsive to these interrogatories, you are required promptly to supplement or amend your answers hereto in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

4.    If any of the information requested is not disclosed or produced on the ground of any privilege, identify such privilege by name, describe the basis of the privilege claimed and describe the information purportedly subject to such claim of privilege in whatever detail you would present to the Court in order to enable it to decide if the privilege has been properly invoked.  To the extent any information allegedly supporting any claim of privilege is not set forth in response hereto, but later submitted to the Court in support of such claimed privilege, we will argue that such later-submitted information should be rejected by the Court because you failed to disclose it in response hereto.

5.    Any term which is not specifically defined herein shall be construed in accordance with that term's generally known and broadest possible meaning.

### INTERROGATORIES

**Interrogatory No. 1:**

Identify all persons whom you allege received emails linked to CollegeHumor.com, which directed the viewer to The Photograph.

**Response to Interrogatory No. 1:**

**Interrogatory No. 2:**

Identify all persons who have, to your knowledge, ever viewed The Photograph.

3

**Response to Interrogatory No. 2:**

**Interrogatory No. 3:**

Identify all persons whom you allege viewed The Photograph as a result of its posting on the CollegeHumor.com website.

**Response to Interrogatory No. 3:**

**Interrogatory No. 4:**

Identify all persons referred to in the Complaint as having been employed by GMAC including, but not limited to, those referred to therein as "employees," "supervisory personnel," "colleagues," "supervisors," "co-workers," and "management."

**Response to Interrogatory No. 4:**

**Interrogatory No. 5:**

Identify all persons who had access to the computer disk referred to in Paragraph 18 of

4

the Complaint, sufficient to permit them to have unlawfully taken it from your house, as alleged in the Complaint.

**Response to Interrogatory No. 5:**

**Interrogatory No. 6:**

Identify all persons present at the time The Photograph was taken including, but not limited to, the photographer thereof.

**Response to Interrogatory No. 6:**

**Interrogatory No. 7:**

Identify all persons whom you intended to include within the references in your Complaint to "professional colleagues" and "her community."

**Response to Interrogatory No. 7:**

**Interrogatory No. 8:**

Identify each and every health care provider (e.g., medical doctor, psychologist, etc.), if any, with whom you consulted or from whom you received treatment for any injury including, but not limited to, "severe emotional pain and suffering," "shame," "humiliation," "extreme mental suffering", "pain," embarrassment," emotional distress," and "severe mental pain" you allege resulted from any act by the defendant.

**Response to Interrogatory No. 8:**

**Interrogatory No. 9:**

Identify all persons with knowledge of the allegations set forth in the Complaint.

**Response to Interrogatory No. 9:**

**Interrogatory No. 10:**

Identify all communications with GMAC, or any of its employees, with respect to The Photograph.

**Response to Interrogatory No. 10:**

**Interrogatory No. 11:**

For <u>each</u> element of damages you are seeking in the Complaint including, but not limited to, damages for "non-pecuniary losses," and "back pay and other lost wages and benefits lost," state the amount, describe the method by which such amount was calculated, and identify all documents which support the existence of each such element.

**Response to Interrogatory No. 11:**

**Interrogatory No. 12:**

For each response by you to the First Set of Requests for Admission to Defendant, served concurrently herewith, which was anything other than an unqualified admission, please state each and every fact which supports each such response.

**Response to Interrogatory No. 12:**

*KUBER LAW GROUP, P.C.*

/s Douglas A. Kuber
Douglas A. Kuber
575 Madison Avenue, 10th Floor
New York, New York 10022
(212) 813-2680
**Attorneys for Defendant**

7

**DRAPER & RUBIN, P.L.C.**

/s David Draper
David Draper (P43750)
18580 Mack Avenue
Grosse Pointe Farms, Michigan 48236
(313) 885-6800
**Co-Counsel for Defendant**

Dated: April 15, 2005

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 18th Day of April, 2005, she/he did cause to be served by United States mail a copy of this document on counsel of record for plaintiff.

/s _Susan Cichoski_

April 18, 2005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIA LOTOCZKY,

Plaintiff,

v.

CONNECTED VENTURES, LLC,

Defendant.

Hon. John Corbett O'Meara
Case No. 04-74365
Magistrate Judge R. Steven Whalen

| | |
|---|---|
| SAKIS & SAKIS, PLC<br>By: Jason R. Sakis (P59525)<br>3250 West Big Beaver Rd., Ste. 123<br>Troy, Michigan 48084<br>(248) 649-1160<br><br>Attorneys for Plaintiff | |
| KUBER LAW GROUP, P.C.<br>By: Douglas A. Kuber<br>575 Madison Avenue, 10th Floor<br>New York, New York 10022<br>(212) 813-2680<br><br>Attorneys for Defendant | DRAPER & RUBIN, P.L.C.<br>By: David Draper (P43750)<br>18580 Mack Avenue<br>Grosse Pointe Farms, Michigan 48236<br>(313) 885-6800<br><br>Co-Counsel for Defendant |

## DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, defendant Connected Ventures, LLC ("Connected") hereby requests that plaintiff Maria Lotoczky ("Lotoczky") admit the truth of the following matters.

## DEFINITIONS

1.      These requests for admission incorporate by reference the Definitions found in Rules 26-37 of the Federal Rules of Civil Procedure.

1

2.      The term "complaint" as used herein refers to the document entitled "Complaint and Demand for Jury Trial," dated November 2, 2004.

3.      The term "The Photograph" shall mean the photograph of the plaintiff which was allegedly posted on the CollegeHumor.com website.

4.      "You" and "your" shall mean plaintiff Maria Lotoczky.

5.      Any term which is not specifically defined herein shall be construed in accordance with that term's generally known and broadest possible meaning.

## INTERROGATORIES

**Request for Admission No. 1:**

Admit that you left or were terminated from the employ of GMAC for reasons unrelated to any act by defendant.

**Response to Request for Admission No. 1:**

**Request for Admission No. 2:**

Admit that you have not received treatment from any medical professional for any injuries alleged in the complaint..

**Response to Request for Admission No. 2:**

**Request for Admission No. 3:**

Admit that there is no documentary evidence to support any of the damages sought in the

2

complaint.

**Response to Request for Admission No. 3:**

**Request for Admission No. 4:**

Admit that there is no documentary evidence to support any damages resulting from any mental or physical injury or invasion of privacy alleged in the complaint.

**Response to Request for Admission No. 4:**

**Request for Admission No. 5:**

Admit that there is no documentary evidence to support the existence of any mental or physical injury alleged in the complaint.

**Response to Request for Admission No. 5:**

**Request for Admission No. 6:**

Admit that there is no documentary evidence to support your reputation having been damaged as a result of any act by defendant.

**Response to Request for Admission No. 6:**

3

**Request for Admission No. 7:**

Admit that there is no evidence defendant sent or transmitted any emails to anyone at GMAC.

**Response to Request for Admission No. 7:**

**Request for Admission No. 8:**

Admit that you never reported to any law enforcement agency the theft alleged in Paragraphs 19 and 28 of the complaint.

**Response to Request for Admission No. 8:**

*KUBER LAW GROUP, P.C.*

/s Douglas A. Kuber
Douglas A. Kuber
575 Madison Avenue, 10th Floor
New York, New York 10022
(212) 813-2680
**Attorneys for Defendant**

4

*DRAPER & RUBIN, P.L.C.*

/s David Draper
David Draper (P43750)
18580 Mack Avenue
Grosse Pointe Farms, Michigan 48236
(313) 885-6800
**Co-Counsel for Defendant**

Dated: April 15, 2005

5

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 18th Day of April, 2005, she/he did cause to be served by United States mail a copy of this document on counsel of record for plaintiff.

/s _Sessan Cichoski_

April 18, 2005

# EXHIBIT 6

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**MARIA LOTOCZKY,**

        **Plaintiff,**

v.

**CONNECTED VENTURES, LLC,**

    **Defendant.**

Hon. John Corbett O'Meara
Case No. 04-74365
Magistrate Judge R. Steven Whalen

| | |
|---|---|
| SAKIS & SAKIS, PLC<br>By: Jason R. Sakis (P59525)<br>3250 West Big Beaver Rd., Ste. 123<br>Troy, Michigan 48084<br>(248) 649-1160<br><br>Attorneys for Plaintiff | |
| KUBER LAW GROUP, P.C.<br>By: Douglas A. Kuber<br>575 Madison Avenue, 10th Floor<br>New York, New York 10022<br>(212) 813-2680<br><br>Attorneys for Defendant | DRAPER & RUBIN, P.L.C.<br>By: David Draper (P43750)<br>18580 Mack Avenue<br>Grosse Pointe Farms, Michigan 48236<br>(313) 885-6800<br><br>Co-Counsel for Defendant |

## NOTICE OF DEPOSITION OF PLAINTIFF

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, defendant Connected Ventures, LLC will take the deposition of plaintiff Maria Lotoczky ("Lotoczky"), which shall commence on June 21, 2004, at 9:30 a.m., at the offices of Draper & Rubin, P.L.C., **located at 29800 Telegraph Rd., Southfield, Michigan 48034**. The deposition will be recorded by stenographic means and by videotape. The deposition will continue from day to day, excluding Saturdays, Sundays

and legal holidays, until completed, unless otherwise agreed by the attorneys for all

parties.

<div style="text-align: center; margin-left: 45%;">

**_KUBER LAW GROUP, P.C._**

/s Douglas A. Kuber
Douglas A. Kuber
575 Madison Avenue, 10th Floor
New York, New York 10022
(212) 813-2680
**Attorneys for Defendant**


**_DRAPER & RUBIN, P.L.C._**

/s David Draper
David Draper (P43750)
18580 Mack Avenue
Grosse Pointe Farms, Michigan 48236
(313) 885-6800
**Co-Counsel for Defendant**

</div>

Dated: May 17, 2005

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 17th Day of May, 2005, she/he did cause to be served by United States mail a copy of this document on counsel of record for plaintiff.

/s__ Douglas A. Kuber_____

May 17, 2005

# SAKIS & SAKIS

### ATTORNEYS AND COUNSELORS
*Professional Limited Liability Company*
3250 West Big Beaver Road, Suite 123
Troy, Michigan 48084
Tel: (248) 649-1160   Fax: (248) 637-9737

Jason R. Sakis
E-mail: jasonsakis@sakislaw.com

www.sakislaw.com

May 23, 2005

Maria Lotoczky
650 Red Oak Lane
Rochester, Michigan 48307

Re: Maria Lotoczky v. Connected Ventures, LLC
Case No. 04-74365

Dear Ms. Lotoczky:

Please find enclosed a copy of the Notice of Deposition regarding the above referenced matter.

Please note that the **Deposition** will be held on **Monday, June 21, 2005 at 9:30 AM** at the offices of Draper & Rubin, P.L.C. located at **29800 Telegraph Road, Southfield, Michigan 48034.**

Also find enclosed Defendant's Second Set of Requests For Production Of Documents and/Or Tangible Things To Plaintiff and Defendant's Second Set of Requests For Admission To Plaintiff. Please answer and provide the requested documents an/or tangible things to the best of your ability and return to our office as soon as possible in the self addressed stamped envelope provided.

Please contact our office if you have any questions or concerns.

Respectfully,

SAKIS & SAKIS, PLC

Jason R. Sakis

N:\Docs\CLIENTS WIP\Lotoczky\LTR to client. 4 wpd.wpd

# KUBER LAW GROUP, P.C.

575 MADISON AVENUE, 10TH FLOOR
NEW YORK, NEW YORK 10022
PHONE: 212.813.2680
FAX: 212.813.2681
www.kuberlaw.com

May 27, 2005

DOUGLAS A. KUBER
PARTNER
dak@kuberlaw.com

**VIA FACSIMILE (248-637-9737)**
Jason R. Sakis, Esq.
Sakis & Sakis, PLC
3250 West Big Beaver Rd., Suite 123
Tory, Michigan 48084

Re:  Maria Lotoczky v. Connected Ventures, LLC
USDC, E. Dist. Michigan, Case No. 04-74365

Dear Mr. Sakis:

On April 18, 2005, Defendant served upon Plaintiff, *inter alia*, Defendants' First Set of Requests for Production of Documents to Plaintiff and Defendant's First Set of Interrogatories to Plaintiff. As of today, Plaintiff has not responded to these discovery requests. Thus, any and all objections thereto have been waived by Plaintiff, as a matter of law. Accordingly, in order to have adequate time to prepare for Plaintiff's deposition, which shall commence on June 21, 2005, we must insist that Plaintiff both produce all responsive documents *and* provide full and complete responses to the interrogatories—without objection—no later than June 3, 2005.

In the event Plaintiff does not fully and completely produce and respond, respectively, by June 3, 2005, Defendant will be forced to incur additional unnecessary costs and expenses. While we hope such will not become necessary, we must place you and your client on notice that Defendant will seek to recover any and all costs and expenses that may be incurred as a result of Plaintiff's failure and refusal to respond to these discovery requests.

Very truly yours,

Douglas A. Kuber

cc:  David Draper, Esq.

2060.002

# SAKIS & SAKIS

ATTORNEYS AND COUNSELORS
*Professional Limited Liability Company*
3250 West Big Beaver Road, Suite 123
Troy, Michigan 48084
Telephone (248) 649-1160    Facsimile (248) 637-9737

Raymond S. Sakis
Jason R. Sakis
Dennis J. Grifka

www.sakislaw.com

**June 2, 2005**

Clerk of the Court
UNITED STATES DISTRICT COURT
Eastern District of Michigan
277 Theodore Levin United States Courthouse
231 West Lafayette Boulevard - 5th Floor
Detroit, Michigan 48226

**Re:    Maria Lotoczky v Conected Ventures, LLC**
**Case No. 04-74365**

Dear Sir/Madam:

Please find enclosed Plaintiff Counsel's Motion To Withdraw From Representation,
Notice of Hearing, and Certificate of Service regarding the above referenced matter.

Kindly file this in your usual manner.

Thank you for your assistance.

Respectfully,

SAKIS & SAKIS, PLC

*Jason R. Sakis/j.w.*

Jason R. Sakis

cc: Honorable John Corbett O'Meara
Maria Lotoczky
Douglas A. Kuber, Esq.

N:\Docs\CLIENTS WIP\Walker Correspondence\Corresp\Court\LTR USDs: 19.wpd

# KUBER LAW GROUP, P.C.

575 MADISON AVENUE, 10TH FLOOR
NEW YORK, NEW YORK 10022
PHONE: 212.813.2680
FAX: 212.813.2681
www.kuberlaw.com

June 9, 2005

**DOUGLAS A. KUBER**
**PARTNER**
dak@kuberlaw.com

**VIA FACSIMILE (248-637-9737)**
Jason R. Sakis, Esq.
Sakis & Sakis, PLC
3250 West Big Beaver Rd., Suite 123
Tory, Michigan 48084

Re:  Maria Lotoczky v. Connected Ventures, LLC
     USDC, E. Dist. Michigan, Case No. 04-74365

Dear Mr. Sakis:

I am writing in connection with Plaintiff Counsel's Motion to Withdraw from Representation (the "Motion") which you recently filed with the Court. This letter does not address the merits of the Motion but, instead, is written as a courtesy to provide notice to you of certain procedural infirmities of the Motion, and to request that you voluntarily withdraw the Motion to correct those procedural issues.

The Motion fails, in several respects, to comply with the Local Rules of the United States District Court for the Eastern District of Michigan ("Local Rules"). In particular, the Motion fails to meet the prerequisite set forth in Rule 7.1(a) of the Local Rules. In addition, the Motion fails to comply with Rules 7.1(c)(1)(A) and 7.1(c)(2) of the Local Rules.

If you intend to withdraw the Motion, please immediately file a Notice of Withdrawal with the Court, and provide a copy to us, so we need not unnecessarily waste time in responding to a procedurally incompetent Motion.

Thank you in advance for your anticipated cooperation.

Very truly yours,

Douglas A. Kuber

cc:  David Draper, Esq.

2050.002

9