UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIA LOTOCZKY,

    Plaintiff,

-v-

CONNECTED VENTURES, LLC,

    Defendant.

Case No. 04-74365
Honorable John Corbett O'Meara
Magistrate Judge R. Steven Whalen

---

**SAKIS & SAKIS, PLC**
Attorneys for Plaintiffs
By:   **Raymond S. Sakis**   (P19843)
      **Jason R. Sakis**   (P59525)
Suite 123
3250 West Big Beaver Road
Troy, Michigan 48084
248.649.1160

**DRAPER & RUBIN, P.C.**
By: David Draper (P43750)
Co-Counsel for Defendant
18580 Mack Avenue
Grosse Pointe Farms, Michigan 48236
313-885-6800

**KUBER LAW GROUP, P.C.**
By: Douglas A. Kuber
Attorney for Defendant
575 Madison Avenue, 10th Floor
New York, New York 10022
212-813-2680

---

# DECLARATION OF JOANNE WEEKS

STATE OF MICHIGAN   )
                             ) ss/
COUNTY OF OAKLAND   )

1. That I am the secretary for the firm of Sakis & Sakis, PLC.

2. That I called the Defendant attorney, Douglas A. Kuber, on 20, 2005 at 4:00 PM to advise him that our office continued to have difficulty in communicating with the Plaintiff and that Mr. Sakis would not appear for the Deposition scheduled for June

21, 2005 nor did we believe the Plaintiff, Maria Lotoczky would be appearing as requested.

I CERTIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND ACCURATE.

DATED: July 25, 2005

Jo Anne Weeks

On this 25th day of July, 2005, before me, a Notary Public in and for said County and State, personally appeared Jo Anne Weeks who, being first duly sworn, deposes and says: that she has read the foregoing Declaration, by her subscribed; that she knows the contents thereof; and that the same is true of her own information, knowledge, and belief.

Notary Public, Oakland County, Michigan
My Commission Expires: Aug 10, 2007

N:\Docs\CLIENTS WLP\Lotoczky\Declaration of Weeks.wpd

1

# SAKIS & SAKIS

ATTORNEYS AND COUNSELORS
*Professional Limited Liability Company*
3250 West Big Beaver Road, Suite 123
Troy, Michigan 48084
Tel: (248) 649-1160   Fax: (248) 637-9737

Jason R. Sakis
E-mail: jasonsakis@sakislaw.com

www.sakislaw.com

June 20, 2005

Draper & Rubin, P. C.
David Draper, Esq.
18580 Mack Avenue
Grosse Pointe Farms, Michigan 48236

    Re: Maria Lotoczky v. Connected Ventures, LLC
        Case No. 04-74365

Dear Mr. Draper:

    This correspondence will confirm our telephone conversation today in which I explained that our client, Maria Lotoczky and Mr. Jason Sakis, Esq. will not be appearing for the deposition scheduled for June 21, 2005. We have be unable to communicate with Ms. Lotoczky.

    Thank you for your attention to this matter.

                                  Respectfully,

                                  SAKIS & SAKIS, PLC

                                  */s/ Jason R. Sakis/J.W.*
                                  Jason R. Sakis



# KUBER LAW GROUP, P.C.

575 MADISON AVENUE, 10TH FLOOR
NEW YORK, NEW YORK 10022
PHONE: 212.813.2680
FAX: 212.813.2681
www.kuberlaw.com

May 27, 2005

DOUGLAS A. KUBER
PARTNER
dak@kuberlaw.com

VIA FACSIMILE (248-637-9737)
Jason R. Sakis, Esq.
Sakis & Sakis, PLC
3250 West Big Beaver Rd., Suite 123
Tory, Michigan 48084

Re: Maria Lotoczky v. Connected Ventures, LLC
USDC, E. Dist. Michigan, Case No. 04-74365

Dear Mr. Sakis:

On April 18, 2005, Defendant served upon Plaintiff, inter alia, Defendants' First Set of Requests for Production of Documents to Plaintiff and Defendant's First Set of Interrogatories to Plaintiff. As of today, Plaintiff has not responded to these discovery requests. Thus, any and all objections thereto have been waived by Plaintiff, as a matter of law. Accordingly, in order to have adequate time to prepare for Plaintiff's deposition, which shall commence on June 21, 2005, we must insist that Plaintiff both produce all responsive documents and provide full and complete responses to the interrogatories—without objection—no later than June 3, 2005.

In the event Plaintiff does not fully and completely produce and respond, respectively, by June 3, 2005, Defendant will be forced to incur additional unnecessary costs and expenses. While we hope such will not become necessary, we must place you and your client on notice that Defendant will seek to recover any and all costs and expenses that may be incurred as a result of Plaintiff's failure and refusal to respond to these discovery requests.

Very truly yours,

Douglas A. Kuber

cc: David Draper, Esq.

2060.003

# KUBER LAW GROUP, P.C.

575 MADISON AVENUE, 10TH FLOOR
NEW YORK, NEW YORK 10022
PHONE: 212.813.2680
FAX: 212.813.2681
www.kuberlaw.com

May 27, 2005

## FACSIMILE TRANSMITTAL COVER SHEET

**TO:** Jason R. Sakis, Esq. (248-637-9737)

**FROM:** Douglas A. Kuber

**RE:** Maria Lotoczky v. Connected Ventures, LLC
USDC, E. Dist. Michigan, Case No. 04-74365

**PAGES (INCLUDING COVER):** 2

**NOTES AND COMMENTS:**

See attached.

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS BELOW VIA THE U.S. POSTAL SERVICE. THANK YOU.

ORIGINAL

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARIA LOTOCZKY,

    Plaintiff,

-v-

CONNECTED VENTURES, LLC,

    Defendant.

Case No. 04-74365
Honorable John Corbett O'Meara
Magistrate Judge R. Steven Whalen

| | |
|---|---|
| SAKIS & SAKIS, PLC<br>Attorneys for Plaintiffs<br>By:  **Raymond S. Sakis**  (P19843)<br>       **Jason R. Sakis**  (P59525)<br>Suite 123<br>3250 West Big Beaver Road<br>Troy, Michigan 48084<br>248.649.1160<br><br>**DRAPER & RUBIN, P.C.**<br>By: David Draper (P43750)<br>Co-Counsel for Defendant<br>18580 Mack Avenue<br>Grosse Pointe Farms, Michigan 48236<br>313-885-6800 | **KUBER LAW GROUP, P.C.**<br>By: Douglas A. Kuber<br>Attorney for Defendant<br>575 Madison Avenue, 10th Floor<br>New York, New York 10022<br>212-813-2680 |

# PLAINTIFF ATTORNEY'S BRIEF IN SUPPORT OF HIS RESPONSE TO DEFENDANT'S MOTION TO RECOVER FEES AND EXPENSES

## INTRODUCTION

It is important to note that the Defendant's Motion to recover fees and expenses is not brought against the Plaintiff. Rather, the Defendant's Motion is brought against the Plaintiff's attorney. In all respects, the Sakis Firm has acted properly and in accordance to all Federal Rules,

including Federal Rule 37(d) and Principle 16 of the Court's Civility Principles. From the very first of Defendant's discovery requests, the Sakis Firm has attempted to contact its client. In all regards, the Firm of Sakis & Sakis, PLC, has not received any response to these requests from the client. The Plaintiff's failure to contact or cooperate with her attorneys was made known very <u>early</u> and <u>frequently</u> to the Defendant attorney. Now, the Defendant attorney seeks to disclaim any such knowledge and confuse the Plaintiff attorney's efforts with the Plaintiff, Maria Lotoczky. Defendant now seeks thousands of dollars in fees and expenses for events entirely outside of the control of Raymond S. Sakis of the Firm of Sakis & Sakis, PLC.

Stated simply, Defendant attorney's request to obtain fees and expenses from the Plaintiff's attorney is misguided, inappropriate and should be denied.

SAKIS & SAKIS, P.L.C.
Attorneys at Law
3250 West Big Beaver Road, Suite 123
Troy, Michigan 48084
Telephone: 248.649.1160
Fax: 248.637.9237

1

## ISSUE PRESENTED

Should the Sakis Firm be required to reimburse Defendant for fees, costs and expenses for events, entirely outside of its control and after the Defendant was repeatedly informed that the Sakis Firm had not been in contact with its client about ongoing discovery requests since May 21, 2005?

SAKIS & SAKIS, P.L.C.
*Attorneys at Law*
3250 West Big Beaver Road, Suite 123
Troy, Michigan 48084
Telephone: 248.649.1160
Fax: 248.637.9737

2

## STATEMENT OF FACTS

It is difficult to respond to the Defendant's repeated and insulting accusations about "intentional discovery abuse" without falling into a trap of making similar comments about the Defendant's behavior. Suffice it to say, the attorneys for the Plaintiff, Sakis & Sakis, PLC, have acted professionally and honorably from the very beginning and will continue to do so in spite of the Defendant's relentless attacks.

The Plaintiff attorney's response is two-pronged. First, the Plaintiff attorney experienced difficulties in contacting its client, Maria Lotoczky. Secondly, the Plaintiff attorney communicated those difficulties to the Defendant's legal counsel in Michigan and New York.

## PLAINTIFF ATTORNEY'S PROBLEMS WITH THE PLAINTIFF

Every attorney who has practiced enough years has, from time to time, encountered "communication" problems with his clients. Such was the case with the Plaintiff in this case. Plaintiff's attorney received Defendant's first discovery requests in April 2005. One of the most critical and time sensitive discovery requests is a "Request for Admissions." If not responded to in a timely manner, the requests may be considered as "admitted." On April 20, 2005, the firm of Sakis & Sakis, PLC, sent Defendant's requests to the Plaintiff, Maria Lotoczky. The Plaintiff did not respond to her attorney's communication. On May 23, 2005 the Plaintiff was again contacted by her counsel and 1) advised of a Deposition for June 21, 2005 and provided a "second" request for discovery. Again, the Plaintiff, Maria Lotczky, ignored her attorney's attempted contacts. On May 11, 2005, the Plaintiff's attorney wrote the client and requested a response to the outstanding "discovery" requests. Again to no avail! It quickly became apparent that the Plaintiff had decided

3

to abandon her claim. The firm of Sakis & Sakis, PLC was left with no alternative but to file a Motion to Withdraw as her counsel. The Plaintiff attorney filed his Motion To Withdraw and simultaneously <u>notified</u> the Defendant attorney of his difficulty in contacting the client and his intention to withdraw. Since the Plaintiff had failed to respond to the Notice of her Deposition, the Plaintiff's attorney was reluctant to unilaterally cancel the Deposition on the slim possibility that the Plaintiff would respond at the eleventh hour or even "appear" on the date set in the Notice.

Plaintiff's attorney made several attempts to keep the Defendant attorney fully <u>informed</u> about the lack of Plaintiff's cooperation on the discovery requests and her appearance at her Deposition. It was no secret that the Sakis Firm had not spoken to the Plaintiff, Maria Lotoczky, since May 2005. Prudently, the Plaintiff's attorney waited until June 20, 2005. By the end of the day, it became apparent that the Plaintiff would continue to ignore her attorney. Promptly, the Defendant attorney was contacted by phone and correspondence and adequately informed. For the Defendant attorney to label the Plaintiff's attorneys conduct as "intentional discovery abuse" is offensive and without merit. Further, to label the Plaintiff's attorney's conduct as a violation of the Court's Civility Principles is also unfounded and a contortion of the facts. Defendant attorney implies in his Brief and attached exhibits that the June 21, 2005 date was somehow inconvenient. It was not! Plaintiff attorney was unable to contact, confirm, review and consult with his client. Defendant attorney "<u>knew</u>" that such was the case. Why the Defendant attorney would travel to Detroit knowing that Plaintiff's attorney had not spoken with his client for weeks prior to the scheduled deposition is baffling. Why the Defendant attorney would travel to Detroit knowing that the Plaintiff's Deposition had not been confirmed with the client is equally incomprehensible. Why the Defendant attorney would travel to Detroit knowing that the Plaintiff's attorney was seeking to withdraw from his representation based on his failure to speak to her since May 11, 2005 defies

4

common sense.

## DID THE SAKIS FIRM FAIL TO PROVIDE TIMELY NOTICE OF PLAINTIFF'S NON-APPEARANCE

Principal 16 of the Court's Civility Principals requires that other counsel be notified "at the earliest possible time when depositions are to cancelled or postponed." The Sakis Firm had notified the Defendant of its inability to confirm or communicate with its client since May 2005. The Defendant attorney was fully aware of the Plaintiff attorney's communication problems with his client. In fact, the Defendant attorney himself implied that the Deposition would not proceed without receipt of requested discovery materials (See Exhibit 1, Defendant's May 27, 2005 letter). Defendant attorney knew he would not have the discovery materials prior to the scheduled deposition. Plaintiff attorney could not provide same because none was received from the Plaintiff. It baffles Plaintiff attorney's 35 years of experience as to why Defendant expected to proceed with the Plaintiff's deposition when he knew that the Sakis Firm had been unable to communicate with her since May 2005.

## DID THE PLAINTIFF'S ATTORNEY VIOLATE RULE 37 (d) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Rule 37 (d) applies to the imposition of sanctions against a <u>party</u> for failure to attend a deposition. In this case, Plaintiff's attorney advised his client to attend the deposition (See Exhibit 5). It was the Plaintiff's neglect in responding to the Notice and failing to attend that may be a violation of Rule 37 (d) but certainly there is no sanctionable error against the Plaintiff's attorney. Perhaps the Defendant attorney is suggesting that Plaintiff's attorney should have kidnaped or physically abducted the Plaintiff and present her for her deposition?

In conclusion, two facts are irrefutable. First, the Plaintiff has not been in contact with the

SAKIS & SAKIS, P.L.C.
Attorneys at Law
3250 West Big Beaver Road, Suite 123
Troy, Michigan 48084
Telephone: 248.649.1160
Fax: 248.637.9737

5

Sakis Firm since May 2005. Secondly, the Defendant attorney was amply aware, via telephone, pleadings and correspondence that the Sakis Firm had not contacted its client about the discovery requests and the scheduled deposition of June 21, 2005. Consequently, the Plaintiff's attorney, Raymond S. Sakis cannot ethically or as an Officer of this Court be responsible for the Defendant's fees and expenses.

DATED: July 28, 2005

SAKIS & SAKIS, PLC
Attorneys for Plaintiff

By: /s/ Raymond S. Sakis
Raymond S. Sakis (19843)
Jason R. Sakis (P59525)
3250 West Big Beaver Rd., Ste. 123
Troy, Michigan 48084
248.649.1160

SAKIS & SAKIS, P.L.C.
Attorneys at Law
3250 West Big Beaver Road, Suite 123
Troy, Michigan 48084
Telephone: 248.649.1160
Fax: 248.637.9737

5

# EXHIBIT 1

# KUBER LAW GROUP, P.C.

575 MADISON AVENUE, 10TH FLOOR
NEW YORK, NEW YORK 10022
PHONE: 212.813.2680
FAX: 212.813.2681
www.kuberlaw.com

May 27, 2005

DOUGLAS A. KUBER
PARTNER
dak@kuberlaw.com

**VIA FACSIMILE (248-637-9737)**
Jason R. Sakis, Esq.
Sakis & Sakis, PLC
3250 West Big Beaver Rd., Suite 123
Tory, Michigan 48084

Re: Maria Lotoczky v. Connected Ventures, LLC
USDC, E. Dist. Michigan, Case No. 04-74365

Dear Mr. Sakis:

On April 18, 2005, Defendant served upon Plaintiff, inter alia, Defendants' First Set of Requests for Production of Documents to Plaintiff and Defendant's First Set of Interrogatories to Plaintiff. As of today, Plaintiff has not responded to these discovery requests. Thus, any and all objections thereto have been waived by Plaintiff, as a matter of law. Accordingly, in order to have adequate time to prepare for Plaintiff's deposition, which shall commence on June 21, 2005, we must insist that Plaintiff both produce all responsive documents and provide full and complete responses to the interrogatories—without objection—no later than June 3, 2005.

In the event Plaintiff does not fully and completely produce and respond, respectively, by June 3, 2005, Defendant will be forced to incur additional unnecessary costs and expenses. While we hope such will not become necessary, we must place you and your client on notice that Defendant will seek to recover any and all costs and expenses that may be incurred as a result of Plaintiff's failure and refusal to respond to these discovery requests.

Very truly yours,

Douglas A. Kuber

cc: David Draper, Esq.

2050.002

# KUBER LAW GROUP, P.C.

575 MADISON AVENUE, 10TH FLOOR
NEW YORK, NEW YORK 10022
PHONE: 212.813.2680
FAX: 212.813.2681
www.kuberlaw.com

May 27, 2005

## FACSIMILE TRANSMITTAL COVER SHEET

**TO:** Jason R. Sakis, Esq. (248-637-9737)

**FROM:** Douglas A. Kuber

**RE:** Maria Lotoczky v. Connected Ventures, LLC
USDC, E. Dist. Michigan, Case No. 04-74365

**PAGES (INCLUDING COVER): 2**

**NOTES AND COMMENTS:**

See attached.

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS BELOW VIA THE U.S. POSTAL SERVICE. THANK YOU.