UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MARIA LOTOCZKY,**

        **Plaintiff,**                       Hon. John Corbett O'Meara

v.                                         Case No. 04-74365

                                              Magistrate Judge R. Steven Whalen

**CONNECTED VENTURES, LLC,**

        **Defendant**.

| | |
|---|---|
| Maria Lotoczky<br>650 Red Oak Lane<br>Rochester, Michigan 48307<br><br>Plaintiff | |
| KUBER LAW GROUP, P.C.<br>By: Douglas A. Kuber<br>575 Madison Avenue, 10th Floor<br>New York, New York 10022<br>(212) 813-2680<br><br>Attorneys for Defendant | DRAPER & RUBIN, P.L.C.<br>By: David Draper (P43750)<br>18580 Mack Avenue<br>Grosse Pointe Farms, Michigan 48236<br>(313) 885-6800<br><br>Co-Counsel for Defendant |

**<u>DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE</u>**

       Defendant, Connected Ventures, LLC, hereby moves the Court, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the inherent power of the Court, for an Order dismissing this action, with prejudice, for plaintiff's failure to prosecute.

       This Motion is based upon Rule 41(b) of the Federal Rules of Civil Procedure, this Court's ruling at a hearing in this action held on July 12, 2005, the Brief in Support filed herewith, the Affidavit of Douglas A. Kuber filed herewith, the pleadings and

records on file in this action, and such other and further evidence and authority as may be presented prior to or at any hearing on this matter.

In compliance with Local Rule 7.1, defendant has attempted, but has been unable to contact plaintiff, to ascertain if this motion would be contested.

## **ISSUE PRESENTED**

- Should this action be dismissed in its entirety and with prejudice as a result of plaintiff's failure to prosecute?

## **AUTHORITY FOR GRANTING THE MOTION**

- Rule 41(b) of the Federal Rules of Civil Procedure

- Court's ruling on July 12, 2005, in connection with its granting the motion by plaintiff's counsel to withdraw from its representation of plaintiff

### BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THIS ACTION IN ITS ENTIRETY AND WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE

### PRELIMINARY STATEMENT

This Motion is brought to obtain a dismissal with prejudice of this entire action for plaintiff's failure to prosecute. The plaintiff has failed entirely to prosecute this action. Other than having her prior counsel file the complaint, plaintiff has failed to do anything whatsoever in this action. She failed to respond to defendant's written discovery requests; she failed to appear for her properly noticed deposition; and she failed to respond to requests from her own counsel, which led to this Court granting its motion to withdraw.

In granting the motion of plaintiff's former counsel to withdraw, this Court stated that it would dismiss this action if plaintiff failed to appear, either personally or through new counsel. Plaintiff has failed to do either and, accordingly, defendant now requests that this action be dismissed.

### STATEMENT OF FACTS

On November 9, 2004, plaintiff, through counsel, filed a Complaint against defendant. On March 17, 2005, defendant filed its Answer to the Complaint.

On April 15, 2005, defendant served its Initial Disclosures. Plaintiff never did.

On April 18, 2005, defendant served plaintiff with Defendant's First Set of Requests for Admission, Defendant's First Set of Requests for Production of Documents to Plaintiff, and Defendant's First Set of Interrogatories to Plaintiff. Plaintiff never responded to any of that written discovery.

On May 17, 2005, Defendant served plaintiff with a Notice of Deposition of

1

Plaintiff, which set such deposition to commence on June 21, 2005. Plaintiff never objected to the dates set for plaintiff's deposition, or called to notify defendant that plaintiff would not be appearing for her properly-noticed deposition. Accordingly, on June 20, 2005, defendant's counsel traveled from New York to Detroit to take plaintiff's deposition. Plaintiff did not appear for her properly-noticed deposition.

On May 17, 2005, defendant also served plaintiff with Defendant's Second Set of Requests for Admission to Plaintiff and Defendant's Second Set of Requests for Production of Documents to Plaintiff. Plaintiff never responded to any of that written discovery either.

On June 3, 2005, plaintiff's counsel filed a motion to withdraw for representing plaintiff in this action. The motion was based upon plaintiff's failure to cooperate or even respond to her attorneys. On July 12, 2005, the Court held a hearing on that motion. In granting the motion, the Court stated that "if the Plaintiff does not herself step forward or bring counsel before this Court within the 30/60 day period, I'll dismiss the case in its entirety for failure to pursue in any relevant way the cause of action."

## THIS ACTION SHOULD BE DISMISSED IN ITS ENTIRETY WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE

Rule 41(b) of the Federal Rules of Civil Procedure states, in pertinent part::

For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim against the defendant.

In addition, this Court itself, in granting the motion to withdraw by plaintiff's former counsel, stated that:

[I]f the Plaintiff does not herself step forward or bring counsel before this Court within the 30/60 day period, I'll dismiss the case in its entirety for failure to pursue in any relevant way the cause of action.

It cannot be contested that plaintiff has failed entirely to prosecute this action, and

2

has failed to appear, either herself or through counsel, within the 60 day period set by the Court.

## CONCLUSION

In light of the utter failure of the plaintiff to prosecute this action or to comply with this Court's ruling, defendant respectfully requests that this action be dismissed in its entirely, with prejudice.

        Respectfully submitted,
        ***KUBER LAW GROUP, P.C.***

        **/s** Douglas A. Kuber_____
        Douglas A. Kuber
        575 Madison Avenue, 10th Floor
        New York, New York 10022
        (212) 813-2680
        **Attorneys for Defendant**

        ***DRAPER & RUBIN, P.L.C.***

        **/s** David Draper_____
        David Draper (P43750)
        18580 Mack Avenue
        Grosse Pointe Farms, Michigan 48236
        (313) 885-6800
        **Co-Counsel for Defendant**

Dated: January 11, 2006

## *CERTIFICATE OF SERVICE*

The undersigned certifies that on this 11th day of January, 2006, she/he did electronically file the preceding document, constituting service on plaintiff's counsel of record.

/s   Douglas A. Kuber
Attorney for Defendant

January 11, 2006